Case 2:21-cr-00491-SB Document 1 Filed 10/19/21 Page 1 of 12 Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT

10/19/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JEFFREY FORTENBERRY,<br><br>　　　　Defendant. | CR 2:21-cr-00491-SB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1001(a)(1): Falsifying and Concealing Material Facts; 18 U.S.C. § 1001(a)(2): Making False Statements] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

A. THE FEDERAL ELECTION CAMPAIGN ACT INVESTIGATION

1.　The Federal Bureau of Investigation ("FBI") and Internal Revenue Service ("IRS") in Los Angeles and the United States Attorney's Office for the Central District of California ("USAO") were conducting a federal criminal investigation into illegal political campaign contributions made by Gilbert Chagoury, a foreign national, using other individuals as conduits, to defendant JEFFREY FORTENBERRY's 2016 congressional campaign (the "Federal Investigation") and those of other federal candidates in the United

States. The Federal Investigation also sought to uncover whether and when any politicians were aware they had received illegal foreign national or conduit contributions and whether any person sought to impermissibly influence the recipient politician in exchange for the contributions.

B. <u>RELEVANT PERSONS AND ENTITIES</u>

2. Defendant JEFFREY FORTENBERRY was the United States Representative for Nebraska's 1st congressional district, having first been elected as a U.S. Representative in 2004.

3. Gilbert Chagoury was a Nigerian-born, billionaire businessperson of Lebanese descent. As a foreign national, Chagoury was prohibited from making donations and contributions directly or indirectly in support of any candidate for federal elected office in the United States.

4. Toufic Baaklini was a United States-based businessman who served as a consultant for Chagoury and assisted Chagoury with financial dealings in the United States.

5. Individual H resided in Los Angeles. On February 20, 2016, Individual H hosted a political fundraiser for defendant FORTENBERRY in Los Angeles (the "2016 Fundraiser").

C. <u>BACKGROUND ON FEDERAL ELECTION LAW</u>

6. Under federal law, each federal campaign had to report to the Federal Election Commission ("FEC") the name and address of any individual providing a contribution of more than $50. The reports were supposed to provide transparency to the identity of donors to federal candidates for office and the amount of those donations.

7. To ensure that the donations were transparent and fell within the campaign contribution limits, individuals were not allowed

to make contributions to federal candidates for political office in the names of other people, and federal candidates were not allowed to knowingly accept such contributions.

8.  Foreign nationals were not allowed to make contributions to federal candidates for political office, and federal candidates were not allowed to knowingly accept such contributions.

9.  Defendant FORTENBERRY was familiar with the legal prohibitions against foreign and conduit contributions.

10. Defendant FORTENBERRY knew Chagoury was a foreign national.

D.  <u>FOREIGN AND CONDUIT POLITICAL CONTRIBUTIONS FROM CHAGOURY TO DEFENDANT FORTENBERRY</u>

11. In January 2016, Chagoury arranged for $30,000 of his money to be contributed through other individuals to the re-election campaign of defendant FORTENBERRY.  Baaklini provided $30,000 in cash he received from Chagoury to Individual H at a restaurant in Los Angeles, California in January 2016.  Individual H was to identify multiple individuals who would contribute the funds to defendant FORTENBERRY's campaign.  After receiving the cash from Baaklini, Individual H hosted the 2016 Fundraiser, which defendant FORTENBERRY attended.  At the 2016 Fundraiser, Individual H and individuals Individual H recruited and reimbursed, using Chagoury's cash that Individual H received from Baaklini, made campaign contributions totaling $30,200 to defendant FORTENBERRY's campaign fund.

E.  <u>THE INVESTIGATION OF FOREIGN AND CONDUIT CONTRIBUTIONS RECEIVED BY DEFENDANT FORTENBERRY FROM CHAGOURY</u>

12. As part of the Federal Investigation, the FBI, IRS, and USAO sought to determine, among other things: (a) whether defendant FORTENBERRY's congressional campaign received illegal conduit

3

contributions at the 2016 Fundraiser; (b) if and when defendant FORTENBERRY knew about any conduit contributions to his campaign at the 2016 Fundraiser; (c) whether defendant FORTENBERRY'S congressional campaign had received illegal contributions indirectly from Chagoury, a foreign national, at the 2016 Fundraiser; (d) if and when defendant FORTENBERRY knew about any illegal foreign contributions from his congressional campaign received indirectly from Chagoury at the 2016 Fundraiser; and (e) if and when defendant FORTENBERRY had any direct or indirect communication with Chagoury or Baaklini about the contributions his campaign was to and did receive at the 2016 Fundraiser.

13. In September 2016, Individual H began cooperating with law enforcement. Individual H informed the FBI of the conduit contributions Individual H and others made to defendant FORTENBERRY's campaign at the 2016 Fundraiser.

14. On or about March 19, 2018, and again on or about April 9, 2018, defendant FORTENBERRY contacted Individual H to inquire about hosting another fundraiser in 2018 in Los Angeles. On or about June 4, 2018, Individual H called defendant FORTENBERRY to discuss defendant FORTENBERRY's requests for an additional fundraiser (the "2018 Call"). In the 2018 Call, Individual H told defendant FORTENBERRY, on multiple occasions, that prior to the 2016 Fundraiser, Baaklini provided Individual H with "$30,000 cash" to give to defendant FORTENBERRY's campaign.

15. In the 2018 Call, Individual H also told defendant FORTENBERRY that:

   a. Individual H distributed the $30,000 cash to other individuals to contribute to defendant FORTENBERRY's campaign at the 2016 Fundraiser; and

   b. The $30,000 cash Baaklini gave to Individual H "probably did come from Gilbert Chagoury because he was so grateful for your support [for] the cause."

 16. Despite being told by Individual H about the illegal donations, defendant FORTENBERRY did not file an amended report with the FEC regarding the 2016 Fundraiser. Defendant FORTENBERRY also did not return or otherwise try to disgorge the contributions from the 2016 Fundraiser after learning on the 2018 Call with Individual H that they were illegal contributions. Rather, it was not until after the FBI and USAO interviewed him in July 2019 that defendant FORTENBERRY disgorged the contributions.

 17. These Introductory Allegations are incorporated into each count of this Indictment.

COUNT ONE

[18 U.S.C. § 1001(a)(1)]

A. SCHEME TO FALSIFY AND CONCEAL MATERIAL FACTS

18. From on or about June 4, 2018, to in or about July 18, 2019, affecting the Federal Investigation in the Central District of California, and within the jurisdiction of the executive branch of the government of the United States, namely, the FBI, IRS, and USAO, defendant JEFFREY FORTENBERRY knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device material facts, namely that:

   a. Defendant FORTENBERRY's congressional campaign had received illicit contributions at the 2016 Fundraiser;

   b. Defendant FORTENBERRY had become aware that his campaign received illicit contributions at the 2016 Fundraiser;

   c. Baaklini had provided $30,000 cash to Individual H for Individual H and Individual H's associates to contribute to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser;

   d. Defendant FORTENBERRY had become aware that Baaklini had provided $30,000 cash to Individual H for Individual H and Individual H's associates to contribute to defendant FORTENBERRY's congressional campaign; and

   e. Chagoury was the source of the $30,000 that Baaklini provided to Individual H for Individual H and Individual H's associates to contribute to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser.

B. OPERATION OF THE SCHEME

19. Defendant FORTENBERRY carried out the trick, scheme, and device, in substance, in the following manner:

a. During an interview on March 23, 2019, by the FBI and IRS at his residence in Lincoln, Nebraska regarding the Federal Investigation, defendant FORTENBERRY made the following false and misleading statements after being advised it was a crime to lie to the federal government:

i. To conceal the illicit conduit contributions and his knowledge of them, defendant FORTENBERRY falsely stated that he was not aware of Baaklini ever making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit contributions to a political campaign.

ii. To conceal the illicit conduit contributions and his knowledge of them, defendant FORTENBERRY falsely stated that the individuals who contributed to the 2016 Fundraiser were all publicly disclosed and that every campaign contribution that his campaign had received was publicly disclosed.

iii. To conceal the illicit foreign contributions from Chagoury and his suspicions of them, defendant FORTENBERRY misleadingly stated that he was unaware of any contributions made by foreign nationals to his campaign.

b. During an interview on July 18, 2019, by the FBI and the USAO and with his counsel present, at his counsel's office in Washington, D.C., regarding the Federal Investigation (the "July 2019 Interview"), defendant FORTENBERRY made the following false and misleading statements after being advised it was a crime to lie to the federal government:

i. To cover up that Baaklini had provided $30,000 cash to Individual H to contribute to defendant FORTENBERRY's

7

congressional campaign at the 2016 Fundraiser and defendant FORTENBERRY's knowledge of Baaklini's act, defendant FORTENBERRY falsely stated that he had not been told by Individual H during the 2018 Call that Baaklini had given Individual H $30,000 cash to help fund the 2016 Fundraiser.

  ii. To cover up the illicit foreign and conduit contributions made to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser, his knowledge of the illicit conduit contributions, and the illicit foreign contributions, defendant FORTENBERRY falsely stated that he was not aware of any illicit donation made during the 2016 Fundraiser.

  iii. To cover up the illicit foreign and conduit contributions made to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser, his knowledge of the illicit conduit contributions, and his suspicion of the illicit foreign contributions, defendant FORTENBERRY misleadingly stated he ended the 2018 Call with Individual H after Individual H made a "concerning comment" during the call.  In fact, as defendant FORTENBERRY then knew, after Individual H told him repeatedly and explicitly about illegal conduit contributions and referenced an illegal foreign national contribution, defendant FORTENBERRY continued to ask Individual H to host another fundraiser for defendant FORTENBERRY's campaign.

  iv. To conceal his knowledge of the illicit conduit contributions to his congressional campaign at the 2016 Fundraiser and that Baaklini provided $30,000 to Individual H for Individual H and Individual H's associates to contribute at the 2016 Fundraiser, defendant FORTENBERRY misleadingly stated that he would have been

"horrified" if he had learned from Individual H during the 2018 Call that Baaklini had provided Individual H money to contribute to the 2016 Fundraiser.  In fact, as defendant FORTENBERRY then knew, rather than acting horrified after Individual H told him repeatedly and explicitly about illegal conduit contributions and Baaklini providing $30,000 to Individual H and Individual H's associates to contribute at the 2016 Fundraiser, defendant FORTENBERRY continued to ask Individual H to host another fundraiser for defendant FORTENBERRY's campaign.

   c.   To conceal the illegal conduit contributions, his knowledge of them, the illegal foreign contributions by Chagoury, and his suspicions of them, at no time did defendant FORTENBERRY cause his campaign to file amended FEC reports with accurate information about the 2016 Fundraiser, including the true contributors and the amounts of their contributions.

COUNT TWO

[18 U.S.C. § 1001(a)(2)]

20. On or about March 23, 2019, in an interview affecting the Federal Investigation in the Central District of California, and in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the FBI, IRS, and USAO, defendant JEFFREY FORTENBERRY knowingly and willfully made materially false statements and representations to the FBI and IRS knowing that these statements and representations were untrue:

    a. Defendant FORTENBERRY falsely stated that he was not aware of Baaklini making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit campaign contributions. In fact, as defendant FORTENBERRY then knew, as of no later than the June 2018 call with Individual H, he was aware that Baaklini provided money to Individual H in order to make illegal conduit contributions at the 2016 Fundraiser.

    b. Defendant FORTENBERRY falsely stated that the individuals who contributed to the 2016 Fundraiser were all publicly disclosed. In fact, as defendant FORTENBERRY then knew, his campaign had never disclosed the names of individuals who were the true sources of the conduit contributions at the 2016 Fundraiser.

    c. Defendant FORTENBERRY falsely stated that every campaign contribution that he had received was publicly disclosed. In fact, as defendant FORTENBERRY then knew, his campaign had never disclosed the names of individuals who were the true sources of the conduit contributions at the 2016 Fundraiser.

COUNT THREE

[18 U.S.C. § 1001(a)(2)]

21. On or about July 18, 2019, in an interview affecting the Federal Investigation in the Central District of California, and in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the FBI, IRS-CI, and USAO, defendant JEFFREY FORTENBERRY knowingly and willfully made the following materially false statements and representations to the FBI and USAO knowing that these statements and representations were untrue:

    a. Defendant FORTENBERRY falsely stated that he had not been told by Individual H during the 2018 Call that Baaklini had given Individual H $30,000 cash to help fund the 2016 Fundraiser. In fact, as defendant FORTENBERRY then knew, during the 2018 Call, Individual H repeatedly told defendant FORTENBERRY that Baaklini had given $30,000 in cash to Individual H in order for Individual H to make contributions to defendant FORTENBERRY's 2016 congressional campaign.

    b. Defendant FORTENBERRY falsely stated that he was not aware of any illicit donation made during the 2016 Fundraiser. In fact, as defendant FORTENBERRY then knew, during the 2018 Call,

///
///
///
///
///
///

Individual H repeatedly told defendant FORTENBERRY that Individual H had arranged for and made conduit contributions to defendant FORTENBERRY's 2016 congressional campaign.

A TRUE BILL

        /S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and
Civil Rights Section

SUSAN S. HAR
Assistant United States Attorney
Public Corruption and Civil
Rights Section