# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA<br><br>            Plaintiff(s),<br><br>v.<br><br>JEFFREY FORTENBERRY<br><br>           Defendant(s). | Case No. 2:21–cr–00491–SB<br><br>**CRIMINAL STANDING ORDER**<br><br>Indictment:  10/19/21<br><br>Pretrial Conference:  December 7, 2021 at 8:00 a.m.<br><br>Trial:  12/14/21 at 8:00 a.m.<br><br>Last Day:  12/29/21 |

This case has been assigned to the calendar of Judge Stanley Blumenfeld, Jr. The Court periodically amends its Criminal Standing Order (CSO). Counsel should obtain the latest version of the CSO on the website (click hyperlink and scroll to Orders at the bottom of the page). The version date appears in the electronic file name and below the header above caption title.

<table>
<tr><td colspan="2" align="center"><b>TABLE OF CONTENTS</b></td></tr>
<tr><td>A.</td><td><b>BAIL REVIEW</b></td></tr>
<tr><td>B.</td><td><b>DISCOVERY</b></td></tr>
<tr><td>C.</td><td><b>FILING REQUIREMENTS</b></td></tr>
<tr><td>D.</td><td><b>EX PARTE APPLICATIONS</b></td></tr>
<tr><td>E.</td><td><b>MOTIONS</b></td></tr>
<tr><td>F.</td><td><b>PRETRIAL CONFERENCE</b></td></tr>
<tr><td>G.</td><td><b>TRIAL</b></td></tr>
<tr><td>H.</td><td><b>SENTENCING</b></td></tr>
</table>

## A.   BAIL REVIEW

Any bail-review request based on changed circumstances or information not previously presented to the Magistrate Judge shall first be addressed to the Magistrate Judge and shall be served on opposing counsel and Pretrial Services.

## B.   DISCOVERY

**1.   Obligations**.  Under federal law, including Fed. R. Crim. P. 5(f), *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government that is relevant to the guilt or punishment of a defendant, including, but not limited to, exculpatory evidence. Accordingly, the Court Orders the government to produce to each defendant in a timely manner all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment. This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the government's obligations under *Brady* include but are not limited to: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.

**2.   Disputes**.  Counsel shall meet with opposing counsel to resolve discovery disputes prior to filing a motion for discovery. All discovery motions shall state with particularity what is requested, the basis for the request, whether discovery has been requested, and opposing counsel's response to such request. Motions made without prior consultation with opposing counsel may not be heard.

## C.   FILING REQUIREMENTS

Counsel must follow the Central District's Local Rules and General Orders for electronic filing, unless superseded by this Order.

1.  **Caption of Pleadings**.  The title of every pleading shall contain: (**a**) *the name of the first-listed defendant* and the name(s) and number(s) of the defendant(s) to whom the pleading applies (in indictment order); (**b**) *the defendant's registration number* when applicable to the relief requested (e.g., medical or transfer request); and (**c**) *the milestone dates* (see caption above) for – Indictment, Pretrial Conference, Trial, and Last Day (of the speedy trial period).

2.  **Docketing**.  Docket an item only as to the applicable defendant(s), using a clear entry so specifying, unless the item applies to all defendants.

3.  **Format of Pleadings**.  Typeface and spacing shall comply with Local Rule 11-3.1.1, except the parties must use only *14-point Times New Roman font* (for text and footnotes).

4.  **Attachments**.  Each declaration, exhibit, or other attachment accompany a document must be filed as a separately docketed attachment to the main docket entry with a clear description (*e.g.*, Dkt. 29-1, Smith Decl.; Dkt. 29-2, Ex. 1: License Agreement).

5.  **Proposed Orders**.  Proposed orders shall state the relief sought, the defendant(s) affected, and, when relevant, the supporting rationale and authority– and must be submitted in a form that would originate from the Court. Do ***not*** include: (i) any attorney information on the caption page; (ii) any information in the footer (except pagination); or (iii) any watermark or firm designation anywhere.

6.  **Chambers Copies**.  Provide paper and electronic copies in Word format sent to <u>Chambers email</u> of: (i) all motion and related papers; (ii) proposed orders; (iii) plea agreement(s); (iv) sentencing papers; and (v) all trial documents.

**D.   EX PARTE APPLICATIONS**

1.  **Declaration**.  Ex parte applications should be filed only when necessary after the parties meet and confer and shall include a declaration specifying the meeting results and opposing counsel's position.

**2.** **Trial Continuance**.  Any request for a trial continuance shall schedule the trial on a Monday at least 10 calendar days before the last day of the speedy trial period and specify the "Last Day" of that period under the caption title.

**3.** **Supervision-Related Relief**.  Whenever supervision-related relief is requested (e.g., a travel/transfer request), the applicant must obtain and submit a separate writing from Probation & Pretrial Services stating their position and any proposed conditions. A travel application for a defendant who has been appointed counsel also must state the source of payment for all travel expenses.

**E.** **MOTIONS**

**1.** **Hearings**.  Hearings on criminal motions are on Tuesdays at 8:00 a.m. Include a time estimate below the hearing date on the face page of the motion for any hearing expected to last 30+ minutes. Meet and confer before filing a motion and describe the resolution efforts in the notice of motion. Notify the Court of any resolution occurring after filing a motion no later than 7 days before the hearing.

**2.** **Length and Format**.  The maximum memorandum length is *25 pages* for supporting or opposing papers and *15 pages* for reply papers−using 14-point Times New Roman font only.

**3.** **Pretrial Motions**.  For all pretrial motions, file: (a) the motion *three* weeks prior to the hearing; (b) the opposition/non-opposition *two* weeks prior to the hearing; and (c) the reply *one* week prior to the hearing.

**4.** **Motions in Limine (MILs)**.  MILs are heard at the Pretrial Conference (PTC) and require the filing of a Joint MIL (JMIL) and declaration of the meet and confer. Failure to cooperate and comply with the procedures below may result in sanctions.

a.   Meet and Confer.  Before filing a MIL, the moving party shall send a letter identifying the evidence to be excluded, the specific terms of the order sought, and the rationale and supporting authority. Counsel shall meet within five

1   calendar days of the letter. If unable to resolve the issue(s), counsel shall file a

2   JMIL consisting of: (a) the moving party's one-sentence statement in bold of the

3   evidence to be excluded and the anticipated prejudice; and (b) each party's

4   contentions set forth below a separate underlined heading for each (identifying the

5   moving party, the opposing party, and the moving party in reply).

6           b.      Briefing Schedule.  (i) The moving party's portion of the JMIL

7   is due *15 days* prior to the PTC; (ii) the opposing party's portion of the JMIL is due

8   *10 days* prior to the PTC; and (iii) the moving party replies and files and serves the

9   entire JMIL *5 days* prior to the PTC.

10          c.      Page Limits.  *Five pages* for the moving portion; *five pages* for

11  the opposing portion; and *three pages* for the reply portion.

12

13  **F.    PRETRIAL CONFERENCE (PTC)**

14          The parties are to appear for the PTC on Tuesday at 8:00 a.m. the week prior

15  to the trial date.

16      **1.    PTC Filings**.  At least *five days before* the PTC (i.e., the prior

17  Thursday), the parties must submit the documents described below in (a) electronic

18  form in Word format sent to Chambers email and (b) joint binders.

19      **2.    Joint Binders**.  The binders must have a cover sheet and spine labels

20  with the case name, party, and volume number, a table of contents, and tab dividers

21  on the right separating the contents. A binder with more than 200 pages must be

22  placed in a Slant D-Ring binder. The joint binders shall include:

23          a.      Indictment/Information.  The government shall provide a

24  copy of the operative charging document.

25          b.      Trial Memo.  The government shall provide: (a) a fact

26  summary; (b) a statement of the elements of each charge and enhancement;

27  (c) a time estimate of the government's case; and (d) the applicable legal and

28  evidentiary issues. The government shall specify, after a meet and confer,

1   whether the parties agree or disagree on matters (a) – (d).

2          c.   <u>Joint Case Statement</u>.  The parties shall file a short joint

3   statement of the case that will be read to the jury panel.

4          d.   <u>Witness List</u>.  The government shall identify all potential

5   witnesses, using full names–including middle names and dates of birth for

6   common names–listed in alphabetical order by surname. Use bold font to

7   identify the witnesses the government likely will call. The witness list should

8   include all potential witnesses, as it will be read to the jury panel. If the

9   defense objects to identifying a potential witness (not already on the list), the

10  objection must be raised (ex parte if necessary) at the PTC.

11         e.   <u>Exhibit List</u>.  The government shall provide a copy of the

12  exhibit list (numbered "1, 2, 3 . . .," not "1.1, 1.2, 1.3 . . ."). The list should

13  include defense exhibits to the extent the defense does not object to disclosure.

14         f.   <u>Jury Instructions</u>.  Comply with the rules below.

15         (1)   *Ninth Circuit Instructions*.  Use the current edition of

16  the Manual of Model Criminal Jury Instructions for the Ninth Circuit for all

17  available instructions and otherwise the instructions from the current edition of

18  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions. Submit

19  alternatives to instructions in these two sets *only if* counsel has a reasoned

20  argument that those instructions are incomplete or inaccurate. Each requested

21  instruction shall be numbered and set forth in full on a separate page, citing the

22  authority or source of the requested instruction.

23         (2)   *Joint Instructions*.  Meet and confer to provide joint

24  instructions. For any disputed instruction, the opponent shall state on a separate

25  page following the disputed instruction: (a) the basis for the objection; (b)

26  authority supporting the objection; and (c) an alternative instruction (if

27  applicable). On the following page, the proponent shall briefly respond to the

28  objection with supporting authority.

(3)   *No Blanks/Brackets*.  Do not leave blacks or inapplicable bracketed text in any instruction. It is counsel's duty to conform the instructions to the case (*e.g.*, inserting names of defendant(s) or witness(es) to whom the instruction applies and selecting the appropriate bracketed text).

(4)   *Index*.  An index shall accompany the jury instructions with: (i) the number of the instruction; (ii) a brief title of the instruction; (iii) the source of the instruction; and (iv) the page number of the instruction. <u>Example</u>:

| **Number** | **Title** | **Source** | **Page #** |
|---|---|---|---|
| #1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

(5)   *"Clean" Electronic Copy*.  Counsel shall submit to the <u>Chambers email</u> a "clean" set of all instructions in Word format that will be given to the jury, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. __" (eliminating titles, authority . . .).

g.   <u>Verdict Form</u>.  Submit a proposed joint verdict form.

h.   <u>Voir Dire</u>.  Submit any proposed questions for the jury panel.

i.   <u>Motions in Limine</u>.  Submit any MILs (*see* Section E(4) *supra*).

## G.   TRIAL

**1.   <u>Trial Schedule</u>**.  The schedule for the first day of trial is 8:30 a.m. to 4:30 p.m. with an hour lunch break. After the first day of trial, trial days are Monday through Thursday from 8:30 a.m. to approximately 2:00 p.m. with two twenty-minute breaks. The schedule is subject to change.

**2.   <u>Trial Documents</u>**.  On the first day of trial, counsel shall present the CRD with the documents below.

a.   <u>Exhibit List</u>.  Three copies of the government's exhibit list in the form specified in Local Rule 16-6.1 (Civil). A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. All counsel shall

1    review and approve the list with the CRD before it is given to the jury.

2             b.    Witness List.  Three copies of the government's witness list in

3    the form specified in Local Rule 16-5 (Civil).

4             c.    Exhibits.  *Government exhibits* with completed official exhibit

5    tags (see website for official tags) bearing the same number shown on the exhibit

6    list. An enlargement of an existing exhibit shall use the original exhibit number

7    followed by an "A." Include two exhibit binders–a court and witness binder that

8    contains all exhibits tabbed with the exhibit number. *Defense exhibits* (unless

9    counsel objects at the PTC) with completed official exhibit tags, using exhibit

10   numbers that do not duplicate government exhibit numbers, placed in three tabbed

11   binders (two for the Court and one for witnesses) if there are more than 20 exhibits.

12   *Custodial exhibits* (e.g., firearms or narcotics) must remain in law enforcement

13   custody, produced when needed and otherwise secured–and the U.S. Marshals

14   Service shall be advised well in advance if weapons or contraband are to be

15   brought into the courthouse. *Exhibit Numbers*. Each party shall be assigned a 100-

16   block of numbers, starting with the government and following with each defendant

17   in indictment order (e.g., Government, 100- Defendant 1, 200-299; Defendant

18   2, 300-399, etc.). If a party has more than 100 exhibits, the parties are to meet and

19   propose a numbering scheme, using a block system, in the PTC filings.

20            d.    Defense Lists.  Defense counsel shall submit the defense

21   witness and exhibit lists at the start of the defense case (if not previously done) in

22   (i) electronic form by email of Word document(s) to Chambers address and (ii)

23   hard-copy form to the CRD and the court reporter.

24        **3.    Trial Procedures**.  All counsel, parties, witnesses, court staff, and

25   members of the public must adhere to the trial procedures described below.

26            a.    Food, Beverage, Cell Phone.  No food or beverage other than

27   water is permitted in the courtroom. No cell phone is permitted in the courtroom

28   unless it is turned off; and it may be confiscated if it interrupts the proceedings.

1      b.   <u>Timeliness</u>.  The parties and their counsel are ordered to be on

2   time. The Court requires strict compliance with this order.

3      c.   <u>Communication</u>.  All remarks at trial shall be addressed to the

4   Court. Counsel shall not directly address the CRD, the court reporter, or opposing

5   counsel without court permission; and all requests to read back questions/answers

6   or to place an exhibit before a witness shall be addressed to the Court. Counsel

7   shall avoid having a conversation with anyone inside or outside the courtroom that

8   may be overheard by a juror or prospective juror and shall admonish their clients

9   and witnesses to comply with this order.

10      d.   <u>Movement</u>.  Counsel shall *rise* when addressing the Court and

11   when the jury enters or leaves the courtroom. Counsel shall *remain at the lectern*

12   when questioning a witness or giving an opening statement or closing argument.

13   Counsel shall not approach the witness or enter the well without court permission

14   and shall return to the lectern when the permitted purpose has been accomplished.

15   Counsel shall *not leave counsel table* to confer with investigators, witnesses, or

16   others while court is in session without court permission.

17      e.   <u>Objections</u>.  No "speaking objections" are allowed. Rise and

18   state only the legal grounds of the objection (e.g., "Objection, hearsay"). If the

19   Court invites counsel to clarify the grounds for objection, do not abuse the

20   invitation by arguing the objection before the jury.

21      f.   <u>Sidebars</u>.  Sidebar conferences are generally not permitted at the

22   request of counsel for evidentiary objections. The Court does not make jurors wait

23   to address issues that could have been anticipated. Counsel should anticipate

24   significant issues and schedule a hearing when the jury is not waiting–e.g., before

25   the jurors arrive or after they leave for the day–and may submit short briefs.

26      g.   <u>Exhibits</u>.  No exhibit shall be placed before a witness unless a

27   copy has been provided to the Court and opposing counsel. Nor shall any exhibit

28   be displayed to the jury unless previously admitted or agreed upon by all counsel.

1   Once approved, an exhibit may be published by electronic projection, not by

2   handing it to the jurors. Each counsel should maintain an exhibit list that notes

3   when an exhibit has been admitted into evidence and shall return any exhibit to the

4   CRD before leaving the courtroom at the end of the session.

5           h.    <u>Stipulations</u>.  Counsel should not offer a stipulation without

6   having reached agreement with opposing counsel about its precise terms and

7   without it having been fully explained to the defendant(s). Any stipulation of fact

8   requires the defendant's personal agreement and shall be submitted to the Court in

9   writing for approval.

10          i.    <u>Witnesses</u>.  Counsel shall also comply with the rules below.

11          (1)  *Available Witnesses*.  Counsel shall have witnesses

12  available throughout the court day or risk being deemed to have rested.

13          (2)  *Recess*.  After a recess or adjournment, counsel shall

14  ensure that his or her witness returns to the stand before trial resumes.

15          (3)  *One Lawyer*.  For each witness, a party may only have

16  one lawyer who examines, and handles objections for, the witness.

17          (4)  *Full Names*.  During trial, counsel shall not refer to any

18  witness over 18 years of age–including a client–by first name.

19          (5)  *Experts*.  The parties should cooperate in responding to

20  reasonable, legitimate, and nonstrategic requests to call an expert out of sequence.

21  Any accommodation dispute should be raised at the PTC (if possible).

22          (6)  *Special Needs*.  Counsel must notify the CRD in advance

23  if a witness requires an interpreter or an accommodation under the Americans with

24  Disabilities Act (or for any other reason).

25          (7)  *Professionalism*.  Counsel shall not show agreement or

26  disagreement with witness testimony by comment, facial expression, or otherwise

27  and shall admonish clients, family, and friends to comply with this order.

28  ///

1         j.   <u>Courtroom Technology</u>.  Any party intending to use courtroom

2   technology during trial must review the information on Courtroom Technology on

3   the Court <u>website</u> and must become familiar with all necessary equipment before

4   trial. The Court will not delay the trial for technology issues that could have been

5   avoided through reasonable planning; and the parties, in any event, should have a

6   back-up plan. Any party intending to use equipment not regularly in the courtroom

7   must notify the CRD at least one week before trial and obtain approval.

8         k.   <u>Court Reporting Services</u>.  Any party requesting special court

9   reporter services shall notify the reporter as least two weeks before the service date.

10  Please review the Court's <u>website</u> on Court Reporting Services for relevant

11  information. The parties shall cooperate with the court reporter in providing

12  spellings as necessary.

13  **H.    SENTENCING**

14      **1.    Original Sentencing**.  Once set, the sentencing hearing shall not be

15  continued absent a detailed, substantial showing of good cause. No later than 14

16  days before the hearing, each party shall submit either a sentencing memorandum

17  or a written notice of intent not to file one. The Court generally does not consider

18  sentencing videos, but if one is presented, counsel must justify its submission, limit

19  the video to less than 10 minutes, and provide a transcript. The Court does not

20  permit sentencing documents to be filed under seal except as strictly necessary and

21  justified. When necessary, a sentencing document may be filed under seal along

22  with a redacted version that deletes the confidential information and that justifies

23  each deletion (e.g., "medical information").

24  ///

25  ///

26  ///

27  ///

28  ///

1    **2.** **Supervision Violation**.  Any material submitted for a hearing on an

2   alleged or adjudicated violation of supervision shall be filed, when possible, seven

3   days before the hearing and otherwise no later than two court days (absent a

4   showing of good cause set forth in a supporting declaration).

5

6

7   Dated:  October 25, 2021

8                                                    Stanley Blumenfeld, Jr.
                                                     United States District Court Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28