TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorney
Public Corruption & Civil Rights Section
  1500 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-2091/3289
  Facsimile: (213) 894-0141
  E-mail:  mack.jenkins@usdoj.gov
       susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00491-SB |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING SENSITIVE AND PERSONAL IDENTIFYING INFORMATION AND COOPERATING WITNESS INFORMATION |
| v. | |
| JEFFREY FORTENBERRY, | |
| Defendant. | PROPOSED ORDER FILED SEPARATELY |
| | Indictment: 10/19/2021<br>Pretrial Conference: 12/7/2021 at 8:00 a.m.<br>Trial: 12/14/2021 at 8:00 a.m.<br>Last Day: 12/29/2021 |

   Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins and Susan S. Har, and defendant JEFFREY FORTENBERRY ("defendant"), by and through his counsel of record, John Littrell

(collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) sensitive information and personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), and (2) information related to confidential informant(s) and/or cooperating witness(es) who may testify at trial.

<u>Introduction and Grounds for Protective Order</u>

1. Defendant is charged in this matter with violations of 18 U.S.C. § 1001(a)(1) (Scheme to Falsify and Conceal Material Facts), and 18 U.S.C. § 1001(a)(2) (Making False Statements). Defendant is released on bond pending trial.

2. A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3. A protective order is also necessary because the discovery includes evidence related to sensitive and ongoing investigations, including those related to public officials. Accordingly, great care must be taken to ensure such discovery is used only for permissible purposes necessary to fairly litigate this case. The government also intends to produce to the defense materials containing third parties' PII. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII makes up a significant part of the

discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

<u>Definitions</u>

5. The parties agree to the following definitions:

a. "Cooperator Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

b. "Sensitive Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number, and other information that is sensitive in nature, such that if it were disclosed in the public domain it could unnecessarily cause personal, business, or legal harm.

c. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys with an attorney-client relationship with

defendant who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does <u>not</u> include defendant, defendant's family members, or any other associates of defendant.

<u>Terms of the Protective Order</u>

6.      The parties jointly request the Court enter the Protective Order, which will permit the government to produce Cooperator Materials and Sensitive Materials in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

    a.      The government is authorized to provide defense counsel with Cooperator Materials and Sensitive Materials marked with the following legend (or substantially similar legend) for Cooperator Materials and Sensitive Materials, respectively: "SUBJECT TO PROTECTIVE ORDER – Cooperator Material" and "SUBJECT TO PROTECTIVE ORDER – Sensitive Material."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Cooperator Materials or Sensitive Materials.

    b.      If defendant objects to a designation that material contains Cooperator Materials or Sensitive Materials, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

    c.      Defendant and the Defense Team agree to use the Cooperator Materials and Sensitive Materials solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

        d.      The Defense Team shall not permit anyone other than the Defense Team to have possession of Cooperator Materials, including defendant, while outside the presence of the Defense Team.  Defendant may see and review Cooperator Materials only in the presence of the Defense Team, and the Defense Team shall ensure that defendant is never left alone with any Cooperator Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view Cooperator Materials, defendant must return any Cooperator Materials to the Defense Team, who shall take all such materials with counsel.  Defendant may not take any Cooperator Materials out of the room in which defendant is meeting with the Defense Team.  At no time, under no circumstance, will any Cooperator Materials be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

        e.      Defendant may see and review Cooperator Materials as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Cooperator Material in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Cooperator Materials.

        f.      The Defense Team may review Cooperator Materials and Sensitive Materials with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present if Cooperator Materials and Sensitive Materials is being shown to a witness or potential witness.  Before being shown any portion of Cooperator Materials and Sensitive Materials, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Cooperator Materials and Sensitive Materials or any notes generated from Cooperator Materials and Sensitive Materials.

        g.      The Defense Team shall maintain Cooperator Materials and Sensitive Materials safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above,

to see Cooperator Materials and Sensitive Materials; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Cooperator Materials and Sensitive Materials; and (3) not permitting Cooperator Materials and Sensitive Materials to be outside the Defense Team's offices, homes, vehicles, or personal presence.  Cooperator Materials and Sensitive Materials shall not be left unattended in any vehicle.

    h. To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Cooperator Materials and Sensitive Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Cooperator Materials and Sensitive Materials subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

    i. The Defense Team shall use Cooperator Materials and Sensitive Materials only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

    j. In the event that a party needs to file Cooperator Materials and Sensitive Materials with the Court or divulge the contents of Cooperator Materials and Sensitive Materials in court filings, defendant shall either (1) make the filing under seal and note it is pursuant to the Protective Order or (2) before filing, provide advance written notice to the government of defendant's intent to publicly file Cooperator Materials or Sensitive Materials to afford the government an opportunity to object or otherwise respond to such intention.  The parties shall attempt to reach an agreement and make all reasonable attempts to limit the divulging of Cooperator Materials or Sensitive Materials by redaction.  If the parties cannot reach an agreement regarding the proposed filing, the government may apply to the Court to have the filing redacted or sealed before it is filed.

k. The parties agree that any Cooperator Materials and Sensitive Materials inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Cooperator Materials or Sensitive Materials was inadvertently produced prior to entry of the Protective Order without being marked "SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

l. Upon the final disposition of this case, Cooperator Materials and Sensitive Materials shall not be used by the Defense Team, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by the Court. Upon request by the government, within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Cooperator Materials and Sensitive Materials to the government or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

m. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Cooperator Materials and Sensitive Materials to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California

Business and Professions Code and the California Rules of Professional Conduct all Cooperator Materials and Sensitive Materials.

        n.      Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

        o.      Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

7.    Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: October 27, 2021

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/ *Susan Har*
MACK E. JENKINS
SUSAN S. HAR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: October 27, 2021

  /s/ *per email authorization*
JOHN LITTRELL
Attorney for Defendant
JEFRREY FORTENBERRY