**Exhibit C**

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
ARON KETCHEL (Cal. Bar No. 250345)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/1019
     Facsimile: (213) 894-7631
     E-mail: mack.jenkins@usdoj.gov
             aron.ketchel@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

<u>NON-PROSECUTION
AGREEMENT OF RAY LAHOOD</u>

**I.   INTRODUCTION**

1.  This Non-Prosecution Agreement (the "NPA") is entered into between the United States Attorney's Office for the Central District of California ("USAO") and Ray LaHood ("LaHood"). This NPA is limited to the USAO and cannot bind any other federal, state, local or foreign prosecuting, enforcement, administrative, or regulatory authorities.

2.  This NPA is entered into to resolve the USAO's criminal investigation of LaHood's role and conduct relating to a $50,000 financial transaction between LaHood and Toufic Baaklini in or around June 2012, which includes, but is not limited to, LaHood's failure to include this information in his Office of Government

## EXHIBIT A: STATEMENT OF FACTS

LaHood states and agrees that the following facts are true and correct and could be proven beyond a reasonable doubt:

1. From on or about January 23, 2009, until on or about July 1, 2013, LaHood served as the United States Secretary of Transportation.

2. In July 2009, LaHood served as a keynote speaker at the Annual Maronite Convention in Los Angeles, California (the "Convention").

3. Individual A, a priest, was also in attendance at the Convention. During the Convention, Individual A invited LaHood to a private gathering at the California home of Gilbert Chagoury ("Chagoury"), a wealthy international businessman. Chagoury is a foreign national and not a citizen of the United States. At the gathering, LaHood met Chagoury and also met Toufic Baaklini ("Baaklini"), who served as one of Chagoury's representatives in the United States.

4. In 2011 and 2012, LaHood was suffering significant financial difficulties in part due to problems from home remediation and sought funds to conduct home repairs. LaHood met with Individual A in May 2012 to request that Individual A refer LaHood to an individual who would provide LaHood with a $50,000 loan to help LaHood cover his home repair costs. At their meeting, Individual A suggested to LaHood that Individual A would call Chagoury to ask him to provide a loan to LaHood.

5. Approximately two days after their meeting, Individual A called LaHood by telephone and told him that he had secured a source of funds for LaHood. Individual A told LaHood that upon Individual

A's request, Baaklini would facilitate the loan to LaHood of $50,000. Individual A instructed LaHood to call Baaklini to discuss the terms of the loan. Baaklini told LaHood that because of Individual A's request, he was prepared to provide LaHood with a loan for $50,000 and that he had consulted a lawyer who advised that a loan to a public official like Mr. LaHood could be permissible.

6. On June 1, 2012, Baaklini and LaHood met in Washington, D.C. and Baaklini provided LaHood with a personal check for $50,000 (the "$50,000 Check"). In the Memo portion of the check, Baaklini wrote "Loan."

7. Although it was not expressly discussed with Baaklini, based on the circumstances of LaHood seeking these funds, LaHood understood that Chagoury provided Baaklini with the funds for the $50,000 Check for LaHood.

8. LaHood negotiated the $50,000 Check and used the funds for home repairs.

9. During his tenure as the United States Secretary of Transportation, Mr. LaHood was obligated on an annual basis to submit an Executive Branch Personnel Public Financial Disclosure Report (OGE Form 278) to the United States Office of Government Ethics (OGE). According to the OGE, the OGE Form 278 was designed to ensure transparency for Executive Branch Personnel. Specifically, the OGE website notes that:

> Transparency is a critical part of government ethics, and Congress has determined that the citizens should know their leaders' financial interests. To facilitate such transparency, Congress enacted the financial disclosure provisions of the Ethics in Government Act. The Act imposes detailed requirements for public financial disclosure by senior United States Government officials.

10. Among other financial disclosures, Form 278 requires the filer to disclose any liabilities over $10,000 owed to any one creditor at any time during the reporting period. Form 278 further requires the filer to certify by signature that "the statements I have made on this form and all attached schedules are true, complete and correct to the best of my knowledge."

11. LaHood knew that he was required to disclose the $50,000 Check on his annual Form 278.

12. On May 15, 2013, Mr. LaHood submitted his Form 278 for the calendar year 2012 (the "2012 Form 278"). LaHood reported various liabilities owed on his 2012 Form 278. However, LaHood willfully did not disclose the $50,000 Check on the 2012 Form 278. Further LaHood falsely certified that the information contained on the 2012 Form 278 was complete and correct; LaHood knew this certification to be false because he willfully failed to disclose the $50,000 Check.

13. Following the completion of his tenure as United States Secretary of Transportation in July 2013, Mr. LaHood was required to submit a final Form 278 for the period of 2013 during which he served as a member of the Executive Branch. Accordingly, on July 29, 2013, Mr. LaHood submitted a Form 278 for the reporting period from January 1, 2013, through his termination date of July 1, 2013 (the "2013 Form 278"). LaHood reported various liabilities owed on his 2013 Form 278. However, LaHood willfully again did not disclose the $50,000 Check on the 2013 Form 278. Further, LaHood falsely certified that the information contained on the 2013 Form 278 was complete and correct; Mr. LaHood knew this certification to be false because he willfully failed to disclose the $50,000 Check.

14. LaHood failed to disclose the $50,000 Check in his 2012 Form 278 and his 2013 Form 278 because he had reason to believe that Chagoury was the ultimate source of the $50,000 Check and because he did not want publicly to be associated with this Chagoury who, in 2009, was reported to have been on the U.S. "No Fly List."

15. In June 2017, FBI Special Agents interviewed LaHood. LaHood initially denied receiving a loan from Baaklini. After he was shown a copy of the $50,000 Check, LaHood acknowledged receiving the $50,000 Check from Baaklini. LaHood stated that he received the money from Baaklini as a loan but could not recall any terms of the loan. LaHood acknowledged that he had not repaid Baaklini any amount of the money and Baaklini had not asked to be repaid in the five years since Baaklini provided the $50,000 Check. In addition, LaHood did not inform the agents that he understood that Chagoury was the source of all the funds for the $50,000 Check.

_____    12/4/19
RAY LAHOOD                         Date

4