1  John L. Littrell, State Bar No. 221601
   jlittrell@bklwlaw.com
2  Ryan V. Fraser, State Bar No. 272196
3  rfraser@bklwlaw.com
   BIENERT KATZMAN
4  LITTRELL WILLIAMS LLP
5  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
6  Telephone: (949) 369-3700
7  Facsimile: (949) 369-3701

*Attorneys for Defendant*
*Hon. Jeffrey Lane Fortenberry*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>*Defendant*. | Case No. 2:21-cr-00491-SB<br>Hon. Stanley Blumenfeld, Jr.<br><br>**HON. JEFFREY LANE FORTENBERRY'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT ONE OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE**<br><br>Hearing Date: December 7, 2021<br>Hearing Time: 8:00 a.m.<br>Time Estimate: 10 minutes<br><br>Indictment: October 19, 2021<br>Pretrial Conference: December 7, 2021<br>Trial: December 14, 2021<br>Last Day: December 29, 2021 |

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the above date and time, in the courtroom of the Honorable Stanley Blumenfeld, Jr., United States District Court Judge, located at 350 West 1st Street, Los Angeles, California 90012, Courtroom 6C, by and through his attorneys of record, the Honorable Jeffrey Lane Fortenberry will move, and hereby does move, to dismiss Count One of the indictment for failing to state an offense, in that Count One fails to allege a duty to disclose, as required for liability under 18 U.S.C. § 1001(a)(1). This motion is based on this Notice, the Memorandum of Points and Authorities concurrently filed herewith, the files and records in this case, and any evidence and argument that may be presented at the hearing on this matter.

On November 8, 2021, defense counsel met and conferred with government counsel by phone concerning this issue, but the opposing sides were unable to resolve their differences.

Date:  November 9, 2021

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

By: _____
Ryan V. Fraser
John L. Littrell
*Attorneys for Hon. Jeffrey Lane Fortenberry*

HON. JEFFREY LANE FORTENBERRY'S MOTION TO DISMISS COUNT ONE
FOR FAILURE TO STATE AN OFFENSE

### MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

All three counts of the indictment against nine-term United States Representative Jeffrey Fortenberry dubiously assume he had a duty to accept as fact the assertions that the government conveyed to him in equivocal phrasing through its informant during a 2018 phone call. *See* Indictment, Dkt. No. 1, at ¶ 14 (describing "the '2018 Call'").

This creates special problems for Count One, which charges Congressman Fortenberry with violating 18 U.S.C. § 1001(a)(1) by employing a "trick, scheme, or device" to falsify, conceal, or cover up a material fact.[1] Dkt. No. 1 at 6.

Section 1001(a)(1) requires that the defendant had a duty to disclose the material facts alleged to have been concealed. *See United States v. White Eagle*, 721 F.3d 1108, 1116 (9th Cir. 2013). And the indictment in this case fails to allege that Congressman Fortenberry had a duty to disclose the facts allegedly concealed as the basis for Count One.

Count One therefore fails to state a § 1001(a)(1) offense, which means it must be dismissed. *See* Fed. R. Crim. P. 12(b)(3)(B)(v) ("failure to state an offense" as indictment defect subject to attack by pretrial motion); *United States v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005) ("failure to recite an essential element of the charged offense . . . is a fatal flaw requiring dismissal of the indictment").

### II.   RELEVANT FACTS

In 2016, the government was investigating contributions made by Gilbert Chagoury, a foreign national, using other individuals as conduits, to Congressman Fortenberry's 2016 congressional campaign, among other political campaigns. The government was allegedly concerned with whether Congressman Fortenberry was aware of the illegal foreign contributions, and whether any person sought to impermissibly influence him in exchange for them. Dkt. No. 1 at ¶ 1. The government does not allege

---

[1] Except as otherwise specified, all references to statutes by their section number refer to title 18 of the United States Code.

that Congressman Fortenberry *knew* about the illegal contributions at the time they were made in 2016, and it did not charge the Congressman with any substantive offense related to those contributions.[2]

Nearly two years later, in June 2018, the government directed its informant to call Congressman Fortenberry and *tell him* about the illicit campaign contributions. The informant did as instructed. During an approximately ten-minute phone call covering multiple subjects, the informant told Congressman Fortenberry that Toufic Baaklini provided the informant with $30,000 cash, "*probably*" from Gilbert Chagoury, to give to Congressman Fortenberry's campaign. *See id*. at ¶¶ 14, 15 (emphasis added).

In March 2019, government agents interrogated Congressman Fortenberry in his home. He said that he was unaware of illegal campaign contributions, and that every contribution was publicly disclosed. *Id*. at ¶ 19(a)(i)-(iii); *id*. at ¶ 20 (Count Two).

In July 2019, Assistant United States Attorney Mack Jenkins questioned Congressman Fortenberry himself. The Congressman said that he was unaware of any illicit donations in 2016, that he had not been told of illegal contributions by the informant, that he ended a 2018 call with the informant after the informant made a concerning comment, and that he would have been "horrified" if he learned illegal campaign contributions were made. *Id*. at ¶ 19(b)(i)-(iv); *id*. at ¶ 21 (Count Three).

The government's theory of the case is that Congressman Fortenberry committed two crimes. In Counts Two and Three, the government alleges that he made affirmative false statements to the government in violation of § 1001(a)(2). *See* Dkt. No. 1 at ¶¶ 20–21. For those offenses, the government must prove that Congressman Fortenberry's statements were false. *See* § 1001(a)(2). This motion concerns only Count One, in which the government alleges that Congressman Fortenberry engaged in a scheme to

---

[2] The $30,200 in alleged illegal conduit contributions represents approximately 3.7% of the total money Congressman Fortenberry raised for his 2016 campaign. *See* Federal Election Commission 2016 Financial Summary for Honorable Jeffrey L. Fortenberry, *available at* https://www.fec.gov/data/candidate/H4NE01064/?cycle=2016 (last visited Nov. 9, 2021).

falsify and conceal material facts in violation of § 1001(a)(1). *Id*. at ¶¶ 18–19. To be guilty of *concealing* a material fact, Congressman Fortenberry must have had a duty to report that fact. *White Eagle*, 721 F.3d at 1116. This was an additional element that the government was required to allege in the indictment. *See United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (confirming that "'[i]mplied, necessary elements, not present in the statutory language, must be included in an indictment,'" and holding that review for compliance with that rule is not amenable to harmlessness analysis).

Parroting the language of the statute, Count One alleges that Congressman Fortenberry "falsified, concealed, and covered up" five material facts: that (a) Congressman Fortenberry's campaign had "received illicit contributions at the 2016 fundraiser; (b) Congressman Fortenberry had "become aware" of that fact; (c) Toufic Baaklini had provided $30,000 cash to Individual H for Individual H and Individual H's associates to contribute to Congressman Fortenberry's campaign at the 2016 fundraiser; (d) Congressman Fortenberry had "become aware" of that fact; and (e) Gilbert Chagoury was the source of the money. Dkt. No. 1 at ¶ 18(a)-(e). But, critically, the indictment does not allege that Congressman Fortenberry had any duty to volunteer any of those facts to the government.

To be sure, the indictment does allege that "each federal campaign had to report to the Federal Election Commission the name and address of any individual providing a contribution of more than $50." Dkt. No. 1 at ¶ 6. But this bare statement is not sufficient to allege that Congressman Fortenberry had an *individual duty* to disclose any of the five material facts the government contends he allegedly concealed. Further, the government alleges that Congressman Fortenberry's failure to "cause his campaign to file amended FEC reports" was an effort to conceal the foreign contributions and "his suspicions of them." *Id*. at ¶ 19(c). But without a *corresponding individual duty to disclose* those alleged contributions and his alleged suspicions of them, this allegation cannot support a conviction for concealment under § 1001(a)(1).

## III. ARGUMENT

The Fifth Amendment requires that an indictment plead each element of each charge. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell v. United States*, 369 U.S. 749, 771 (1962). Duty to disclose is an element of the § 1001(a)(1) concealment offense charged in Count One. *See White Eagle*, 721 F.3d at 1116.

In *White Eagle*, the defendant's § 1001(a)(1) conviction was reversed because, even though she had made an incomplete and misleading report to a government investigator when omitting her awareness of a fraud scheme, no "specific question[]," regulation, or law imposed on her a specific duty to report the material facts concealed. *Id.* at 1117. This was so despite 5 C.F.R. § 2635.101(b)(11), which obligated the defendant as a public employee to "disclose waste, fraud, abuse, and corruption to appropriate authorities." *Id.* at 1116. The regulation did not give rise to the required duty to disclose the facts concealed because it did "not provide specifics on what kind of information should be reported or to whom," and because "it [did not] discuss criminal liability for failure to abide by its provisions." *Id.* at 1118.

Here, while paragraph 6 of the indictment alleges that federal election law requires that a campaign report to the FEC by name and address "any individual providing a contribution of more than $50," the indictment fails to allege that the 2018 Call, or any other particular event, triggered a duty belonging to Congressman Fortenberry to make or amend an FEC report. Nor does the indictment identify any "specific questions" asked of Congressman Fortenberry to trigger a duty to report. The indictment wholly fails to allege, even in conclusory terms, a duty to disclose those facts.

///

///

///

///

///

## IV. CONCLUSION

Because an individual duty to disclose is an element of the § 1001(a)(1) concealment offense, *e.g.*, *White Eagle*, 721 F.3d at 1116, the grand jury failed to find probable cause of each necessary element of Count One. Count One must be dismissed. *See Omer*, 395 F.3d at 1089 ("failure to recite an essential element of the charged offense . . . is a fatal flaw requiring dismissal of the indictment").

Date: November 9, 2021

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

By: /s/ Ryan V. Fraser
Ryan V. Fraser
John L. Littrell
*Attorneys for Hon. Jeffrey Lane Fortenberry*