1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   MACK E. JENKINS (Cal. Bar No. 242101)
4  Assistant United States Attorney
   Chief, Public Corruption & Civil Rights Section
5  SUSAN S. HAR (Cal. Bar No. 301924)
   Assistant United States Attorney
6  Public Corruption & Civil Rights Section
        1500 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone:     (213) 894-2091/3289
        Facsimile:     (213) 894-0141
9       E-mail:        mack.jenkins@usdoj.gov
                       susan.har@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12              UNITED STATES DISTRICT COURT

13        FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        Case No. 2:21-cr-00491-SB

15            Plaintiff,            STIPULATION REGARDING REQUEST
                                    FOR (1) CONTINUANCE OF TRIAL
16       v.                         DATE AND (2) FINDINGS OF
                                    EXCLUDABLE TIME PERIODS
17 JEFFREY FORTENBERRY,             PURSUANT TO SPEEDY TRIAL ACT

18            Defendant.            Current Schedule:
                                    Indictment: 10/19/2021
19                                  Pretrial Conference: 12/7/2021 at 8 a.m.
                                    Trial: 12/14/2021 at 8:30 a.m.
20                                  Last Day: 12/29/2021

21                                  Proposed Schedule:
                                    Proposed Pretrial Conference: 2/8/2022 at
22                                  8 a.m.
                                    Trial: 2/15/2022 at 8:30 a.m.
23                                  Last Day: 3/2/2022

24

25        Plaintiff, United States of America, by and through its counsel of record, the

26 Acting United States Attorney for the Central District of California and Assistant

27 United States Attorneys Mack E. Jenkins and Susan S. Har, and defendant JEFFREY

28

FORTENBERRY ("defendant"), by and through his counsel of record, John Littrell and Ryan Fraser, hereby stipulate as follows:

1.      The Indictment in this case was filed on October 19, 2021.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 20, 2021.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 29, 2021.

2.      On October 20, 2021, the Court set a trial date of December 14, 2021 and a final pretrial conference date of December 7, 2021.

3.      Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately 2-3 days.

4.      By this stipulation, defendant moves to continue the trial date to February 15, 2022 and the final pretrial conference date to February 8, 2022.  This is the first request for a continuance.

5.      Defendant has filed four pre-trial motions on November 9, 2021.  (See Dkt. Nos. 17, 19, 20, 21.)  The parties have met and conferred and request the following briefing and hearing schedule for defendant's four pre-trial motions: (1) oppositions to be filed by November 23, 2021; (2) reply briefs to be filed by November 30, 2021; and (3) hearing on the motions to be held on December 7, 2021 at 8:00 a.m.  The parties agree and request that defendant's motion to dismiss for lack of venue (Dkt. No. 14), remain on calendar for a hearing on November 23, 2021 at 8:00 a.m.

6.      Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

       a.      Defendant is charged with a violation of 18 U.S.C. § 1001(a)(1): Falsifying and Concealing Material Facts, and violations of 18 U.S.C. § 1001(a)(2): Making False Statements.  The government has produced discovery to the defense, including over 11,600 pages of written communications, reports, transcripts, articles, and other records and over 50 audio/visual recordings.

b.     Counsel for defendant represents that additional time is necessary to review the voluminous discovery and evidence in this case and to conduct and complete an independent investigation of the case to prepare the defense, including by meeting with and preparing potential witnesses, including possible expert witnesses.  Defense counsel further represents that he needs additional time to confer with defendant, to conduct and complete legal research, including for additional pre-trial motions and motions in limine, and to prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c.     On November 2, 2021, defendant filed a motion to dismiss for lack of venue.  (Dkt. No. 14.)  The motion remains pending before the court, and is scheduled to be heard on November 23, 2021 at 8:00 a.m.

d.     Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.     The government does not object to the continuance.

f.     The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.     For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 14, 2021 to February 15, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding

impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.     Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

DATED: November 9, 2021          TRACY L. WILKISON
                                 Acting United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____/s/ Susan Har_____
                                 MACK E. JENKINS
                                 SUSAN S. HAR
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA


DATED:  November 9, 2021          _/s/ per email authorization____
                                 JOHN LITTRELL
                                 RYAN FRASER
                                 Attorneys for Defendant
                                 JEFRREY FORTENBERRY