# CASE APPENDIX

| Case | Procedural Posture | Holding |
|---|---|---|
| *United States v. Oceanpro Indus. Ltd.*, 674 F.3d 323 **(4th Cir. 2012)** | Defense appeal after conviction, preceded by venue challenge. *See id.* at 327. | "[J]ust as Congress defined the effects of conduct in the Hobbs Act and 18 U.S.C. § 1503, it defined the effects in § 1001 to include the element of materiality. And in this case, proving materiality necessarily requires evidence of the existence of the federal investigation in Maryland and the potential effects of Clough's statement on that investigation. . . . Accordingly, we conclude that the District of Maryland had a substantial connection to Clough's conduct and to the charges based on that conduct against him and Oceanpro." *Id.* at 329 (citations omitted). |
| *United States v. Ringer*, 300 F.3d 788 **(7th Cir. 2002)** | Defense appeal of denial of motion for judgment of acquittal, viewing evidence in light most favorable to government. *See id.* at 790. | "[V]enue was proper in the Southern District of Indiana because events took place there which were critical to proving the elements of the false statements case against Ringer" even though "when Ringer made false statements, he never left Kentucky." *Id.* at 791–92.<br><br>The charging district's "strong link to Ringer's conduct makes it relevant to determining venue, not as an explicit geographic element . . . but as a place where events took place that were necessary to establish venue." *Id.* |

# CASE APPENDIX

| Case | Procedural Posture | Holding |
|---|---|---|
| *United States v. Coplan*, 703 F.3d 46 **(2d Cir. 2012)** | *De novo* review as question of law after trial. *See id.* at 77. | Second Circuit has "alternately applied and ignored the substantial contacts test"; "we now clarify, that use of the substantial contacts test may be appropriate where, as here, the defendant argues that his prosecution in the contested district will result in a hardship to him, prejudice him, or undermine the fairness of his trial." *Id.* at 80 (citation and alteration and quotation marks omitted).<br><br>Venue was proper in New York for statements uttered in an IRS deposition in Tennessee because the defendant's statements "continued into the Southern District of New York, where his deposition transcript was reviewed and discussed by IRS officials in connection with the ongoing E & Y audit." *Id.* |
| *United States v. Salinas*, 373 F.3d 161 **(1st Cir. 2004)** | Appeal from denial of pretrial motion to dismiss for lack of venue after conditional plea to passport fraud; no § 1001 conviction at issue. *Id.* at 163.<br><br>*De novo* review of legal conclusions; clear-error review of evidence in support of factual findings in "light most flattering" to venue determination below. *Id.* at 164. | Distinguishing passport-fraud venue from § 1001 venue by stating that "[w]hen materiality is a critical component of the statutory definition, it makes perfect sense to consider the crime as continuing into the district in which the effects of the false statement are felt. After all, since materiality is an element of the offense, a defendant cannot be convicted under section 1001 unless and until such a connection can be shown." *Id.* at 167 (citing *Ringer*, 300 F.3d at 790–92; *United States v. Candella*, 487 F.2d 1223, 1227–28 (2d Cir. 1973)). |