TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. pending)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3289
    Facsimile:  (213) 894-0141
    E-mail:  mack.jenkins@usdoj.gov
             jamari.buxton@usdoj.gov
             susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>Defendant. | Case No. 2:21-cr-00491-SB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT AS MULTIPLICITOUS OR TO COMPEL THE GOVERNMENT TO ELECT AMONG MULTIPLICITOUS COUNTS<br><br>Hearing Date:  12/14/2021<br>Hearing Time:  8:30 a.m.<br><br>Indictment: 10/19/2021<br>Pretrial Conference: 2/8/2022 at 8:00 a.m.<br>Trial: 2/15/2022 at 8:00 a.m.<br>Last Day: 3/2/2022 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, J. Jamari Buxton, and Susan S. Har, hereby files its opposition to defendant JEFFREY FORTENBERRY's ("defendant") Motion To

Dismiss Count One of the Indictment as Multiplicitous or to Compel the Government to Elect Among Multiplicitous Counts. (Dkt. No. 19, "Mot.")

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 23, 2021          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


    /s/
J. JAMARI BUXTON
MACK E. JENKINS
SUSAN S. HAR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

DESCRIPTION                                                                                          PAGE

TABLE OF AUTHORITIES ................................................................................. i

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.   INTRODUCTION ................................................................................................... 1

II.  LEGAL STANDARD .............................................................................................. 3

III. ARGUMENT ........................................................................................................... 3

    A.  Sections 1001(a)(1) and 1001(a)(2) Are Not Multiplicitous Under the Blockburger Test Because Each Offense Requires Proof of an Element the Other Does Not ........................................................................ 3

    B.  The Statutory Analysis in United States v. UCO Oil Was Overruled .......... 6

    C.  The Factual Allegations Supporting Counts One, Two, and Three Have No Bearing on the Court's Multiplicity Analysis ............................. 8

    D.  The Factual Allegations Supporting Count One and Counts Two and Three Are Substantially and Materially Different ......................................... 9

    E.  The Appropriate Remedy to Address Multiplicitous Counts is to Not Enter Judgement on the Offending Count at Sentencing ............................ 11

IV.  CONCLUSION ..................................................................................................... 12

**TABLE OF AUTHORITIES**

CASES                                                                                      PAGE

Albernaz v. United States,
    450 U.S. 333 (1981) .................................................................................. 3

Ball v. United States,
    470 U.S. 856 (1985) ................................................................................ 11

Blockburger v. United States,
    284 U.S. 299 (1932) ........................................................................... 2, 3, 5

United States v. Aguilar,
    756 F.2d 1418 (9th Cir. 1985) ................................................................ 11

United States v. Brooks,
    610 F.3d 1186 (9th Cir. 2010) .................................................................. 9

United States v. Chilaca,
    909 F.3d 289 (9th Cir. 2018) .................................................................. 11

United States v. Davenport,
    519 F.3d 940 (9th Cir. 2008) .................................................................... 3

United States v. Dixon,
    509 U.S. 688 (1993) .................................................................................. 3

United States v. Dose,
    No. CR04-4082 MWB, 2005 WL 1806414 (N.D. Iowa July 28, 2005) ............. 4-5

United States v. Garlick,
    240 F.3d 789 (9th Cir. 2001) .................................................................... 3

United States v. Huntress,
    No. 13-CV-199S, 2015 WL 631976 (W.D.N.Y. Feb. 13, 2015) ................ 5

United States v. Jensen,
    93 F.3d 667, 669 (9th Cir. 1996) ........................................................... 3, 8

United States v. Kimbrew,
    406 F.3d 1149 (9th Cir. 2005) .................................................................. 8

United States v. Nash,
    115 F.3d 1431 (9th Cir. 1997) ................................................................ 12

United States v. Otis,
    127 F.3d 829 (9th Cir. 1997) ................................................................ 8-9

# TABLE OF AUTHORITIES (CONTINUED)

CASES                                                                                                          PAGE

United States v. Overton,
    573 F.3d 679 (9th Cir. 2009) .................................................................................. 3

United States v. Rivera-Alonzo,
    584 F.3d 829 (9th Cir. 2009) .................................................................................. 5

United States v. Stewart,
    433 F.3d 273 (2d Cir. 2006) ................................................................................... 7

United States v. UCO Oil,
    546 F.2d 833 (9th Cir. 1976) .......................................................................... 6, 7, 8

United States v. White Eagle,
    721 F.3d 1108 (9th Cir. 2013) ................................................................................ 4

United States v. Zalapa,
    509 F.3d 1060 (9th Cir. 2007) .............................................................................. 11

Whalen v. United States,
    445 U.S. 684 (1980) ............................................................................................... 9

**Statutes**

18 U.S.C. § 545 ............................................................................................................ 6

18 U.S.C. § 1001 ............................................................................................... 1, 2, 6, 7

18 U.S.C. § 1001(a)(1) ....................................................................................... passim

18 U.S.C. § 1001(a)(2) ....................................................................................... passim

**Other**

Fed. R. Crim. P. 12(b)(3)(B)(ii) ................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In June 2018, defendant participated in a recorded call with Individual H in which the two discussed in clear terms that defendant's re-election campaign two years earlier had received $30,000 in illegal contributions from defendant's friends and associates. Defendant then schemed to conceal any aspect of this information from federal investigators. As part of that calculated scheme, defendant during an interview in March 2019 lied to federal investigators that, among other falsehoods, he was unaware his friend Toufic Baaklini had made, directed, and/or facilitated any illegal contributions to his campaign— a fact he discussed with Individual H during the recorded call only months earlier. Defendant again lied to federal investigators in July 2019, claiming, among other things, that Individual H did not inform defendant during the call that Individual H had received $30,000 in cash from Baaklini to fund the illegal contributions.

But defendant's scheme was not limited to his false statements in the two interviews. Rather, defendant also made a number of <u>misleading</u> statements to attempt to conceal and cover up material facts of which he was aware. Defendant also deliberately concealed the illegal contributions from the Federal Election Commission ("FEC") by not filing amended FEC reports, despite his duty under federal election law to so report. As another example, defendant did not return or disgorge the $30,000 in illegal campaign contributions he received until July 2019, after his second interview with federal investigators.

Following extensive efforts to investigate defendant's (and others') misconduct, the government charged defendant under two different subsections of 18 U.S.C. § 1001, (Dkt. No. 1, "Indictment"), each of which constitute separate and distinct offenses. Count One of the Indictment charges defendant with a scheme to falsify and conceal five material facts, in violation of Section 1001(a)(1), based on defendant's multi-pronged scheme as described in the Indictment. (Indictment ¶¶ 18(a)-(e).) Counts Two and

Three each charge defendant with making affirmative false statements – three during defendant's March 2019 interview and two during his July 2019 interview – in violation of Section 1001(a)(2). (Id. ¶¶ 20(a)-(c), 21(a)-(b)).

Defendant now seeks to dismiss Count One on the grounds that it is multiplicitous to Counts Two and Three, contending that the Indictment charges a single offense more than once, thus violating the Double Jeopardy Clause. (See Mot. at 3-6.) This argument fails, however, as Sections 1001(a)(1) and 1001(a)(2) each "require[] proof of a fact which the other does not," thus passing the well-established test for non-multiplicitous offenses articulated by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). What is more, notwithstanding defendant's strained reading of the clear legislative history underlying the 1996 amendment of Section 1001, (Mot. at 6), it leaves no doubt that Congress intended for the statute to encompass three separate, albeit related, offenses.

Defendant contends that Sections 1001(a)(1) and 1001(a)(2) are also multiplicitous because all three counts rely on "identical factual allegations." (Mot. at 6-7.) But this argument ignores core principles of multiplicity analysis stressing that courts must consider only the elements of the statutory provisions at issue and not the evidence supporting each offense. In any event, this argument also impermissibly ignores the Indictment, which alleges substantially different facts in the charged scheme to falsify and conceal material facts, including facts that plainly go beyond defendant's false statements in the March 2019 and July 2019 interviews alone.

Put simply, defendant's oft-repeated narrative that all three counts are based on the same conduct, and that the government is merely attempting to tack-on an additional felony in charging Count One, (see id. at 3), is divorced from reality and has no basis in law. The Court should deny defendant's motion.

## II. LEGAL STANDARD[1]

An indictment is multiplicitous if it charges a single offense in more than one count. United States v. Garlick, 240 F.3d 789, 793-94 (9th Cir. 2001). This violates the Double Jeopardy Clause of the Fifth Amendment, subjecting a person to punishment for the same crime more than once. United States v. Davenport, 519 F.3d 940, 943 (9th Cir. 2008). "If two different criminal statutory provisions indeed punish the same offense or one is a lesser included offense of the other, then conviction under both is presumed to violate congressional intent." United States v. Overton, 573 F.3d 679, 691 (9th Cir. 2009) (citation omitted). A defendant must raise a multiplicity objection to an indictment "by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B)(ii). In a motion to dismiss, courts must presume the truth of the allegations in the indictment. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

## III. ARGUMENT

### A. Sections 1001(a)(1) and 1001(a)(2) Are Not Multiplicitous Under the Blockburger Test Because Each Offense Requires Proof of an Element the Other Does Not

Courts analyzing whether statutory provisions are multiplicitous apply the test articulated by the Supreme Court in Blockburger, 284 U.S. 299. Under that well-established test, courts ask "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696 (1993); see Overton, 573 F.3d at 691 (describing Blockburger test). If instead "each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." Albernaz v. United States, 450 U.S. 333, 338 (1981) (citation omitted). Subjecting the

---

[1] A detailed Statement of Facts describing the allegations of the Indictment are set forth in the government's Opposition to Defendant's Motion to Dismiss the Indictment for Lack of Venue. (Dkt. No. 18 at 3-9.) For brevity, it is not repeated here.

provisions at issue here to the <u>Blockburger</u> test produces a clear conclusion: that Sections 1001(a)(1) (Count One) and 1001(a)(2) (Counts Two and Three), each of which require proof of at least one unique element, are not multiplicitous.

Indeed, a mere cursory comparison of the respective elements confirms that the two offenses are not the same. "[A] conviction under 18 U.S.C. § 1001(a)(1) requires that: (1) <u>the defendant had a duty to disclose material information</u>, (2) <u>the defendant falsified, concealed, or covered up such a fact by trick, scheme, or fraud</u>, (3) the falsified, concealed, or covered up fact was material, (4) the falsification and/or concealment was knowing and willful, and (5) the material fact was within the jurisdiction of the Executive Branch." <u>United States v. White Eagle</u>, 721 F.3d 1108, 1116 (9th Cir. 2013) (emphasis added). By contrast, a conviction under Section 1001(a)(2) requires proof that: (1) "<u>the defendant made a false statement</u>," (2) "the statement was made in a matter within the jurisdiction of the FBI," (3) "the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful," and (4) "the statement was material to the activities or decisions of the FBI; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities." Ninth Circuit Model Criminal Jury Instruction 8.73 (emphasis added).

Though several elements – materiality, willfulness, and jurisdiction – unquestionably overlap, it is equally clear that each offense requires proof of at least one element not required by the other. In particular, Section 1001(a)(1) requires the government to prove both a duty to disclose and that defendant falsified, concealed, or covered up material information by trick, scheme, or fraud. <u>See</u> <u>White Eagle</u>, 721 F.3d at 1116. Section 1001(a)(2) does not require either element. Conversely, Section 1001(a)(2) requires the government to prove that defendant made a false statement. Section 1001(a)(1) has no such requirement. These critical differences distinguish Section 1001(a)(1) from Section 1001(a)(2) both legally and conceptually and establish – conclusively – that the two offenses are not multiplicitous. <u>See</u> <u>United States v. Dose</u>,

No. CR04-4082 MWB, 2005 WL 1806414, at *11 (N.D. Iowa July 28, 2005) ("By its very terms, § 1001(a)(1) requires that an individual falsify, conceal or cover up by any trick, scheme, or device a material fact. Section 1001(a)(2) . . . incorporate[s] no such element. Correspondingly, § 1001(a)(2) requires that the accused make a "materially false, fictitious, or fraudulent statement or representation" . . . , whereas § 1001(a)(1) contains no such requirement."); United States v. Huntress, No. 13-CV-199S, 2015 WL 631976, at *14 (W.D.N.Y. Feb. 13, 2015) (reaching same conclusion).

Given this straightforward analysis, defendant's contention that Section 1001(a)(2) is merely a lesser included offense to Section 1001(a)(1), (Mot. at 4-5), cannot be true. See United States v. Rivera-Alonzo, 584 F.3d 829, 832 (9th Cir. 2009) (explaining that one offense is a lesser included offense of the other if the "elements of the lesser offense are a subset of the elements of the charged offense"). Defendant asserts that "§1001(a)(2) does not require proof of any fact not also required under §1001(a)(1)," (Mot. at 5), but this plainly ignores the element of Section 1001(a)(2) requiring proof that defendant make a false statement. This additional unique requirement necessarily disqualifies Section 1001(a)(2) as a lesser included offense. See Rivera-Alonzo, 584 F.3d at 832. Another reading of defendant's argument is that he equates making a false statement with falsifying, concealing, or covering up material information by trick, scheme, or fraud, as required under Section 1001(a)(1). But this, too, is unavailing. A defendant can "conceal" or "cover up" something without ever making an affirmative false statement. Thus, the elements for these two crimes are not the same, and though one might engage in mental gymnastics to make it appear that they are, the provisions simply do not possess the symmetry envisioned by the Blockburger test.

In short, because Sections 1001(a)(1) and 1001(a)(2) each "require[] proof of a fact which the other does not," Blockburger, 284 U.S. at 304, the two statutory provisions are not multiplicitous and therefore do not offend the Double Jeopardy Clause.

### B. The Statutory Analysis in United States v. UCO Oil Was Overruled

Defendant relies heavily on United States v. UCO Oil, 546 F.2d 833 (9th Cir. 1976), a nearly five-decade-old case that construes a version of Section 1001 no longer in existence. UCO Oil has no bearing here.

In UCO Oil, the Ninth Circuit considered whether twenty-seven of thirty counts in an indictment alleging violations of Section 1001, each of which were based on a single document, were duplicitous—i.e., whether the counts "join[ed] in a single count . . . two or more distinct and separate offenses." Id. at 835. Unlike the Indictment here, each count in the UCO Oil indictment charged both a false statement and a concealment of a material fact by trick, scheme, or device. Id. at 834-35. Analyzing various factors, the Ninth Circuit concluded that Congress intended for the pre-1996 version of Section 1001 to create a single offense encompassing several different types of fraudulent conduct. Id. at 838. Based on this, the Ninth Circuit held that the indictment was not duplicitous because it was "proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." See id.

Two critical facts render UCO Oil inapplicable here. First, in reaching its conclusion, the Ninth Circuit relied in part on the prior language of Section 1001, which, at the time, consisted of a single paragraph describing the proscribed conduct. See id. at 836 ("The first . . . factor[] obviously is the language of the statute itself . . . On the face of it, the statute, framed in a single paragraph and providing a single penalty, does not suggest a Congressional purpose to create more than one offense.") Significantly, the Ninth Circuit juxtaposed the single-paragraphed Section 1001 with the language of 18 U.S.C. § 545, explaining that the latter statute criminalized "separate and distinct offenses" that were delineated "in separate paragraphs." See id. at 837 (emphasis added).

In 1996, Congress amended Section 1001 by separating the three specific types of conduct it prohibits – falsifying, concealing, or covering up a material fact by trick, scheme, or device; making a false statement; and making a false writing – into separate

paragraphs, namely, subsections (a)(1), (a)(2), and (a)(3). This deliberate reconfiguration signaled Congress's clear desire to establish three separate and distinct offenses within Section 1001. Lest there be any doubt, the House Report on the 1996 amendments to Section 1001 states the following:

> <u>Paragraphs (1), (2) and (3) of subsection (a) [] delineate the three separate but related offenses that section 1001 criminalizes</u> . . . . Importantly, the offense in each of the three paragraphs has "materiality" as an element. This express requirement that <u>all three offenses</u> have materiality as an element resolves a conflict among circuits as to whether materiality is an element of <u>all three offenses</u> or merely the offense of falsifying as delineated in paragraph (3). Other than establishing materiality as an element of <u>all three offenses</u>, the Committee does not view the offenses defined in paragraphs (1), (2) and (3) as changing already existing case law as it relates to the elements of <u>the offenses</u>.

H.R. REP. 104-680, at 8 (1996), as provided by Westlaw online as a representation of U.S.C.C.A.N. 3935, 3942 (emphasis added). Though defendant references the House Report in his motion, he conveniently omits the first sentence in the passage quoted above stating – unequivocally – that subsections (a)(1), (a)(2), and (a)(3) "delineate . . . three separate but related offenses." Perhaps most telling, defendant urges the Court to ignore the literal meaning of Congress's clear and straightforward guidance, a sure sign that defendant's argument is invalid. (<u>See</u> Mot. at 6) ("The use of the word "offenses" in the plural should not be taken literally. There remains only one offense.")

     Second, the Ninth Circuit decided <u>UCO Oil</u> on <u>duplicity</u> grounds and not on multiplicity grounds. <u>See</u> <u>UCO Oil</u>, 546 F.2d at 838 ("Inasmuch as the District Judge dismissed the indictment as duplicitous, he did not reach [the multiplicity] issue."); <u>cf.</u> <u>United States v. Stewart</u>, 433 F.3d 273, 319 (2d Cir. 2006) (addressing a duplicity argument in finding that "[t]he several different types of fraudulent conduct proscribed by section 1001. . . describe different means by which the statute is violated.") This is significant, for while the Ninth Circuit referenced <u>Blockburger</u> in <u>UCO Oil</u> in the context

of discussing congressional intent, see UCO Oil, 546 F.2d at 837, it did not actually apply the Blockburger test for multiplicity to the provisions at issue. Instead, the court considered the statutory language, the legislative history, the proscribed conduct, and the appropriateness of multiple punishment. See id. at 836-837. And while the Ninth Circuit noted, in passing, that "had the government used any particular false report as the basis for two counts, one charging a false statement and the other a concealment by trick, scheme or device, the indictment would be vulnerable to attack for multiplicity," see id. at 838, that hypothetical bears no resemblance to the facts of this case. Rather, as made clear in the Indictment, Count One both alleges and encompasses conduct distinct from Counts Two and Three. As discussed in more detail below, this includes defendant's misleading statements, failure to notify the FEC of the illegal contributions, despite his duty to do so, and defendant's failure to return and/or disgorge the funds his campaign received. (Indictment ¶¶ 6, 16, 19(a)(iii), (b)(iii), (iv), (c).)

At bottom, UCO Oil is not applicable to the instant motion.

### C. The Factual Allegations Supporting Counts One, Two, and Three Have No Bearing on the Court's Multiplicity Analysis

Recognizing that neither his lesser included offense-related arguments nor his UCO Oil-related arguments have merit, defendant pivots by contending that Count One is additionally multiplicitous to Counts Two and Three because all three counts rely on "identical" factual allegations. (Mot. at 6-7.) This argument likewise falls flat, as it ignores core legal principles surrounding multiplicity and, again, impermissibly ignores facts in the Indictment that must be assumed true. See Jensen, 93 F.3d at 667 (Courts must presume the truth of the allegations in the indictment).

As explained above, "[t]he Blockburger test focuses on the statutory elements of each offense, not on the actual evidence presented at trial. Thus, it matters not that there is 'substantial overlap' in the evidence used to prove the two offenses, so long as they involve different statutory elements." United States v. Kimbrew, 406 F.3d 1149, 1151-52 (9th Cir. 2005) (citations omitted); see United States v. Otis, 127 F.3d 829, 833 (9th

Cir. 1997) ("Blockburger does not direct us to compare the evidence necessary to convict the defendants of both offenses; rather, it directs us to engage in statutory construction of the two provisions under which the defendants are convicted."); United States v. Brooks, 610 F.3d 1186, 1194 (9th Cir. 2010) ("The elements of the offenses are determinative, even if there is a substantial overlap in their proof.") (citation omitted).

Defendant avoids this authority altogether and again launches into an alternative-reality in which the evidence supporting Count One is no different than the evidence supporting Counts Two and Three. (See Mot. at 7.) For that reason alone, the Court should reject defendant's evidence-based arguments. Defendant's reliance on Whalen v. United States, 445 U.S. 684 (1980), (Mot. at 6-7), a Supreme Court case analyzing multiplicity in the specific context of felony murder – which presents unique issues not applicable here – does not change this outcome. This is not a felony murder case, and there is no legal or other reason for the Court, for multiplicity analysis purposes, to discard the elements of the offenses in favor of the evidence supporting the offenses.

### D. The Factual Allegations Supporting Count One and Counts Two and Three Are Substantially and Materially Different

In any event, even if the Court considered the factual allegations in the Indictment, the alleged conduct supporting Count One differs materially from the conduct supporting Counts Two and Three—and only serve to highlight the different elements between the two separate offenses.

Count One alleges the following facts, which are not alleged in Counts Two or Three:

- *Existence and Goals of the Scheme.* Defendant engaged in a scheme to falsify, conceal, and cover up the illicit contributions he received at the 2016 Fundraiser; the specific goals of the scheme, among other things, included falsifying, concealing, and covering up the fact that "Chagoury was the source of the $30,000" to his campaign. (Indictment ¶ 18(e).)

- o  By comparison, Counts Two and Three do not allege the existence of a scheme or any goals for a scheme because a scheme is a not an element of Section 1001(a)(2).  Counts Two and Three also do not allege any false statements pertaining specifically to Chagoury's involvement.  (See id. ¶¶ 19-20.)
- *Misleading Statements.*  In furtherance of his scheme, defendant made <u>misleading</u> statements that (1) he was unaware of any contributions made by foreign nationals to his campaign; (2) he ended the 2018 Call with Individual H after Individual H made a "concerning comment"; and (3) he would have been "horrified" to learn from Individual H that Baaklini had provided the funds for the 2016 Fundraiser.  (Id. ¶¶ 19(a)(iii), (b)(iii)-(b)(iv).)
  - o  By comparison, Counts Two and Three do not allege any <u>misleading</u> statements, only <u>false</u> statements.  (See id. ¶¶ 19-20.)
- *Failure to Amend FEC Reports/Disgorge Funds.*  In furtherance of his scheme, defendant intentionally chose not to cause his campaign to file amended FEC reports, despite his duty to disclose the real identities of any donors providing contributions of more than $50.  (Id. ¶¶ 6, 16, 19(c).)  Likewise, defendant did not return or otherwise try to disgorge the contributions until after the July 2019 interview.  (Id.)
  - o  By comparison, Counts Two and Three do not make any allegations regarding defendant's failure to amend his FEC filings or timely disgorge the illegal funds he received.  (See id. ¶¶ 19-20.)
- *Length of the Scheme.*  Defendant's scheme to falsify and conceal material facts spanned from June 4, 2018 to July 18, 2019.  (Indictment ¶ 18.)
  - o  By comparison, Count Two pertains only to conduct on March 23, 2019.  (Id. ¶ 20.)  Count Three pertains only to conduct on July 18, 2019.  (Id. ¶ 21.)

In sum, Count One alleges facts pertaining to defendant's scheme that extend beyond defendant's false statements and include additional conduct reflecting deliberate and consistent efforts by defendant to mislead the government and to conceal and cover up material facts from its investigation. In the same way that evidence supporting a conspiracy charge and a substantive count will often overlap substantially, though the charges remain separate and distinct, so too is the relationship between Count One and Counts Two and Three here.

### E. The Appropriate Remedy to Address Multiplicitous Counts is to Not Enter Judgement on the Offending Count at Sentencing

Even assuming Count One is multiplicitous to Counts Two and Three – which, for all the reasons explained above, it is not – the Court should nonetheless send all three counts to the jury and address any multiplicity issues at sentencing.

The Supreme Court has held that the district court has a duty to resolve multiplicitous charges only after the jury returns a guilty verdict on the multiplicitous charges. See Ball v. United States, 470 U.S. 856, 865 (1985). "Should the jury return guilty verdicts for each [multiplicitous] count, . . . the district judge should enter judgment on only one of the statutory offenses." Id.; see United States v. Zalapa, 509 F.3d 1060, 1065 (9th Cir. 2007) ("The remedy for meritorious multiplicity claims is for the district court to vacate the multiplicitous conviction and sentence.") (citations omitted); United States v. Chilaca, 909 F.3d 289, 297 (9th Cir. 2018) ("the appropriate remedy for a conviction for multiplicitous charges is to vacate the multiplicitous count convictions, not a new trial.")

Although a district court has discretion to dismiss multiplicitous counts before trial or to direct the government to elect between counts, see United States v. Aguilar, 756 F.2d 1418, 1423 (9th Cir. 1985), there is no reason for the Court to exercise that discretion here. Even if the Court were to dismiss Count One on multiplicity grounds, the jury will still hear much, if not all, of the same evidence at trial regarding Counts Two and Three. See Chilaca, 909 F.3d at 297 ("Because the record clearly shows that

11

evidence presented at trial would have been the same regardless of the number of counts charged, no new trial is warranted."); United States v. Nash, 115 F.3d 1431, 1438 (9th Cir. 1997) ("Even assuming that [a new trial] might ever be warranted for multiplicity, this appeal is not a candidate for it because the government would have introduced exactly the same evidence had the indictment contained only one count."). Further, defendant's claim that he will be prejudiced if the Court sends Count One to the jury rings hollow. (See Mot. at 7.) Any concerns that the inclusion of Count One at trial, some evidence of which overlaps with evidence of Counts Two and Three, will cause jurors "to assume that [defendant] must be guilty of at least some of the charges, encouraging a flawed compromise verdict" can be easily addressed with an instruction by the Court.[2]

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's Motion to Dismiss Count One of the Indictment as Multiplicitous or to Compel the Government to Elect Among Multiplicitous Counts.

---

[2] See Ninth Circuit Model Criminal Jury Instruction 3.11 ("A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.")