# EXHIBIT A



October 22, 2021

**<u>VIA E-MAIL ONLY</u>**

Mack E. Jenkins, Assistant United States Attorney
Susan S. Har, Assistant United States Attorney
United States Attorney's Office
Central District of California
312 N. Spring St., Suite 1500
Los Angeles, California 90012
mack.jenkins@usdoj.gov
Susan.Har@usdoj.gov

    **In re:**    *United States v. Fortenberry, CR 2:21-cr-00491-SB*
                   *Discovery Correspondence and Inspection*

Dear Assistant United States Attorneys Jenkins and Har:

      We represent Congressman Jeff Fortenberry in the above-referenced action. On behalf of Rep. Fortenberry, we formally request discovery pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny, Federal Rules of Criminal Procedure 16 and 26.2, and Federal Rule of Evidence 404(b) and 18 U.S.C. § 3500 (the Jencks Act).

      In general, we request complete disclosure of all information and materials contemplated by the above authority. We request copies of, and the opportunity to inspect and copy, all documents and other materials in the possession, custody, or control of the government, its agents, and its attorneys. Our request includes materials the government knows exists or would become known to the government or its agents by exercising due diligence. Our request includes materials in the possession, custody, or control of the U.S. Department of Justice, the U.S. Attorney's Office for the Central Districts of California, the Federal Bureau of Investigation, and any other federal, state, or local department, agency, or office.

      We also request that the government preserve and maintain all notes, reports, and recordings prepared by or for government agents or prosecutors, as well as all documents, data, electronically stored information, photographs, videotape recordings, audiotape recordings, microfilm, tangible objects, and every other potential evidentiary item that is now or may later come within the government's possession, custody, or control. We request the government also produce this information.



*United States v. Fortenberry*
Mack E. Jenkins, AUSA
Susan S. Har, AUSA
Page 2

**Definitions, Instructions, and Production Format**

When we use the word "document" herein, it is synonymous in meaning and equal in scope as used in Federal Rule of Civil Procedure 34(a). It includes, but is not limited to, all papers, books, photographs, videotape recordings, audiotape recordings (including all transcripts, final or draft, of such video or audio recordings), microfilm, microfiche, and all computer or electronic data, regardless of form. Our use of the word "defendant" refers to Rep Fortenberry.

In responding to our requests, please provide a separate response to each category below. If the government does not have the requested information in its possession, custody, or control, please indicate whether the government believes the information exists and if so, where, and how it can be located.  Please produce all ESI in accordance with the specifications set forth in the U.S. Department of Justice's "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" dated February 2012.

**Specific Requests**

Our requests include, but are not limited to, the following materials:

1.    The substance of any relevant oral statement made by the defendant, before or after indictment, in response to questioning by a government agent or representative, whether or not subsequently memorialized in writing. Fed. R. Crim. P. 16(a)(1)(A).

2.    Any written or recorded statement by the defendant, or copies thereof, within government's possession, custody, or control, that the government knows—or though due diligence could know—exists. Fed. R. Crim. P. 16(a)(1)(B).

This request includes, without limitation:

a.    All written or recorded statements of witnesses that reflect, relate, or incorporate any relevant statements purportedly made by the defendant;

b.    Notes, reports, writings, transcripts, memoranda, or other document or recording (or portions thereof) prepared by any government agent or attorney containing the substance of any statement purportedly made by the defendant;

c.    All other documents that reflect, relate, or incorporate any relevant statements purportedly made by the defendant;

We also request all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding any questioning of the defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of the defendant or any other discoverable material is contained.



*United States v. Fortenberry*
Mack E. Jenkins, AUSA
Susan S. Har, AUSA
Page 3

3.    All books, papers, documents, data, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems, or tangible objects, or copies or portions thereof, (1) which are material to the preparation of the defense; (2) that the government intends to use as evidence in its case in chief at trial; and/or (3) were obtained from or belong to the defendant. Fed. R. Crim. P. Rule 16(a)(1)(E).

4.    All results or reports of any physical or mental examination and/or scientific tests or experiments, or copies thereof, which the government intends to use in its case in chief, or which are material to preparation of the defense. Fed. R. Crim. P. 16(a)(1)(F). If you intend to call any expert witness, we request reports already prepared by the witness, and, as provided for in Rule 16(a)(1)(G), a summary of the witness' testimony which describes their opinions, the bases and reasons for their opinions, and their qualifications.

5.    Notice of any bad acts which the government intends to introduce at trial. If the government intends to offer any such evidence, we request you set forth the date, place, and nature of each such crime, wrong, or act, and all evidence thereof, to enable the Court to determine its admissibility. Fed. R. Evidence 404(b).

6.    A designation by the government (including names, addresses, and telephone numbers) of any witness it intends to call to elicit expert testimony within the meaning of the Federal Rules of Evidence. For each expert witness, we request that the government provide a written summary of testimony the government intends to use. This summary should describe the witness's opinions, the bases and reasons therefore, and the witness's qualifications. We also request that the government disclose any reports, studies, or other data that any expert will rely upon in giving his or her testimony. Fed. R. Crim. P. 16 (a)(1)(G).

7.    A list of all exhibits the government intends to use at trial that are now known to the government. We request the government provide any additions thereto on a timely basis.

8.    The names and addresses of all witnesses who the government intends to call at trial. We request the government provide any additions thereto on a timely basis.

9.    All evidence indicating or relating to whether any government witness or any person who has supplied information to the government, is or was under investigation by federal, state, or local government authorities.

10.   To expedite trial and avoid unnecessary delay during the trial, and to give defense counsel sufficient time to review testimony and prepare for cross-examination, we request production of all materials required to be produced pursuant to 18 U.S.C. § 3500 no later than 30 days before the commencement of trial. This request



includes a request for all interview memoranda or reports, drafts of such reports, and agent or prosecutor notes reflecting any such statements or related materials.

11.    The names, identity, and whereabouts of all reporting persons, informants, witnesses, and persons who have provided information to the government (including law enforcement) regarding this case. The request encompasses any person:

    a.    Who was an eyewitness to any of the offenses charged in the indictment;

    b.    Who was a participant in any of the offenses charged in the indictment;

    c.    Whose testimony is offered to establish any wrongful conduct of the defendant not alleged in the indictment; and

    d.    Who provided information that resulted in the targeting of the defendant in the investigation.

12.    All information and material subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Please note that the *Brady/Giglio* standard at the pretrial stage is more inclusive than the standard on appeal in that it (1) includes any evidence "which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses," and (2) applies not just to admissible evidence but also any information "that is likely to lead to admissible evidence." *United States v. Sudikoff*, 36 F. Supp.2d 1196 (C.D. Cal. 1999). We request you disclose this information immediately.

13.    We request the following information as to each government witness, on the ground that it is discoverable under *Giglio*:

    a.    Any prior criminal convictions and/or arrests and any evidence that the witness has committed or is suspected of committing a criminal act which did not result in an arrest or conviction;

    b.    Any payments made to the witness and the dates of such payments, whether in connection with this case or any other case, state or federal;

    c.    Any implicit or explicit promises of benefit or consideration which have been made by any government agent or agency, state or federal, to or on behalf of any witness the government intends to call at trial, or any such promises or consideration expected or hoped for by any such witness on behalf of themselves. Such promises and consideration include anything that could be of value or to a witness or anyone related to the witness by blood or marriage. This could include, but is not limited to, promises or consideration related to (i) non-prosecution for any offense by any



government agency; (ii) recommendations of leniency, favorable treatment, or other assistance with respect to any criminal, civil, or administrative proceeding or other matter involving any government agency; (iii) information to be provided at sentencing for any offense; (iv) immigration status; (v) civil, criminal, or tax immunity grants; (vi) relief from forfeiture; (vii) any provision of services or payment of fees; (viii) letters informing the recipient of the witness's cooperation; (ix) aid or efforts in securing or maintain the witness's business or employment; (x) recommendations concerning licensing, certification, or registration; (xi) promises to take affirmative action to help the status of the witness in a profession, business or employment, or promises not to jeopardize such status; and (xii) anything else that arguably could reveal an interest, motive, or bias in the witness in favor of the prosecution or against any defendant or act as an inducement to testify, to color the witness's testimony, or otherwise to make a case for the government and/or against any defendant;

d.   Copies of all correspondence, including all emails, letters, or memoranda of understanding between the government and its witness (or their attorneys or representatives);

e.   All known occasions on which the witness has made false or contradictory statements to any person, including, but not limited to, law enforcement officers or any law enforcement agency or court, including, but not limited to, any aliases which the witness may have used;

f.   Any false identification document which has ever been in the possession of and/or used by the witness, and each occasion on which the witness is known to have used said document;

g.   All evidence that any prospective government witness is biased or prejudiced against the defendant or any other person or has a motive to falsify or distort his testimony.

h.   All evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or any other controlled substance, or has ever been an alcoholic;

i.   Any statement—formal and informal, oral or written—by the government, its agents, and representatives to any person (including counsel for such persons or counsel for such person's employer) whom the government intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course, or outcome of any government action – state or federal,



civil or criminal—or immigration matters against the witness, the witness's employer, or anyone related by blood or marriage to the witness;

j.     All threats, express or implied, direct or indirect, or other coercion directed against any witness the government intends to call at trial;

k.     Any statements or documents, including but not limited to grand jury testimony and federal, state, and local tax returns, made or executed by a potential government witness which the government knows, or through reasonable diligence, should have reason to know are false;

l.     All statements or documents made or executed by a potential government witness which the government knows, or though reasonable diligence should know, are false;

m.     All contradictory or false statements, whether written or oral, made by any potential government witness;

n.     All written or oral statements made by any person, which in any way contradicts or is inconsistent with any statement made by a potential government witness;

o.     A list of all other judicial proceedings involving a criminal matter in which any person who is a potential government witness in this action participated as a witness, was identified as an unindicted coconspirator or an aider and abettor, or was charged as a defendant;

p.     All other information which (i) adversely reflects on the credibility of any witness, (ii) reflects the motivation of any witness to cooperate with the government, (iii) reflects the witness's bias or hostility against the defendant; and (iv) could be useful to the defense by way of impeachment or detracting from the probative force of the government's information.

14.     The name, address, telephone number and location of any informant or other person who was a percipient witness to a material event in the case, who was a substantial participant in the investigation of the case, or who may have information relevant and helpful to the defense.

15.     The name of any witness who made an arguably favorable statement concerning the defendant. We also request disclosure of any statement that may be relevant to any possible defense or contention that any defendant might assert. This particularly includes any statements by percipient witnesses.



16.     Any exculpatory witness statement, including negative exculpatory statements, i.e., statements by witnesses with knowledge of the conduct alleged in the indictment that fail to mention the defendant.

17.     We request that you review the personnel records of all law enforcement witnesses and disclose any *Brady* or *Giglio* material contained in those records, pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

18.     As a predicate to motions pursuant to Federal Rule of Criminal Procedure 12, we request the following:

   a.     That the government disclose whether any evidence in the government's possession, custody, or control was obtained by a search and seizure, and, if so, provide a description of such evidence and, if said search was warrantless, a description of the nature of the information upon which the search was based and the date said information was received by the government;

   b.     That the government disclose whether any evidence in the government's possession, custody, or control was obtained through any electronic or mechanical surveillance or tape recording, and, if so, provide a description of such evidence;

   c.     That the government disclose whether any recording or any other result of electronic or audio surveillance has been scientifically tested, altered, or treated in any other way, and, if so, set forth the time, date, place, and a description of each test or alteration, identify the examiner, and provide copies of any reports and all documents relating or referring to such reports;

   d.     That the government disclose whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper, other tracking device, mail cover, or electronic or audio surveillance, and, if so, provide a description of said evidence and the date, time, place, and nature of the interception, and any and all documents related to or reflecting any information derived there from;

   e.     That the government disclose whether any tapes, reports of communications, fruits of any interception or search, or notes of any interview requested herein have been or are intended to be discarded or destroyed, and, if so, identify any such materials in sufficient detail to permit defendants to make a timely request to the Court for appropriate relief; and



f.     That the government disclose whether any evidence in the government's possession, custody, or control was obtained through a mail cover, and, if so, provide a description of such evidence.

19.   All evidence relating to surveillance, wiretaps, searches or other investigative techniques, including:

a.     All applications, affidavits, or other supporting documents for court orders for electronic or video surveillance and applications for extensions thereof;

b.     All court orders pertaining to electronic or video surveillance and renewal orders;

c.     All interim reports by the government to the court on such surveillance;

d.     All logs of any such surveillance;

e.     All tapes resulting from such surveillance;

f.     All transcriptions resulting from such surveillance, including currently available transcriptions, even if in draft form;

g.     All applications for extending the date for notification of such surveillance;

h.     All court orders extending the date for such notification;

i.     All papers submitted to the court concerning sealing of electronic or video surveillance tapes; and

j.     All consensual tape recordings and transcripts.

20.   Any grand jury materials, separately identified, including grand jury transcripts or any documents or information produced to the grand jury, that were disclosed or released to any person other than the grand jurors, witnesses under examination, court reporters, and Assistant United States Attorneys.

21.   All petitions requesting, and court orders permitting, the disclosure of any grand jury matter, information, or material pursuant to Federal Rules of Criminal Procedure 6(e)(3)(E) and 6(e)(3)(F).

22.   Whether, should any agent, employee or former employee of the defendant testify, the government will attempt to rely upon specific instances of conduct for the purpose of impeachment pursuant to Federal Rule of Evidence 608(b), and, if so, provide a description of any such instances.



23.     Pursuant to the provisions of Federal Rule of Evidence 104, Federal Rule of Criminal Procedure 12(b)(4), and defendants' rights to effective representation by counsel and a fair trial, we request that the government disclose whether it intends to offer in its case-in-chief as a statement by any defendant any of the following:

a.     Any statement made by the defendant in either an individual or representative capacity, *see* Fed. R. Evid. 801(d)(2)(A);

b.     Any written or recorded statement or the substance of any oral statement as to which the defendant has manifested his adoption or belief in its truth, *see* Fed. R. Evid. 801(d)(2)(B);

c.     Any written or recorded statement or the substance of any oral statement made by another individual or entity that was purportedly authorized by the defendant, or is deemed to be an admission by him, *see* Fed. R. Evid. 801(d)(2)(C);

d.     Any statement by any agent or servant of the defendant concerning a matter within the scope of its agency or employment made during the existence of such a relationship, *see* Fed. R. Evid. 801(d)(2)(D);

e.     Any statement by an alleged co-conspirator during the course and in furtherance of the alleged conspiracy, *see* Fed. R. Evid. 801(d)(2)(E); and

f.     Complete disclosure of *Giglio* and other discovery items (as requested above) for each non-testifying witness declarant whose statements are offered in evidence as for testifying witnesses.

24.     Copies of all records of law enforcement or other governmental agencies reflecting intra-departmental disciplinary action taken against any law enforcement or agency official who will testify in this proceeding, including all such records from any governmental agency for which the witness previously worked.

25.     Copies of all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action, or conduct undertaken in connection with the investigation and prosecution of this case.

26.     All documents reflecting communications between the U.S. Attorney's Office, and other government agencies or their representatives, private attorneys, elected officials or their representatives, or other third parties, concerning this case, this investigation, or the subject of this case or investigation.



27.     All subpoenas served on behalf of the grand jury and all responses to subpoenas, including privilege logs and related correspondence received by the government.

28.     Each of the foregoing requests is of a continuing nature and calls for supplementation as soon as the government discovers additional responsive material.

Many Assistant United States Attorneys commonly request notice of defenses beyond that required by the Federal Rules of Criminal Procedure. Please note that we will not provide notice of any defense beyond that required by Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure. If such a request is included in any memorandum that you send me, you should not assume by my silence that we are limiting our defenses.

Sincerely,

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

John L. Littrell
Ryan V. Fraser

# EXHIBIT B



November 10, 2021

<u>**VIA E-MAIL ONLY**</u>

Mack E. Jenkins, Assistant United States Attorney
Susan S. Har, Assistant United States Attorney
United States Attorney's Office
Central District of California
312 N. Spring St., Suite 1500
Los Angeles, California 90012
mack.jenkins@usdoj.gov
Susan.Har@usdoj.gov

**In re:** *United States v. Fortenberry*, C.D. Cal. case no. **2:21-cr-491-SB**

Dear Assistant United States Attorneys Jenkins and Har:

We write with additional specific discovery requests. These requests are numbered sequentially to the requests set forth in our October 22, 2021, letter, and are in addition to those requests, although the scope of differently numbered requests may overlap:

29. All communications, whether oral, written or otherwise, involving or including Mack Jenkins; Aron Ketchel, Scott Garringer, Tracy Wilkison; Susan Har; Todd Carter; Edward Choe; or any other person, relating to your allegation that Congressman Fortenberry's statements "affected" the "Federal Investigation" referenced in the indictment. *See* Dkt. No. 1 at ¶¶ 18, 20, 21. This includes, but is not limited to: emails; other electronic text-based messages; letters; voice messages; voicemails; electronic, handwritten, or printed notes; text messages; WhatsApp messages; instant messages; chats; and any other formal or informal communications through any medium or communications service, including messaging or communications services for the confidential use of the FBI, IRS, U.S. Attorney's Office for the Central District of California, or any other subagencies or components of the Department of Justice ("DOJ").

In addition, we request any and all communications supporting your allegations in the indictment and your contentions in opposition to the motion to dismiss for lack of venue that—

a. Congressman Fortenberry's statements "went to the heart of the investigation . . . ." *Id.* at 1:12–14. (page and line numbering from the Memorandum of Points & Authorities, Dkt. No. 18).

b. Congressman Fortenberry's "criminal conduct continued into [the Central District of California], where his false statements were received, reviewed, discussed, and acted upon by the affected investigative agencies." *Id.* at 2:18-20.

c. Congressman Fortenberry's "acts were directed at, sought to obstruct, and actually affected the CDCA Investigation in this district." *Id.* at 3:7–8.



   d.  "CDCA investigators faithfully followed all of the evidence of (now proven) crimes committed in this district wherever that evidence led." *Id.* at p. 3 fn.3.

   e.  Congressman Fortenberry "obstructed the CDCA investigation." *Id.* at 8:14–15.

   f.  "As a direct result of defendant's criminal acts, CDCA agents and prosecutors conducted additional interviews of multiple witnesses, including Baaklini and Chagoury, to discuss defendant and determine possible motives for his lies; obtained and reviewed additional communications amongst witnesses and phone-related data; and re-analyzed previously obtained evidence." *Id.* at 9:5–10.

   g.  Congressman Fortenberry's statements and "scheme" "were designed to affect and did affect the CDCA Investigation in this district." *Id.* at 11:22–23.

   h.  "CDCA agents and prosecutors took subsequent investigative steps as a direct result of defendant's obstructive acts." *Id.* at 15:20–22.

   i.  Congressman Fortenberry's "materially false statements and obstructive acts continued into [the Central District of California]." *Id*. at 18:19-20.

   j.  Congressman Fortenberry's statements "were 'recorded, transcribed, and preserved for use' in the Central District of California where they were utilized to make investigative and charging decisions." *Id*. at 21:13-15.

   k.  "It was in [the CDCA] that CDCA agents and prosecutors reviewed and discussed defendant's false statements and made decisions about the next steps in the CDCA Investigation, based on defendant's criminal conduct." *Id*. at 21:16-18.

   l.  "As a result of defendant's scheme and false statements, CDCA agents and prosecutors, among other things, conducted additional interviews of multiple witnesses; obtained and reviewed additional communications and phone-related data; and re-analyzed previously obtained evidence." *Id*. at 21:20-23.

  30.  Any and all audio and/or video recordings and copies of transcriptions or summaries of any witness statement or interview related to this investigation. This includes, but is not limited to, the recordings referenced in previous productions of discovery.

  31.  Any and all writings or oral communications (summarized in writing if no recording exists) setting forth and/or related to any and all agreements—express or implied, definite or indefinite, enforceable or unenforceable, between ███████████, ███████, ████████████████████████████, or any other government informant related to the indictment's allegations or the Federal Investigation referenced in the indictment, and any prosecutor, FBI agent, IRS agent, or other representative of the DOJ. *See Giglio v. United States*, 405 U.S. 150 (1972); Oct. 22, 2021, Discovery Letter, Request Nos. 11–13.



*United States v. Fortenberry*
Mack E. Jenkins, AUSA
Susan S. Har, AUSA
Page 3

32.     Any and all evidence (summarized in writing if no recording exists) of bias on the part of any prospective government witness. *See also* Oct. 22, 2021, Discovery Letter, Request No. 13, subparagraphs c(xii), g, and p. This scope of this request includes, without limitation, any expression of anti-Muslim bias by Special Agent Todd Carter, whether in the form of social media posts (<u>i.e.,</u> Instagram), Facebook messages, chats, message boards, or other media.

Sincerely,

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

John L. Littrell
Ryan V. Fraser

# EXHIBIT C



November 17, 2021

**VIA E-MAIL ONLY**

Mack E. Jenkins, Assistant United States Attorney
Susan S. Har, Assistant United States Attorney
United States Attorney's Office
Central District of California
312 N. Spring St., Suite 1500
Los Angeles, California 90012
Mack.Jenkins@usdoj.gov
Susan.Har@usdoj.gov

**In re:**   *United States v. Fortenberry*, **C.D. Cal. case no. 2:21-cr-491-SB**

Dear Assistant United States Attorneys Jenkins and Har:

We write with additional specific discovery requests. These requests are numbered sequentially to the requests set forth in our previous letters, dated October 22 and November 10, 2021, and are in addition to those requests, although the scope of differently numbered requests may overlap. In some but not all respects, the requests in this letter relate to the following two particular questions, which we ask you to answer directly, in the interest of streamlining consideration of this issue:

I.    Did any member or supervisor of the Federal Investigation that is referenced in the Indictment ("Federal Investigation" or "Investigation") satisfy the Department of Justice's requirements for secretly recording Congressman Fortenberry?

II.   Did any member or supervisor of the Federal Investigation satisfy the DOJ's requirements for using a "ruse" to interrogate Congressman Fortenberry?

Further, we request—

33.    All communications, whether oral, written or otherwise, related to authorization or requests for authorization to interview Congressman Fortenberry and/or record him without his consent during the course of the Investigation. As to oral communications, we request any and all recordings of them and the closest possible written summary if no recording exists.

As background for this request, we see that discovery appears to show FBI ASAC Bryan Van Deun's approval of at least Todd Carter's *travel* to Nebraska to interview Congressman Fortenberry at his home and "AUSA Mack Jenkins concurred with the proposed interviews and plan[ned] to participate," JF00002452, and there was "an approval date of Ma[r]ch 22, 2018" for the 2018 Call referenced in the Indictment, but none of this appears to show compliance with Justice Manual § 9-7.302. Also, discovery indicates that "[o]n 9/13/2017 OGC-ILU reviewed [one of the related] request[s] and found no legal or policy issues."



*United States v. Fortenberry*
Mack E. Jenkins, AUSA
Susan S. Har, AUSA
Page 2

34.     All communications, whether oral, written or otherwise, related to authorization or requests for authorization to employ a "ruse" or any deception or misleading methods in interviewing or seeking to interview Congressman Fortenberry during the course of the Investigation.  As to oral communications, we request any and all recordings of them and the closest possible written summary if no recording exists.

35.     All communications, whether oral, written or otherwise, that constitute or relate to law-enforcement agents' or Central District of California AUSAs' ("CDCA") notification(s) to—"OGC-ILU" or House, Senate, or White House Counsel—of the agents' and/or CDCA's plans to interview Congressman Fortenberry or their interviews of Congressman Fortenberry. (For example, discovery page JF00001823 states that "House Counsel will be notified"; the following page states that "OGC Attorney St. Clair Theodore will review this request.")

*         *         *

We are entitled to this discovery under *Brady* and Federal Rule of Criminal Procedure 16. To the extent the materials requested suggest, or are reasonably likely to lead to the discovery of admissible evidence, that Congressman Fortenberry's statements arguably did not affect the Federal Investigation or that participants in the Investigation arguably violated DOJ policies or norms of ethical conduct, they are discoverable under *Brady* and Rule 16(a)(1)(E)(i). And, to the extent they tend to suggest the opposite, they are discoverable under Rule 16(a)(1)(E)(i).

Sincerely,

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

/s/ Ryan V. Fraser
John L. Littrell
Ryan V. Fraser

# EXHIBIT D

| | |
|---|---|
| **From:** | Jenkins, Mack (USACAC) |
| **To:** | John Littrell |
| **Cc:** | Ryan V. Fraser; Har, Susan (USACAC); Garrison Giali |
| **Subject:** | RE: US v. Fortenberry Discovery Request |
| **Date:** | Friday, November 19, 2021 12:01:30 PM |

Hi John:  We remain reviewing your requests and intend to provide you a response, likely by Monday.

**From:** John Littrell <jlittrell@bklwlaw.com>
**Sent:** Friday, November 19, 2021 11:46 AM
**To:** Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Har, Susan (USACAC) <SHar@usa.doj.gov>
**Cc:** Ryan V. Fraser <rfraser@bklwlaw.com>; Garrison Giali <ggiali@bklwlaw.com>
**Subject:** [EXTERNAL] RE: US v. Fortenberry Discovery Request

Susan and Mack, we have not heard from you in response to our two supplemental discovery requests (attached here).
Can you please let us know if you plan to produce documents responsive to these requests?
We would like to meet and confer to see if we can reach agreement and determine if we can avoid having to file a discovery motion.

Thanks.


**John L. Littrell** | Partner

Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

**From:** John Littrell
**Sent:** Wednesday, November 10, 2021 7:55 PM
**To:** Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Cc:** Ryan V. Fraser <rfraser@bklwlaw.com>; Garrison Giali <ggiali@bklwlaw.com>
**Subject:** US v. Fortenberry Discovery Request

Please see the attached discovery request.

**John L. Littrell**
**Partner** | Orange County

Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

Los Angeles | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
Orange County | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 | (949) 369-3700
-