John L. Littrell, State Bar No. 221601
jlittrell@bklwlaw.com
Ryan V. Fraser, State Bar No. 272196
rfraser@bklwlaw.com
BIENERT KATZMAN
LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile:  (949) 369-3701

*Attorneys for Defendant*
*Hon. Jeffrey Lane Fortenberry*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff,*<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>  *Defendant.* | Case No. 2:21-cr-00941-SB<br>Hon. Stanley Blumenfeld, Jr.<br><br>**HON. JEFFREY LANE FORTENBERRY'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS THE INDICTMENT AS MULTIPLICITOUS OR COMPEL THE GOVERNMENT TO ELECT AMONG MULTIPLICITOUS COUNTS**<br><br>Hearing Date: December 14, 2021<br>Hearting Time: 8:00 a.m.<br>Time Estimate: 20 minutes<br><br>Indictment: Oct. 19, 2021<br>Pretrial Conference: Dec. 7, 2021<br>Trial: Dec. 14, 2021<br>Last Day: Dec. 29, 2021 |

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   ARGUMENT

### A.   As Charged, Count One Is Multiplicitous to Counts Two and Three.

In his Motion to Dismiss Count One of the Indictment as Multiplicitous, Congressman Fortenberry argued that Counts Two and Three, which charge violations of subsection (a)(2) of §1001, are lesser included offenses to Count One, which charges a violation of subsection (a)(1). Dkt. No. 19 at 4–6. Applying *Blockburger*, the government responds that subsection (a)(2) is not a lesser included offense of (a)(1) because (a)(2) requires proof of one element that subsection (a)(1) does not—a false statement. Dkt. No. 29 at 3–6. But both the Indictment and the government's concessions in other briefing make clear that Count One, <u>as charged in this case</u>, is based primarily on an affirmative false-statements theory. And it is based on precisely the same alleged false statements that underly Counts Two and Three.

In fact, nearly all of the allegations supporting Count One of the Indictment are characterized as false or misleading statements. *See* Dkt. No. 1 at ¶ 19. The Indictment alleges that during the March 23, 2019, interview, Congressman Fortenberry: (1) "falsely stated that he was not aware of Baaklini ever making any illegal contributions . . ."; (2) falsely stated that the individuals who contributed to the 2016 Fundraiser were all publicly disclosed . . ."; and (3) "misleadingly stated that he was unaware of any contributions made by foreign nationals to his campaign." *Id*. It also alleges that during a July 18, 2019, interview, Congressman Fortenberry "made the following false and misleading statements . . . ." *Id*. The only allegation in Count One that could be characterized as an omission, rather than an affirmative false statement, is Paragraph 19c, in which he is accused of failing to cause his campaign to file amended FEC reports with accurate information about the 2016 Fundraiser . . . ."

Moreover, in the government's Opposition to the Motion to Dismiss for Failure to State an Offense, the government repeatedly argues that Congressman Fortenberry violated subsection (a)(1) *by making false statements*. *See, e.g.*, Dkt. No. 29 at 2 ("defendant

proactively and affirmatively made false and misleading statements to investigators—conduct that supports a § 1001(a)(1) charge."); *Id*. at 4 ("Count One is also properly alleged because defendant engaged in affirmative acts of concealment, including by making false and misleading statements . . .").

Therefore, <u>as charged in this Indictment</u>, a conviction on Count One could be based solely on the finding of a false statement. Accordingly, even if the government is correct that subsection (a)(2) *could* require an element that (a)(1) does not, as charged in this case, there is a risk of Double Jeopardy because a conviction on Count One could also be based solely on the same allegedly false statements charged in Counts Two and Three. *See United States v. Olsowy*, 836 F.2d 439, 442–43 (9th Cir. 1988).

### B. The Court May Look at the Factual Allegations When Deciding Whether Counts Charging False Statements Are Multiplicitous.

The government accuses the defense of indulging in an "alternative reality" by even suggesting that the court consider the facts alleged in the Indictment. Dkt. No. 29 at 8–9. But this is precisely what the Ninth Circuit has instructed courts to do.

In *Olsowy*, the Ninth Circuit engaged in the same factual inquiry that the government disparages now in the context of deciding whether multiple counts of making a false statement were multiplicitous. *Olsowy*, 836 F.2d at 442. Mr. Olsowy was charged with multiple counts of violating §1001. He argued that three of the counts against him were multiplicitous because they alleged that he made precisely the same denials in response to the same questions posed to him by government agents on different occasions. *Id*. Mr. Olsowy argued that "the government should not be able to pile on multiple convictions by repeatedly asking the same question to a criminal suspect." *Id*. In resolving the issue, the Ninth Circuit looked to the facts underlying the charges to find that the counts were in fact multiplicitous. *Id*. at 442–43. *Olsowy* provided a two-part test for determining whether multiplicitous counts for false statements are permissible: (1) whether a declarant was asked the same question and gave the same answer; and (2) whether later false statements further impaired the operations of the government. *Id.* at 443. The test, by its very terms, requires

that the Court look to the facts alleged in the Indictment, and not merely the elements.

Applying the same analysis here, Count One is multiplicitous to Counts Two and Three. Count One relies on the same statements charged in Counts Two and Three, and, as charged, a jury could convict Congressman Fortenberry of Count One based solely on the false statements already alleged in Counts Two and Three.

### C. The Government's Efforts to Avoid *UCO Oil* Fail.

Apart from the arguments above, the government's strenuous claim that *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976), "has no bearing here" is unconvincing. Dkt. No. 29 at 6–8. While the government is correct that *UCO Oil* concluded that the indictment in *UCO Oil* was not duplicitous, the government's observation that *UCO Oil* "considered the statutory language, the legislative history, the proscribed conduct, and the appropriateness of multiple punishment" is misleading. *Id.* (citing *UCO Oil*, 546 F.3d at 836–37). Speaking as if this made *UCO Oil* somehow less important for the motion now before the Court, the government elides the fact that *all* these considerations bear directly on multiplicity. *See* Dkt. No. 19 at 3–4 (discussing the importance of statutory language, proscribed conduct, legislative intent, and the threat of multiple punishment as multiplicity considerations and citing Supreme Court and Ninth Circuit case law and Wright & Miller, 1A Fed. Prac. & Proc. Crim. 5th § 143, in support), 6 (citing the acknowledgment of *United States v. King*, 713 F.Supp.2d 1207, 1214 (D. Haw. 2010), that the ultimate issue is legislative intent, which the *Blockburger* test is simply a tool to discern).

Moreover, *UCO Oil* included the following passage regarding multiplicity, relied upon in Congressman Fortenberry's motion, as direct support for its holding on duplicity:

> The fact that a statute encompasses various modes of violation requiring different elements of proof as is the case here does not compel a different result. In *Prince v. United States*, 352 U.S. 322, (1957), the Court held, under the bank robbery statute (18 U.S.C. Sec. 2113) which prohibits both bank robbery and entry with intent to commit robbery and requires proof of different facts for each, that only one punishment could be imposed for one entry. The Court reasoned that Congress' purpose was to permit conviction regardless of whether the robbery had been completed, not to pyramid punishment. Similarly, in *United States v. Sahley*, 526 F.2d 913, 918 (5th Cir. 1976), the

> Fifth Circuit held that under Sec. 1001 only one punishment could be imposed for a single document, although it contained several false statements. *See also Heflin v. United States*, 358 U.S. 415 (1959). Compare *Babb v. United States* and *Blockburger v. United States*, above.
>
> In the absence of some evidence to the contrary, it is difficult to assume Congress intended that a defendant found guilty of falsifying one document be exposed to two or more sentences of up to five years imprisonment and a $10,000 fine each.
>
> *The foregoing analysis leads us to the conclusion that Congress, in enumerating several different types of fraudulent conduct in Section 1001, did not create separate and distinct offenses. We are satisfied that had the government used any particular false report as the basis for two counts, one charging a false statement and the other a concealment by trick, scheme or device, the indictment would be vulnerable to attack for multiplicity.*
>
> Once it is determined that the statute defines but a single offense, it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment.

*UCO Oil*, 546 F.2d at 838 (emphasis added). In other words, the indictment was not duplicitous because it was "proper to charge different means conjunctively in each count of the indictment." *Id.* And it was "proper" because § 1001 sets forth only one offense. Put differently, *UCO Oil* premised its conclusion regarding duplicity on its subsidiary conclusion regarding multiplicity—to wit, the very subsidiary conclusion that Congressman Fortenberry now invokes. A subsidiary conclusion, counting among the *ratio decidendi*, is part of a holding and so, it affects the disposition of future cases. *See, e.g.*, *Ramos v. Louisiana*, 140 S. Ct. 1390, 1404 at n.54 (2020). Upon closer review, therefore, the government's claim that the Ninth Circuit "decided *UCO Oil* on *duplicity* grounds and not on multiplicity grounds," Dkt. No. 29 at 7 (original emphasis), is, like other premises relied on by the government, misleading.

Similarly, the superficiality of the government's reliance on the 1996 House Report, Dkt. No. 29 at 6–7, discussed in Fortenberry's motion on page 6, becomes evident upon a closer look. Here, the government offers glibly that "[p]erhaps most telling, defendant urges the Court to ignore the literal meaning of Congress's clear and straightforward

guidance, a sure sign that defendant's argument is invalid." Dkt. No. 29 at 7. The post-*UCO Oil* caselaw does not support the government's contention. As Congressman Fortenberry's opening brief pointed out, ten years *after* the 1996 amendments to § 1001, the Second Circuit continued to hold, as the Ninth Circuit did in *UCO Oil* before those amendments, that "[t]he several different types of fraudulent conduct proscribed by section 1001 are not separate offenses . . . ; rather they describe different means by which the statute is violated." *United States v. Stewart*, 433 F.3d 273, 319 (2d Cir. 2006). For its part, the Ninth Circuit has cited *Stewart* with approval, albeit on a different point, in *United States v. White Eagle*, 721 F.3d 1108, 1117 (9th Cir. 2013). Meanwhile, *Stewart*'s conclusion that the subparagraphs of § 1001(a) set forth alternative *means* of committing a single offense, not separate offenses, remains valid in the Second Circuit. *See United States v. McIntosh*, 753 F.3d 388, 393 (2d Cir. 2014) (citing *Stewart*, 433 F.3d at 319, with approval on this holding).

Thus, the case law undermines the government's contention that the Ninth Circuit would now construe § 1001(a) to contain separate offenses even though it did the opposite in *UCO Oil*. *Stewart* and the apparent harmony between the Ninth and Second Circuits on the nature of § 1001's subparagraphs support instead the construction advocated by Congressman Fortenberry's multiplicity motion.

## II. CONCLUSION

For the foregoing reasons, the Court should dismiss Count One of the Indictment or compel the government to elect between Count One and Counts Two and Three.

Dated: December 1, 2021

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

By: _____
John L. Littrell
Ryan V. Fraser
*Attorneys for Hon. Jeffrey Lane Fortenberry*