1  John L. Littrell, State Bar No. 221601
   jlittrell@bklwlaw.com
2  Ryan V. Fraser, State Bar No. 272196
   rfraser@bklwlaw.com
3  BIENERT KATZMAN
4  LITTRELL WILLIAMS LLP
   903 Calle Amanecer, Suite 350
5  San Clemente, California 92673
6  Telephone: (949) 369-3700
   Facsimile:  (949) 369-3701
7
8  *Attorneys for Defendant*
   *Hon. Jeffrey Lane Fortenberry*
9

10  **IN THE UNITED STATES DISTRICT COURT**

11  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  UNITED STATES OF AMERICA,         Case No. 2:21-cr-491-SB
                                      Hon. Stanley Blumenfeld, Jr.
14      Plaintiff,

15  v.                                **HON. JEFFREY LANE FORTENBERRY'S REPLY TO GOVERNMENT'S CONSOLIDATED OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE**
16  JEFFREY FORTENBERRY,
17      Defendant.
18
19
20                                    Hearing Date: Dec. 14, 2021
                                      Hearing Time: 8:00 a.m.
21                                    Time Estimate: 20 minutes
22
                                      Indictment: Oct. 19, 2021
23                                    Pretrial Conference: Feb. 8, 2022
                                      Trial: Feb. 15, 2022
24                                    Last Day: Mar. 2, 2022
25
26
27
28

## I.   INTRODUCTION

In the government's Consolidated Opposition to Congressman Fortenberry's *Motion to Dismiss the Indictment for Failure to Allege Materiality* and *Motion to Dismiss Count One the Indictment for Failure to State an Offense* (the "Consolidated Opposition"), Dkt. No. 27, the government attempts to salvage its deficient Indictment by alleging a new theory of liability and takes confusing and internally inconsistent positions about what elements it must allege and prove at trial.

## II.   ARGUMENT

### A.   The Government Cannot Survive the Motion to Dismiss by Arguing a New Theory of Materiality Not Presented to the Grand Jury.

In the Indictment, the government alleges that Congressman Fortenberry made materially false statements "in an interview *affecting* the Federal Investigation in the Central District of California." Dkt. No. 1 at ¶¶ 18 (Count 1), 20 (Count 2), 21 (Count 3) (emphasis added). After Congressman Fortenberry's Motion to Dismiss pointed out that the Indictment on its face showed that the alleged statements could not have affected an ongoing government investigation because the government asked Congressman Fortenberry about information it already knew (or information it created), the government now claims that Congressman Fortenberry's statements had an "intrinsic capacity to influence" or were *capable* of affecting the government's investigation. Dkt. 27 at 8:22-25. Even if the government *could have* pled a "capable of influencing" theory of materiality in the Indictment, it did not, in fact, do so. *See generally,* Dkt. No. 1.

The law in the Ninth Circuit is clear: the Fifth Amendment guarantees that "[a]fter an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself." *See United States v. Adamson,* 291 F.3d 606, 612, 616 (9th Cir. 2002) (citing *Stirone v. United States*, 361 U.S. 212, 215–16 (1960); *United States v. Pazsint*, 703 F.2d 420, 423 (9th Cir. 1983)); *see also United States v. Ward*, 747 F.3d 1184, 1190 (9th Cir. 2014) (defining constructive amendment as altering the terms of the indictment,

"either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them"). Accepting the allegations in the Indictment as true, the government already knew the answers to the questions it posed to Congressman Fortenberry, and therefore his responses could not have *actually* affected the investigation.

### B. The Indictment Fails to Allege that Congressman Fortenberry Had an Individual Duty to Disclose, a Necessary Element of § 1001(a)(1).

The government also argues for the first time that Congressman Fortenberry had a "duty to provide [] reporting to the FEC." *Compare.* Consolidated Opp. Dkt. 27 at 14:11-12, with Dkt. 1 at ¶ 6 (alleging the "federal campaign" had a duty to report campaign contributions). But this *individual* duty to report was not alleged in the Indictment either. Generally, an indictment that "tracks the words of the statute charging the offense is sufficient *so long as the words unambiguously set forth all elements necessary to constitute the offense.*" *Givens*, 767 F.2d at 584 (emphasis added). Here, however, the government conceded in its *Opposition to Defendant's Motion to Dismiss Count One of the Indictment as Multiplicitous*, that the offense of concealment charged in Count One has an additional required element that "*the defendant had a duty to disclose material information*." Dkt. 29 at 4:5-6 (emphasis in original) (citing *United States v. White Eagle*, 721 F.3d 1108, 1116 (9th Cir. 2013)). Therefore, the government was required to plead this element in the Indictment. *United States v. Du Bo*, 186 F.3d 1177, 1181 (9th Cir. 1999). Because the Indictment fails to allege an individual duty to disclose, Count One must be dismissed, at least insofar as it relies on a concealment theory.[1]

///
///
///
///

---

[1] On the other hand, if (as the government argues elsewhere) Count One can be sustained solely based on an affirmative false statement, *see* Dkt. 27 at 12:18-13:17, then Count One is multiplicitous for the reasons set forth in Dkt. No. 19.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss the Indictment for failure to allege facts that support finding Congressman Fortenberry's statements were material, and it should dismiss Count One for failure to allege an individual duty to disclose.

Date:   November 30, 2021

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

By: _____
    John L. Littrell
    Ryan V. Fraser
    *Attorneys for Hon. Jeffrey Lane Fortenberry*

3

HON. JEFFREY LANE FORTENBERRY'S REPLY TO GOVERNMENT'S CONSOLIDATED
OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE