## Exhibit 1

## [Filed Under Seal]

**Exhibit 2**

**From:** John Littrell <​████████████████​>
**Sent:** Tuesday, November 30, 2021 9:15 AM
**To:** Jenkins, Mack (USACAC) <​███████████​>
**Cc:** Har, Susan (USACAC) <​████████████​> Buxton, Jamari (USACAC) <​████████████​>
Ryan V. Fraser <​████████████​> Garrison Giali <​███████████​>
**Subject:** [EXTERNAL] RE: U.S. v. Fortenberry

Mack, this is fine except that January 4 does not work for a hearing date.
If you don't want to do the hearing on December 21, then I would propose a hearing date of **January 11**.
We are free for a meet and confer today at 12pm, I'll circulate a zoom link.

**John L. Littrell** | Partner
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

**From:** Jenkins, Mack (USACAC) <​██████████████​>
**Sent:** Monday, November 29, 2021 6:11 PM
**To:** John Littrell <​███████████​>
**Cc:** Har, Susan (USACAC) <​████████████​> Buxton, Jamari (USACAC)
<​████████████​> Ryan V. Fraser <​████████████​> Garrison Giali
<​████████████​>
**Subject:** RE: U.S. v. Fortenberry

Thanks for your responses.  Here is the proposed stip/po that incorporates the expert disclosures and the revised briefing schedule for your latest two motions discussed below.
Our collective best time to chat is 12pm tomorrow.  If that still works, you want to circulate a conference call or Zoom?

**From:** John Littrell <​██████████████​>
**Sent:** Monday, November 29, 2021 4:26 PM
**To:** Jenkins, Mack (USACAC) <​█████████████​>
**Cc:** Har, Susan (USACAC) <​███████████​> Buxton, Jamari (USACAC) <​████████████​>
Ryan V. Fraser <​████████████​> Garrison Giali <​████████████​>
**Subject:** [EXTERNAL] RE: U.S. v. Fortenberry

I thought we pretty well exhausted the meet and confer efforts with respect to the discovery dispute.  We wrote several letters, and specifically asked to meet and confer about them.  You responded with a letter denying our requests.

That being said, I would be happy to discuss the disputed issues in the discovery motion further, and

EXHIBIT 2
Page 1 of 4

if we can resolve any of the disputed issues I will withdraw some or all of it.

I don't think we have an obligation to set a briefing schedule that is different from the one identified in the Court's standing order, but as I have said before if you need extra time to respond to any motion we file just let me know and I will work with you.  I'm fine with the schedule you propose below for the discovery and suppression motion, so perhaps you can incorporate that into the stip you have in mind for the agreed upon schedule for expert disclosures.

On the motion to suppress, we still anticipate filing that tomorrow, so let's set a time to meet and confer on that as well as the discovery motion.
I can be available any time between now and COB tomorrow, just let me know when is good for you.

We do anticipate filing a declaration in support of that motion from Trey Gowdy, and I will check with his availability on the date you propose.

**John L. Littrell** | Partner

Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

**From:** Jenkins, Mack (USACAC) <█████████████████████>
**Sent:** Monday, November 29, 2021 11:54 AM
**To:** John Littrell <████████████████>
**Cc:** Har, Susan (USACAC) <██████████████████ Buxton, Jamari (USACAC)
<████████████████ Ryan V. Fraser <████████████████ Garrison Giali
<█████████████>
**Subject:** RE: U.S. v. Fortenberry

Thanks John.

Sounds good, we will prepare a stip to alert the Court to our agreement and apprise it of the update to the pre-trial schedule.

I hear your position on the "meet and confer."  Just to be clear, ours is that the Court's "meet and confer" order is not a mere "notice" requirement, but requires, among other things, a discussion of the briefing schedule and actual responsive discussion about the merits before the motion filed. And we appreciate that you have provided those additional steps since our meeting after we raised the issue, including the below email, up until today.

Today, after sending the below email on Sunday at 12:24 pm requesting our position on both motions and to discuss a briefing schedule, you then filed one of those motions (Docket 30) today at 10:42 a.m. without waiting for our response on any of your requests.  Moreover, you filed the motion early according to the Court's briefing schedule that delineates Tuesdays as the default filing date for criminal motions.  Our position is that Docket 30 is not in compliance with the Court's meet

EXHIBIT 2
Page 2 of 4

and confer order.

Notwithstanding the above, regarding scheduling, we appreciate the offer and will take the extra week to respond to the latest two motions (for a total of two weeks).  But can you please set the hearing date for **January 4** instead of Dec. 28?   While we do not need additional time beyond the two weeks for briefing, that week between Christmas and New Year's involves a lot of travel that makes that hearing date a bad date.

Regarding the motions themselves, <u>please advise whether you will be providing declarations in support of both/either</u>?  Additionally, if so, we assume you will make <u>all declarants available for cross examination on the hearing date</u>?

Thank you.

---

**From:** John Littrell <█████████████████████>
**Sent:** Sunday, November 28, 2021 12:24 PM
**To:** Jenkins, Mack (USACAC) <███████████████████ Ryan V. Fraser <█████████████████
Garrison Giali <███████████████████>
**Cc:** Har, Susan (USACAC) <███████████████████ Buxton, Jamari (USACAC) <█████████████████
**Subject:** [EXTERNAL] RE: U.S. v. Fortenberry

Mack, I hope you all had a nice thanksgiving.

Your proposed schedule for providing expert notice set forth in your November 26, 2021 letter is fine with us.

I disagree with your characterization of our November 8, 2021 call as being for the purpose of discussing our "failure to comply with the Court's meet-an-confer requirement prior to filing [our] venue motion."  We did not fail to comply with the Court's meet-and-confer requirement.  To the contrary, I had advised you of the venue defect in this case repeatedly prior to filing a motion, both prior to the indictment and afterward, including at Congressman Fortenberry's arraignment, when we announced that we would be filing a motion to dismiss for lack of venue.  You consistently expressed your view that there was venue based on the "felt-in" test, which you then articulated in your opposition.

We are planning to file two more motions this week, with a presumptive hearing date of **December 21, 2021.**  However, if you want an extra week to respond I will notice the hearing for **December 28, 2021.**

The first is a motion to compel the discovery that you declined to produce as set forth in your November 23, 2021 letter.  I think we have both set forth our positions on this already in our letters.

The second is a motion to suppress Congressman Fortenberry's statements.  We also advised you and the Court at Congressman Fortenberry's arraignment that we were anticipating filing this motion.  The theory behind this motion is that (1) prior to the Washington D.C. interview you

EXHIBIT 2
Page 3 of 4

represented to Fortenberry's then-counsel, Trey Gowdy, that the Congressman was a subject, trending toward being a witness (as opposed to a target) of the investigation.  Trey relied on that representation when he advised Fortenberry to participate in the Washington D.C. interview.  That representation was misleading because the government had already secretly recorded a call between Fortenberry and Individual H in 2018, and had conducted a surreptitiously recorded interview of Fortenberry in March 2019 in which the government believed he lied to a federal agent by falsely denying the information conveyed to him in that 2018 call.  This motion is also based on (2) your representation to Trey, during a break in the Washington D.C. interview, that it was not a "bullshit 1001" (meaning an effort to set the Congressman up to make a false statement based on the secretly recorded call you had at the time) when at least portions of that interview appear to be a "bullshit 1001" because they were designed to set Fortenberry up to make a false statement based on that recording.

Please let us know if you think we can resolve either of these disputes without filing these motions.

**John L. Littrell** | Partner

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

---

**From:** Jenkins, Mack (USACAC) <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Friday, November 26, 2021 7:02 PM
**To:** John Littrell <▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ryan V. Fraser <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Cc:** Har, Susan (USACAC) <▮▮▮▮▮▮▮▮▮▮▮▮▮ Buxton, Jamari (USACAC) <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** U.S. v. Fortenberry

Hi John and Ryan:  Please see attached correspondence.

Hope you both have a great holiday weekend.

**Mack E. Jenkins | Assistant United States Attorney**
Chief | Public Corruption & Civil Rights Section
United States Courthouse, Suite 1500 | 312 N. Spring St. | Los Angeles, California 90012
T: ▮▮▮▮▮▮▮ F: ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮

EXHIBIT 2
Page 4 of 4

**Exhibit 3**

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Monday, November 29, 2021 10:42 AM
**To:** noreply@ao.uscourts.gov
**Subject:** Activity in Case 2:21-cr-00491-SB USA v. Fortenberry Motion to Compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Littrell, John on 11/29/2021 at 10:41 AM PST and filed on 11/29/2021
**Case Name:**      USA v. Fortenberry
**Case Number:**    2:21-cr-00491-SB
**Filer:**          Dft No. 1 - Jeffrey Fortenberry
**Document Number:** 30

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Compel Discovery Filed by Defendant Jeffrey Fortenberry. Motion set for hearing on 12/21/2021 at 08:00 AM before Judge Stanley Blumenfeld Jr.. (Attachments: # (1) Exhibit A - D) (Littrell, John)**

**2:21-cr-00491-SB-1 Notice has been electronically mailed to:**

J Jamari Buxton          ███████████████

John Lewis Littrell      ███████████████        4579179420@filings.docketbird.com, docket@bklwlaw.com, tthomas@bklwlaw.com

Mack Eric Jenkins        ███████████████        caseview.ECF@usdoj.gov, usacac.criminal@usdoj.gov

Ryan Vaughan Fraser ███████████████

Susan S. Har ████████████████ CaseView.ECF@usdoj.gov, USACAC.criminal@usdoj.gov

**2:21-cr-00491-SB-1 Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\211129 Motion to Compel Discovery (FINAL).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/29/2021] [FileNumber=33022545-
0] [6f12800eb53705f0fb3d5084afb6d83c338dc375d4bc4ce289045a2c5550bf22a4
f5cbfd8eb18b9cf2d9053e40a2feecc154956ed40bd6875c52380d3823af6a]]
**Document description:**Exhibit A - D
**Original filename:**C:\fakepath\Exhibits A-D (FINAL).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/29/2021] [FileNumber=33022545-
1] [791d2c54651af90ad3231152685595e06796fcc171bed8927ab3e2cb80d202f3b8
b4e1af2c043f98e640a3a0e34a8f7ff791d584938b4f4eb0370e5abf970cd5]]

**Exhibit 4**



▷ Live Legislative hearings                                                                 **Donate**

  

‹ **News**

# Protective Order Filed in Congressman Fortenberry's Federal Indictment Case

By **Jackie Ourada** , Morning Edition Host & Reporter Nebraska Public Media

Oct. 29, 2021, 4:43 p.m. · 1 min read



U.S. Rep. Jeff Fortenberry. (Photo courtesy of the Office of Jeff Fortenberry)

**Listen To This Story**

0:00 / 0:55

New documents filed in the federal case against Nebraska Congressman Jeff Fortenberry will keep certain information restricted under a protective order.

The acting United States attorney filed the protective order in the congressman's federal case Wednesday. It shields certain information that could identify informants or witnesses involved with Fortenberry's indictment. **The Republican representative was charged October 19** for allegedly lying about illegal campaign contributions from a foreign national.

In the document, the US attorney stated the order was necessary to protect sensitive information involved in other investigations related to public officials.

A statement from Fortenberry's attorney, John Littrell, said this isn't unusual given the case's circumstances.

"This is not an unusual step at all. The prosecution proposes an order like this in any case involving the use of confidential informants. The protective order does not limit the Congressman's access to information, and it will not inhibit our ability to defend this case," Littrell said.

The public may not hear more about the evidence and accusations against Fortenberry until the case goes to trial, which is scheduled for December 14.

In a **video** published in October, Fortenberry said he was shocked by the indictment and will fight the charges.

Share on Twitter          Share on Facebook

# Newsletters

Get the latest from around Nebraska delivered to your inbox

Subscribe Now

**Exhibit 5**



50°
Lincoln, NE

☰  *News*  *Weather*  *Sports*  *Pure Nebraska*  *Contact Us*                    🔍

ADVERTISEMENT

# Fortenberry's legal team combatting federal case with integrity-doubting claims



Fortenberry defense questions government motives

By Brian Mastre

*Published: Nov. 29, 2021 at 3:34 PM PST*



LOS ANGELES, Calif. (WOWT) - Congressman Jeff Fortenberry's legal team is attempting to cast doubt on the integrity of the Government's case against him with new court filings on Monday.

Fortenberry's legal team claimed prosecutors are withholding critical information to his defense.

His lawyers wanted to know the details of the agreement between federal prosecutors and the informant who made the phone call to Fortenberry — the call that he's accused of lying about the details to investigators.

The government said it will produce the document in due time. That is if they decide to put the informant on the witness stand.

ADVERTISEMENT

The congressman's defense team included examples in the documentation, <mark>saying the agent appeared to have shared racist anti-Muslim and anti-Arab images on social media.</mark> Fortenberry's attorneys called the nine-term congressman a legislative leader in Middle Eastern affairs.

In response, the government said it's still not sure which witnesses will be called to the stand — so they don't have to fork over the evidence just yet.

Congressman Fortenberry was indicted back in October. He said he was "shocked and stunned" by the allegations.

ADVERTISEMENT

Fortenberry is accused of lying to the FBI when it comes to a $30,000 campaign donation in 2015 from a foreign national looking to influence U.S. politics.

The government said he didn't know about it at the time. Its case hinges on what the congressman told an informant, and federal agents, years later — all of which is on tape, the government claimed.

However, the government said Fortenberry's defense's latest requests are overly broad and that prosecutors have already shared more than 11,000 documents related to the case.

A judge will rule on Monday's questions at a hearing in three weeks.

Fortenberry's team added that they "find it hard to believe" the informant and lead investigator would not be called as witnesses in the government's case.

The trial is scheduled for Feb. 15.

*Copyright 2021 WOWT. All rights reserved.*

**Around The Web**



**Essentials Comfort Cookware Set, 6 Pieces**



**Pregnant woman fatally shot after her baby shower**



**Months after business owner dies from COVID-19, family and friends**



**Woman with COVID-19 wakes up after 60 days in a coma, right before**



## Exhibit 6



https://omaha.com/news/state-and-regional/crime-and-courts/rep-jeff-fortenberrys-attorneys-accuse-feds-of-bias-and-withholding-information/article_8cf03a6e-516d-11ec-8830-c7bf7ed0e8df.html

# Fortenberry's attorneys accuse feds of bias and withholding information

Paul Hammel Omaha World-Herald

Nov 30, 2021

*TownNews.com Content Exchange*

Look at who's who in 1st District congressman's campaign finance case.

Attorneys for indicted Rep. Jeff Fortenberry accused federal investigators Monday of bias and of withholding information from the defense as it prepares for his trial for allegedly lying to the FBI.

In a motion filed in U.S. District Court in the Central District of California, Fortenberry's lawyers asked a judge to force prosecutors to disclose what promises they made to a key informant in the case, and whether they complied with their own policies when investigating a member of Congress.

The court filing also accused the lead FBI investigator in the case of "anti-Muslim" and "anti-Arab" bias that might have led to "hostility" toward Fortenberry, who has worked to help religious minorities in the Middle East.

The motion included two drawings of armor-clad crusaders attacking Muslims that defense attorneys claim were liked or shared online by Special Agent Todd Carter. One was titled: "Dealing with Muslims. They got it right the first time."

Fortenberry's motion describes him as a "legislative leader on Middle Eastern affairs" who has long been engaged with Muslim and Arab groups, and asks that internal communications between investigators be provided to determine if he was targeted "out of spite." Fortenberry also represents the nation's largest Yazidi community in Lincoln, a group he fought to protect from slaughter by the Islamic State during the war in Iraq.

An FBI spokesman said Tuesday that the agency would have no comment. The U.S. Attorney's Office in Los Angeles did not return requests for comment on Monday. In the past, that office has declined to comment and said its response will be in court filings.

Monday's motion is the latest salvo in the exchange of legal filings by prosecutors and defense attorneys as Fortenberry battles for his political future.

Fortenberry, 60, has represented eastern Nebraska's 1st District since 2005 and was expected to easily win reelection in 2022. He, his wife and his attorneys maintain that he was "set up" and misled by federal agents. They said he was trying to cooperate with the investigation of illegal "conduit" campaign contributions that originated from a Nigerian billionaire living in Paris.

Prosecutors, meanwhile, contend that the congressman repeatedly lied about the origins of $30,000 in donations he received from a group of Lebanese Americans at a Los Angeles fundraiser in 2016. The money was funneled to the group from Gilbert Chagoury, who paid a $1.8 million fine for making $230,000 in illegal contributions and loans to American politicians. Chagoury also agreed to aid the FBI investigation.

Federal prosecutors said Fortenberry, instead of immediately disposing of his $30,000 in donations, requested a second L.A. fundraiser in 2018. But he was informed by the organizer of the event — known only as "Individual H" — that the 2016 gifts were illegal because they originated from a foreign national. Individual H was cooperating with the FBI at that time.

Fortenberry maintains that he couldn't recall the details of that 2018 phone call when questioned twice by federal investigators in 2019. He was indicted on three felonies — two counts of lying to federal agents and one count of trying to conceal material facts.

A trial is scheduled to begin Feb. 15, though Fortenberry's attorneys have filed motions to get the charges dismissed or the case moved out of California.

In the latest motions, defense attorneys are seeking to know what deals were made with Individual H for his cooperation. Individual H was not charged in the scheme, though, according to the prosecution, he was the person who set up the L.A. fundraiser, accepted the $30,000 from an associate of Chagoury's and later told Fortenberry that money had come from the Nigerian.

Fortenberry's attorneys also claim that FBI agents "deliberately lied" to the congressman to gain entrance to his home for a March 2019 interview. They falsely claimed that they were from the Omaha FBI office and that they were investigating a matter of "national security," according to Monday's court filing.

Prosecutors, in previous court documents, have rejected many of the claims made in Monday's motion. They have also said they do not, at this time, have to share some of the information being sought by Fortenberry's lawyers because it is "work product" and a decision on who will testify at trial has not yet been made.

🗗 Feds blast back at Rep. Fortenberry's claim that he was 'set up'

🗗 Fortenberry spokesman blasts federal prosecutors for their handling of criminal case

**Exhibit 7**



# Rep. Fortenberry's legal team calls lead FBI agent in case racist

**Fortenberry's attorneys are claiming the lead FBI agent in the case could have tainted the investigation because of an anti-Muslim and anti-Arab bias.**

**November 30, 2021 7:02 am  by** Andrew Ward (https://www.klkntv.com/bios/andrew-ward/)

LINCOLN, Neb. (KLKN) — Attorneys for Rep. Jeff Fortenberry have submitted a new motion asking the court to order federal prosecutors to disclose more information in the case against the congressman.

Fortenberry is accused of lying to FBI agents, (https://www.klkntv.com/rep-fortenberry-to-be-indicted-for-being-accused-of-lying-to-fbi/) who were investigating illegal contributions to his campaign.

==On top of asking for additional information, Fortenberry's attorneys are claiming the lead FBI agent in the case could have tainted the investigation because of an anti-Muslim and anti-Arab bias.==

==The motion filed by the defense says the special agent "appears to have been sharing and 'liking' racist images and content on social media platforms even as he led an investigation against congressman Fortenberry, a legislative leader in Middle Eastern affairs."==

This investigation comes after a Lebanese community in Los Angeles held a fundraiser for Fortenberry where he raised $37,000 at the event, $30,000 coming from a foreign national.

Fortenberry pleaded not guilty (https://www.klkntv.com/indicted-nebraska-gop-rep-fortenberry-pleads-not-guilty/) back in October to charges of one count of scheming to falsify and conceal material facts along with two counts of making false statements to federal investigators looking into illegal contributions to his 2016 campaign.

Fortenberry's legal team did file a motion to dismiss (https://www.klkntv.com/rep-fortenberry-files-motion-to-dismiss-indictment/) the case in early November, but that was denied.

A Fortenberry spokesperson said in a statement Monday's motions, "highlights the hypocrisy of this California prosecutor withholding critical information from the defense team, including the disturbing possibility of bias on the part of the FBI agent who led the investigation setting up Rep. Fortenberry.

"The defense team is asking the Court to require the government to meet its obligations to produce all the relevant materials to provide some straight answers on questions at the core of this case."

Here are the other requests from the defense team in the motion:

- How the government viewed congressman Fortenberry's statements in the Nebraska and Washington, D.C., interviews at the time they were made, and whether those statements actually influenced the investigation, or were even capable of influencing the investigation.

- The deals the government made with its informants, including Individual H, the person the government recruited to set up congressman Fortenberry by placing a surreptitious

10-minute call to him that the government would later quiz the Congressman about nearly one year later.

- Whether the government followed its own guidelines governing how and when to investigate members of Congress.

Categories: Nebraska News (https://www.klkntv.com/category/nebraska-news/), News (https://www.klkntv.com/category/news/), Top Stories (https://www.klkntv.com/category/top-stories/)
Tags: FBI (https://www.klkntv.com/tag/fbi/), Federal case (https://www.klkntv.com/tag/federal-case/), Jeff Fortenberry (https://www.klkntv.com/tag/jeff-fortenberry/)

# RELATED

(https://www.klkntv.com/high-school-students-take-part-in-the-junior-achievement-stock-market-challenge/)
Nebraska high school students take part in the Junior Achievement Stock

(https://www.klkntv.com/senator-calls-for-legalization-as-gun-crimes-rise-due-to-illegal-marijuana-use/)
NE Senator calls for legalization as gun crimes rise due to illegal marijuana use

(https://www.klkntv.com/19-risk-dial-to-remain-in-mid-orange/)
COVID-19 Risk Dial to remain in mid-orange
(https://www.klkntv.com/covid-19-risk-dial-to-remain-in-mid-orange/)

(https://www.klkntv.com/connector-trail-temporarily-closed-for-holiday-event/)
Haymarket Connector Trail temporarily closed for holiday event
(https://www.klkntv.com/haymarket-connector-trail-temporarily-

## NEWS

News (https://www.klkntv.com/news/)
Local News (https://www.klkntv.com/news/local-news/)
Nebraska News (https://www.klkntv.com/news/nebraska-news/)
Links We Mentioned (https://klkn.tv/lwm)
Capitol News (https://www.klkntv.com/news/nebraska-news/capitol-news/)
US & World News (https://www.klkntv.com/news/us-world-news/)
Consumer (https://www.klkntv.com/news/consumer-news/)
Health News (https://www.klkntv.com/news/health-news/)
Entertainment News (https://www.klkntv.com/news/entertainment-news/)
Get News Alerts (https://www.klkntv.com/news/alerts-sign-up/)
Submit Your News (https://www.klkntv.com/news/submit-your-news/)

## LOCAL NEWS

Gage (https://www.klkntv.com/news/local-news/gage/)
Jefferson (https://www.klkntv.com/news/local-news/jefferson/)
Lancaster (https://www.klkntv.com/news/local-news/lancaster/)
Saline (https://www.klkntv.com/news/local-news/saline/)
Seward (https://www.klkntv.com/news/local-news/seward/)
York (https://www.klkntv.com/news/local-news/york/)

## WEATHER

# Exhibit 8





**Knights Templar**

Like This Page · October 22, 2015 · Edited · 🌐

We are back ! Join us on Facebook and invite your friends on our page.



👍 403                               3 Comments  201 Shares

👍 Like           💬 Comment          ↗ Share





Cavalieri Templari e Templarismo   •••
Like This Page · September 12, 2016 · ⚙

👍 2

👍 Like     💬 Comment     ↪ Share

# Exhibit 9

| | |
|---|---|
| **From:** | Har, Susan (USACAC) |
| **To:** | Jenkins, Mack (USACAC); John Littrell |
| **Cc:** | Ryan V. Fraser |
| **Subject:** | RE: US v. Fortenberry, CR 2:21-cr-00491-SB |
| **Date:** | Thursday, November 4, 2021 10:19:00 AM |

Hi John and Ryan,

We have received through PACER your motion to dismiss for lack of venue, which we understand was also provided by the defense to local media.  We would like to call to your attention to Judge Blumenfeld's criminal standing order, Section E, subsection 1, which states, in relevant part:

**<u>Hearings</u>**.

==Meet and confer before filing a motion and describe the resolution efforts in the notice of motion.==

Contrary to the standing order, your notice does not describe any meet and confer efforts because no such efforts were made.  As you may recall, we also asked to discuss a briefing schedule for the motions you planned to file, as well as the trial date, particularly given the condensed timeline and with the coming holidays (see below).  You advised that you wanted to take a look at the discovery before we talked about a trial date and briefing schedule.  As you know, we had no such further discussions before you filed your motion.

So there is no confusion, the government is re-raising its request to discuss a briefing schedule for any future motions, as well as to engage in meet and confer efforts prior to the filing of any motions, as required by the Court's order.   While we appreciate you previously made us aware you intended to file certain motions, this does not replace the meet and confer requirement.   As you know, meet and confers can conserve court and party resources by obviating the need for litigation, establishing agreed upon briefing schedules and hearing dates, and narrowing or previewing issues for the Court.

Best,
Susan and Mack

**Susan Har | Assistant United States Attorney**
O: █████████ | C: 213-503-█

---

**From:** Jenkins, Mack (USACAC) <████████████████>
**Sent:** Monday, October 25, 2021 7:14 PM
**To:** John Littrell <██████████████>
**Cc:** Ryan V. Fraser <████████████████ Garrison Giali <██████████████ Har, Susan (USACAC) <██████████████
**Subject:** RE: US v. Fortenberry, CR 2:21-cr-00491-SB

Hi John –
1. As we discussed, given, among other things, the sensitive nature of the investigation and

reference to various public officials, we need to secure a protective order before producing the discovery. Accordingly, attached is a stip/po. I will represent the protective order is based on our standard version and essentially tracks the protective order entered into by the parties and signed by Judge Walter in US v. Huizar et al., 20-326-JFW.

2. We have also attached a draft transcript agreement for your review/signature.

3. Once both have been executed and the protective order entered by the judge, we are prepared to then appropriately stamp all of the discovery and produce it within the next day or so via USAFx.

4. Regarding trial dates -  as we discussed, the government can be prepared to go on the first date (12/14). If your client seeks a continuance, we had discussed a mid-March 2022 date. Our understanding is that the judge is tight with continuances so we believe it would be prudent to select the most realistic date with our first shot. Susan and I have trial conflicts January 2022 and May-June 2022. Please let us know your thoughts and we can work on a stip.

5. Given the various motions you discussed filing, it makes sense to include a briefing schedule in any stipulation that allows you time to prepare them and us sufficient time to respond. We should do it all sufficiently in advance of trial and the court's MILs deadline to make our respective trial preparations the most efficient.

---

**From:** John Littrell <​████████████████​>
**Sent:** Monday, October 25, 2021 4:57 PM
**To:** Jenkins, Mack (USACAC) <​████████████​> Har, Susan (USACAC) <​████████████​>
**Cc:** Ryan V. Fraser <​████████████​> Garrison Giali <​████████████​>
**Subject:** [EXTERNAL] RE: US v. Fortenberry, CR 2:21-cr-00491-SB

Hi guys, just following up on this. Can you let me know status on discovery please. Thank you.

**John L. Littrell** | Partner

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

---

**From:** John Littrell
**Sent:** Friday, October 22, 2021 3:55 PM
**To:** Jenkins, Mack (USACAC) <​████████████​> Har, Susan (USACAC) <​████████████​>
**Cc:** Ryan V. Fraser <​████████████​> Garrison Giali <​████████████​>
**Subject:** US v. Fortenberry, CR 2:21-cr-00491-SB

Mack and Susan, please see the attached discovery request. I appreciate your agreement to produce discovery promptly. As I mentioned when we last spoke, we intend to proceed to trial as quickly as is reasonably possible in order to mitigate the harm that this outstanding indictment has caused Rep Fortenberry, his family, and his constituents.

**John L. Littrell**
**Partner** | Orange County

Bienert Katzman Littrell Williams LLP
[Website](Website) | [vCard](vCard) | [Profile](Profile)

[Los Angeles](Los Angeles) | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
[Orange County](Orange County) | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 | (949) 369-3700



The foregoing message is confidential and intended for the designated recipient only.  The foregoing information may be protected by attorney-client and/or work product privileges.  Accordingly, if you have received this message in error, please contact BIENERT KATZMAN LITTRELL WILLIAMS LLP immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.