**<u>Exhibit 1</u>**

**<u>[Filed Under Seal]</u>**

**Exhibit 2**

**From:** John Littrell <████████████████>
**Sent:** Tuesday, November 30, 2021 9:15 AM
**To:** Jenkins, Mack (USACAC) <████████████████>
**Cc:** Har, Susan (USACAC) <████████████████> Buxton, Jamari (USACAC) <████████████████>
Ryan V. Fraser <████████████████> Garrison Giali <████████████████>
**Subject:** [EXTERNAL] RE: U.S. v. Fortenberry

Mack, this is fine except that January 4 does not work for a hearing date.
If you don't want to do the hearing on December 21, then I would propose a hearing date of **January 11**.
We are free for a meet and confer today at 12pm, I'll circulate a zoom link.

**John L. Littrell** | Partner
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

**From:** Jenkins, Mack (USACAC) <████████████████>
**Sent:** Monday, November 29, 2021 6:11 PM
**To:** John Littrell <████████████████>
**Cc:** Har, Susan (USACAC) <████████████████> Buxton, Jamari (USACAC)
<████████████████> Ryan V. Fraser <████████████████> Garrison Giali
<████████████████>
**Subject:** RE: U.S. v. Fortenberry

Thanks for your responses.  Here is the proposed stip/po that incorporates the expert disclosures and the revised briefing schedule for your latest two motions discussed below.
Our collective best time to chat is 12pm tomorrow.  If that still works, you want to circulate a conference call or Zoom?

**From:** John Littrell <████████████████>
**Sent:** Monday, November 29, 2021 4:26 PM
**To:** Jenkins, Mack (USACAC) <████████████████>
**Cc:** Har, Susan (USACAC) <████████████████> Buxton, Jamari (USACAC) <████████████████>
Ryan V. Fraser <████████████████> Garrison Giali <████████████████>
**Subject:** [EXTERNAL] RE: U.S. v. Fortenberry

I thought we pretty well exhausted the meet and confer efforts with respect to the discovery dispute.  We wrote several letters, and specifically asked to meet and confer about them.  You responded with a letter denying our requests.

That being said, I would be happy to discuss the disputed issues in the discovery motion further, and

EXHIBIT 2
Page 1 of 4

if we can resolve any of the disputed issues I will withdraw some or all of it.

I don't think we have an obligation to set a briefing schedule that is different from the one identified in the Court's standing order, but as I have said before if you need extra time to respond to any motion we file just let me know and I will work with you.  I'm fine with the schedule you propose below for the discovery and suppression motion, so perhaps you can incorporate that into the stip you have in mind for the agreed upon schedule for expert disclosures.

On the motion to suppress, we still anticipate filing that tomorrow, so let's set a time to meet and confer on that as well as the discovery motion.
I can be available any time between now and COB tomorrow, just let me know when is good for you.

We do anticipate filing a declaration in support of that motion from Trey Gowdy, and I will check with his availability on the date you propose.

**John L. Littrell** | Partner

Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

_____

**From:** Jenkins, Mack (USACAC) <███████████████████████>
**Sent:** Monday, November 29, 2021 11:54 AM
**To:** John Littrell <███████████████████>
**Cc:** Har, Susan (USACAC) <██████████████████ Buxton, Jamari (USACAC)
<███████████████████ Ryan V. Fraser <████████████████████ Garrison Giali
<█████████████████████>
**Subject:** RE: U.S. v. Fortenberry

Thanks John.

Sounds good, we will prepare a stip to alert the Court to our agreement and apprise it of the update to the pre-trial schedule.

I hear your position on the "meet and confer."  Just to be clear, ours is that the Court's "meet and confer" order is not a mere "notice" requirement, but requires, among other things, a discussion of the briefing schedule and actual responsive discussion about the merits before the motion filed.  And we appreciate that you have provided those additional steps since our meeting after we raised the issue, including the below email, up until today.

Today, after sending the below email on Sunday at 12:24 pm requesting our position on both motions and to discuss a briefing schedule, you then filed one of those motions (Docket 30) today at 10:42 a.m. without waiting for our response on any of your requests.  Moreover, you filed the motion early according to the Court's briefing schedule that delineates Tuesdays as the default filing date for criminal motions.  Our position is that Docket 30 is not in compliance with the Court's meet

EXHIBIT 2
Page 2 of 4

and confer order.

Notwithstanding the above, regarding scheduling, we appreciate the offer and will take the extra week to respond to the latest two motions (for a total of two weeks). But can you please set the hearing date for **January 4** instead of Dec. 28? While we do not need additional time beyond the two weeks for briefing, that week between Christmas and New Year's involves a lot of travel that makes that hearing date a bad date.

Regarding the motions themselves, <u>please advise whether you will be providing declarations in support of both/either</u>? Additionally, if so, we assume you will make <u>all declarants available for cross examination on the hearing date</u>?

Thank you.

**From:** John Littrell <████████████████████>
**Sent:** Sunday, November 28, 2021 12:24 PM
**To:** Jenkins, Mack (USACAC) <████████████████ Ryan V. Fraser <██████████████
Garrison Giali <████████████████>
**Cc:** Har, Susan (USACAC) <████████████████ Buxton, Jamari (USACAC) <██████████████
**Subject:** [EXTERNAL] RE: U.S. v. Fortenberry

Mack, I hope you all had a nice thanksgiving.

Your proposed schedule for providing expert notice set forth in your November 26, 2021 letter is fine with us.

I disagree with your characterization of our November 8, 2021 call as being for the purpose of discussing our "failure to comply with the Court's meet-an-confer requirement prior to filing [our] venue motion." We did not fail to comply with the Court's meet-and-confer requirement. To the contrary, I had advised you of the venue defect in this case repeatedly prior to filing a motion, both prior to the indictment and afterward, including at Congressman Fortenberry's arraignment, when we announced that we would be filing a motion to dismiss for lack of venue. You consistently expressed your view that there was venue based on the "felt-in" test, which you then articulated in your opposition.

We are planning to file two more motions this week, with a presumptive hearing date of **December 21, 2021.** However, if you want an extra week to respond I will notice the hearing for **December 28, 2021.**

The first is a motion to compel the discovery that you declined to produce as set forth in your November 23, 2021 letter. I think we have both set forth our positions on this already in our letters.

The second is a motion to suppress Congressman Fortenberry's statements. We also advised you and the Court at Congressman Fortenberry's arraignment that we were anticipating filing this motion. The theory behind this motion is that (1) prior to the Washington D.C. interview you

EXHIBIT 2
Page 3 of 4

represented to Fortenberry's then-counsel, Trey Gowdy, that the Congressman was a subject, trending toward being a witness (as opposed to a target) of the investigation.  Trey relied on that representation when he advised Fortenberry to participate in the Washington D.C. interview.  That representation was misleading because the government had already secretly recorded a call between Fortenberry and Individual H in 2018, and had conducted a surreptitiously recorded interview of Fortenberry in March 2019 in which the government believed he lied to a federal agent by falsely denying the information conveyed to him in that 2018 call.  This motion is also based on (2) your representation to Trey, during a break in the Washington D.C. interview, that it was not a "bullshit 1001" (meaning an effort to set the Congressman up to make a false statement based on the secretly recorded call you had at the time) when at least portions of that interview appear to be a "bullshit 1001" because they were designed to set Fortenberry up to make a false statement based on that recording.

<mark>Please let us know if you think we can resolve either of these disputes without filing these motions.</mark>

**John L. Littrell** | Partner

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

---

**From:** Jenkins, Mack (USACAC) <██████████████████████>
**Sent:** Friday, November 26, 2021 7:02 PM
**To:** John Littrell <███████████████     Ryan V. Fraser <██████████████████>
**Cc:** Har, Susan (USACAC) <████████████████████     Buxton, Jamari (USACAC) <████████████████████>
**Subject:** U.S. v. Fortenberry

Hi John and Ryan:  Please see attached correspondence.

Hope you both have a great holiday weekend.

**Mack E. Jenkins** | **Assistant United States Attorney**
Chief | Public Corruption & Civil Rights Section
United States Courthouse, Suite 1500 | 312 N. Spring St. | Los Angeles, California 90012
T: ███████████  F: █████████  | ██████████████████

EXHIBIT 2
Page 4 of 4

**Exhibit 3**

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Monday, November 29, 2021 10:42 AM
**To:** noreply@ao.uscourts.gov
**Subject:** Activity in Case 2:21-cr-00491-SB USA v. Fortenberry Motion to Compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Littrell, John on 11/29/2021 at 10:41 AM PST and filed on 11/29/2021

**Case Name:**       USA v. Fortenberry
**Case Number:**     2:21-cr-00491-SB
**Filer:**           Dft No. 1 - Jeffrey Fortenberry
**Document Number:** 30

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Compel Discovery Filed by Defendant Jeffrey Fortenberry. Motion set for hearing on 12/21/2021 at 08:00 AM before Judge Stanley Blumenfeld Jr.. (Attachments: # (1) Exhibit A - D) (Littrell, John)**


**2:21-cr-00491-SB-1 Notice has been electronically mailed to:**

J Jamari Buxton       ██████████████████████

John Lewis Littrell   ██████████████████████   4579179420@filings.docketbird.com, docket@bklwlaw.com, tthomas@bklwlaw.com

Mack Eric Jenkins     ██████████████████████   caseview.ECF@usdoj.gov, usacac.criminal@usdoj.gov

1

Ryan Vaughan Fraser █████████████

Susan S. Har ███████████████ CaseView.ECF@usdoj.gov, USACAC.criminal@usdoj.gov

**2:21-cr-00491-SB-1 Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\211129 Motion to Compel Discovery (FINAL).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/29/2021] [FileNumber=33022545-
0] [6f12800eb53705f0fb3d5084afb6d83c338dc375d4bc4ce289045a2c5550bf22a4
f5cbfd8eb18b9cf2d9053e40a2feecc154956ed40bd6875c52380d3823af6a]]
**Document description:**Exhibit A - D
**Original filename:**C:\fakepath\Exhibits A-D (FINAL).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/29/2021] [FileNumber=33022545-
1] [791d2c54651af90ad3231152685595e06796fcc171bed8927ab3e2cb80d202f3b8
b4e1af2c043f98e640a3a0e34a8f7ff791d584938b4f4eb0370e5abf970cd5]]

## **Exhibit 4**

## **[Filed Under Seal]**

**<u>Exhibit 5</u>**

**<u>[Filed Under Seal]</u>**

## **Exhibit 6**

## **[Filed Under Seal]**

# <u>Exhibit 7</u>

# <u>[Filed Under Seal]</u>

# <u>Exhibit 8</u>

# <u>[Filed Under Seal]</u>

**Exhibit 9**

| | |
|---|---|
| **From:** | Har, Susan (USACAC) |
| **To:** | Jenkins, Mack (USACAC); John Littrell |
| **Cc:** | Ryan V. Fraser |
| **Subject:** | RE: US v. Fortenberry, CR 2:21-cr-00491-SB |
| **Date:** | Thursday, November 4, 2021 10:19:00 AM |

Hi John and Ryan,

We have received through PACER your motion to dismiss for lack of venue, which we understand was also provided by the defense to local media.  We would like to call to your attention to Judge Blumenfeld's criminal standing order, Section E, subsection 1, which states, in relevant part:

**<u>Hearings</u>**.
<mark>Meet and confer before filing a motion and describe the resolution efforts in the notice of motion</mark>.

Contrary to the standing order, your notice does not describe any meet and confer efforts because no such efforts were made.  As you may recall, we also asked to discuss a briefing schedule for the motions you planned to file, as well as the trial date, particularly given the condensed timeline and with the coming holidays (see below).  You advised that you wanted to take a look at the discovery before we talked about a trial date and briefing schedule.  As you know, we had no such further discussions before you filed your motion.

So there is no confusion, the government is re-raising its request to discuss a briefing schedule for any future motions, as well as to engage in meet and confer efforts prior to the filing of any motions, as required by the Court's order.   While we appreciate you previously made us aware you intended to file certain motions, this does not replace the meet and confer requirement.   As you know, meet and confers can conserve court and party resources by obviating the need for litigation, establishing agreed upon briefing schedules and hearing dates, and narrowing or previewing issues for the Court.

Best,
Susan and Mack

**Susan Har | Assistant United States Attorney**
O: ▇▇▇▇▇▇ | C: 213-503-▇

**From:** Jenkins, Mack (USACAC) <▇▇▇▇▇▇▇▇▇▇▇▇>
**Sent:** Monday, October 25, 2021 7:14 PM
**To:** John Littrell <▇▇▇▇▇▇▇▇▇▇>
**Cc:** Ryan V. Fraser <▇▇▇▇▇▇▇▇▇▇> Garrison Giali <▇▇▇▇▇▇▇▇▇▇> Har, Susan (USACAC) <▇▇▇▇▇▇▇▇▇▇>
**Subject:** RE: US v. Fortenberry, CR 2:21-cr-00491-SB

Hi John –
1. As we discussed, given, among other things, the sensitive nature of the investigation and

reference to various public officials, we need to secure a protective order before producing the discovery.  Accordingly, attached is a stip/po.  I will represent the protective order is based on our standard version and essentially tracks the protective order entered into by the parties and signed by Judge Walter in US v. Huizar et al., 20-326-JFW.

2. We have also attached a draft transcript agreement for your review/signature.

3. Once both have been executed and the protective order entered by the judge, we are prepared to then appropriately stamp all of the discovery and produce it within the next day or so via USAFx.

4. Regarding trial dates -  as we discussed, the government can be prepared to go on the first date (12/14).  If your client seeks a continuance, we had discussed a mid-March 2022 date.  Our understanding is that the judge is tight with continuances so we believe it would be prudent to select the most realistic date with our first shot.  Susan and I have trial conflicts January 2022 and May-June 2022.  Please let us know your thoughts and we can work on a stip.

5. Given the various motions you discussed filing, it makes sense to include a briefing schedule in any stipulation that allows you time to prepare them and us sufficient time to respond.  We should do it all sufficiently in advance of trial and the court's MILs deadline to make our respective trial preparations the most efficient.

---

**From:** John Littrell <​██████████████████████​>
**Sent:** Monday, October 25, 2021 4:57 PM
**To:** Jenkins, Mack (USACAC) <​██████████████████​> Har, Susan (USACAC) <​████████████████​>
**Cc:** Ryan V. Fraser <​██████████████​> Garrison Giali <​██████████████​>
**Subject:** [EXTERNAL] RE: US v. Fortenberry, CR 2:21-cr-00491-SB

Hi guys, just following up on this.  Can you let me know status on discovery please.  Thank you.

**John L. Littrell** | Partner

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

---

**From:** John Littrell
**Sent:** Friday, October 22, 2021 3:55 PM
**To:** Jenkins, Mack (USACAC) <​████████████████​> Har, Susan (USACAC)
<​█████████████​>
**Cc:** Ryan V. Fraser <​██████████████​> Garrison Giali <​██████████████​>
**Subject:** US v. Fortenberry, CR 2:21-cr-00491-SB

Mack and Susan, please see the attached discovery request.  I appreciate your agreement to produce discovery promptly.  As I mentioned when we last spoke, we intend to proceed to trial as quickly as is reasonably possible in order to mitigate the harm that this outstanding indictment has caused Rep Fortenberry, his family, and his constituents.

**John L. Littrell**
**Partner** | Orange County

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

Los Angeles | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
Orange County | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 | (949) 369-3700



The foregoing message is confidential and intended for the designated recipient only.  The foregoing information may be protected by attorney-client and/or work product privileges.  Accordingly, if you have received this message in error, please contact BIENERT KATZMAN LITTRELL WILLIAMS LLP immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.

## <u>Declaration</u>

## <u>**[Filed Under Seal]**</u>