TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. pending)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-3289
    Facsimile:   (213) 894-0141
    E-mail:      mack.jenkins@usdoj.gov
                  jamari.buxton@usdoj.gov
                  susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>          v.<br><br>JEFFREY FORTENBERRY,<br><br>    Defendant. | Case No. 2:21-cr-00491-SB<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER STRIKING DEFENDANT'S POST-ARGUMENT BRIEF RE MOTION TO SUPPRESS STATEMENTS, OR, ALTERNATIVELY, FOR LEAVE TO FILE AN OPPOSITION; DECLARATION OF J. JAMARI BUXTON<br><br>Indictment: 10/19/2021<br>Pretrial Conference: 2/8/2022 at 8:00 a.m.<br>Trial: 2/15/2022 at 8:00 a.m.<br>Last Day: 3/2/2022 |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton, hereby applies <u>ex parte</u>

for an Order striking defendant Jeffrey Fortenberry's ("defendant") post-argument brief re motion to suppress statements, filed on January 18, 2022 (the "Post-Argument Brief") (Dkt. No. 79), or, alternatively, for leave to file an opposition to defendant's Post-Argument Brief on or before February 1, 2022.

The parties met and conferred regarding defendant's Post-Argument Brief on January 18, 2022. The government informed defendant that it objected to defendant filing supplemental briefing regarding defendant's motion to suppress statements, filed on November 30, 2021 (Dkt. No. 35), because, among other reasons, defendant is raising arguments it could have presented in his original motion. Defendant filed his 17-page Post-Argument Brief later that evening, without seeking leave of the Court. In it, defendant states that he does not object to the Court allowing the government a reasonable time to respond to his Post-Argument Brief if the Court considers that filing. (Dkt. No. 79 at 1.)

This <u>ex parte</u> application is based upon the accompanying declaration, the files and records in this case, any further argument that the Court might permit, and is supported by Ninth Circuit law. See <u>Leong v. Potter</u>, 347 F.3d 1117, 1125 (9th Cir. 2003) (affirming the district court's decision to strike a supplemental brief that was filed late and without leave from the court); see also <u>Huyen Nguyen v. Esper</u>, 722 F. App'x

//
//
//

688, 689-90 (9th Cir. 2018) (affirming district court's striking of untimely brief that did not comply with the local rules).

Dated: January 20, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

       /s/
J. JAMARI BUXTON
MACK E. JENKINS
SUSAN S. HAR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## DECLARATION OF J. JAMARI BUXTON

I, J. Jamari Buxton, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am assigned to the case of <u>United States v. Jeffrey Fortenberry</u>, 21-CR-491-SB.

2. On November 30, 2021, defendant filed a motion to suppress statements. (Dkt. No. 35.) In the motion, defendant asserted that the Court should suppress his March 23, 2019 and July 18, 2019[1] statements to the federal government based on "equitable principles of contract law," including "the notion of promissory estoppel." (<u>Id.</u> at 8.) The motion argued that each of the elements of promissory estoppel applied in this case. (<u>Id.</u> at 8-12.)

3. The government filed its opposition to defendant's motion to suppress on December 14, 2021. (Dkt. No. 47). A week later, on December 21, 2021, defendant filed his reply. (Dkt. No. 53.)

4. On January 11, 2022, the parties appeared for a hearing regarding defendant's motion to suppress. (Dkt. No. 71.) Each party presented oral argument on the motion. After hearing from the parties, the Court took the motion to suppress under submission. (<u>Id.</u>)

5. On the morning of January 18, 2022, defense counsel sent an email to the government stating that it planned to file a supplemental brief that day addressing "closely related contract and equitable doctrines—i.e., fraudulent inducement or equitable estoppel" that, in defense counsel's view, constitute alternative grounds for suppression, as well as "other issues discussed and developed at the oral argument." (<u>See</u> Exhibit A.) Defense counsel asked whether the government objected to him filing a supplemental brief, and he further asked whether the government would agree that

---

[1] Defendant's briefing and arguments did not reconcile how he sought to exclude both statements while the conduct of which he complains did not come until *after* the first statement had occurred. For the purposes of the litigation, the government presumed this was an inadvertent drafting error by counsel.

fraudulent inducement and equitable estoppel could be treated as within the scope of his original motion to suppress statements.  (<u>See</u> <u>id</u>.)  If the government did not so agree, defense counsel said he planned to file a second motion to suppress based on the newly-raised alternative equitable contract grounds.  (<u>See</u> <u>id</u>.)

6. The government replied to defendant's email that afternoon and stated that it objected to defendant filing a supplemental post-argument brief that raised alternative theories in support of his motion to suppress.  (<u>See</u> <u>id</u>.)  The government explained that defendant had the opportunity – but, for whatever reason, chose not to – assert the equitable contract theories of fraudulent inducement and equitable estoppel in his original motion to suppress.  (<u>See</u> <u>id</u>.)  For that same reason, the government said it objected to defendant filing a second motion to suppress based on these grounds.  (<u>See</u> <u>id</u>.)  Nonetheless, the government offered to further discuss the proposed supplemental briefing with defense counsel by telephone later that day consistent with the parties' obligations to meet and confer.  (<u>See</u> <u>id.</u>)

7. The parties spoke by telephone on the afternoon of January 18, 2022 and discussed the matter further.  Following the call, the government sent defense counsel an email stating that its position remained the same— the government continued to object to a supplemental brief on the ground that defendant sought to raise arguments that could have been made in connection with his original motion.  (<u>See</u> <u>id</u>.)

8. On the evening of January 18, 2022, defendant filed both a 17-page "post-argument brief re motion to suppress statements," without seeking leave of the Court (Dkt. No. 79), and a 10-page "second motion to suppress statements" (Dkt. No. 80).

9. Defendant characterizes his Post-Argument Brief as a "supplemental brief to address further the below questions and issues developed at the January 11, 2022, oral argument on his November 30, 2021, motion to suppress statements." (Dkt. No. 79 at 1.)  Defendant did not seek leave of the Court to file a supplemental brief, and the brief exceeds the 15-page limit for reply briefs under the Court's criminal standing order.  (<u>See</u> Dkt. No. 8.)

2

10. In his notice of the second motion to suppress statements, defendant states that the motion is based "on the grounds previously argued and briefed, as well as alternatively on the grounds discussed in the concurrently filed Memorandum of Points and Authorities below, to the extent these grounds are deemed beyond the scope of his November 30, 2021, motion to suppress the same statements." (Dkt. No. 80 at 1 (emphasis added).) The notice further notes that defendant is not requesting oral argument on this motion, which also renders the briefing schedule on that newest motion uncertain. (Id.)

11. Because defendant had the opportunity to raise the alternative equitable contract-based theories set forth in the Post-Argument Brief in his original motion to suppress, and because defendant did not seek leave of the Court either to file a supplemental brief or to exceed the applicable page limit for reply briefs, the government requests that the Court strike defendant's Post-Argument Brief. See Leong v. Potter, 347 F.3d 1117, 1125 (9th Cir. 2003) (affirming the district court's decision to strike a supplemental brief that was filed late and without leave from the court); see also Huyen Nguyen v. Esper, 722 F. App'x 688, 689-90 (9th Cir. 2018) (affirming district court's striking of untimely brief that did not comply with the local rules).

12. Alternatively, if the Court chooses to consider the new theories of relief contained in defendant's Post-Argument Brief, the government requests leave to file an opposition. Given the length of the Post-Argument Brief (17 pages) and last-minute notice by defendant, the government respectfully requests that it be permitted to file its opposition, if necessary, by February 1, 2022. Likewise, the government respectfully requests that it be permitted to file its opposition to the second motion to suppress statements by February 1, 2022, which can be consolidated into the government's opposition to defendant's Post-Argument Brief, if necessary. Defendant states in his

//
//

Post-Argument Brief that he does not object to the Court allowing the government a reasonable time to respond to the brief if the Court considers that filing.  (Dkt. No. 79 at 1.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles County, California, on January 20, 2022.

J. JAMARI BUXTON
Assistant United States Attorney