**From:** Har, Susan (USACAC)
**To:** Ryan V. Fraser; Buxton, Jamari (USACAC); Jenkins, Mack (USACAC)
**Cc:** John Littrell; Garrison Giali
**Subject:** RE: US v. Fortenberry: Meet-and-confer re motion to suppress statements
**Date:** Tuesday, January 18, 2022 5:39:58 PM

Hi Ryan,

Our position remains the same – we continue to object to a supplemental brief on the ground that these are arguments that could have been made in connection with the original motion. We also think it makes sense to see what the Court's order is first before we take a position as to whether the issues you wish to now raise in the supplemental have been exhausted; whether there are grounds for a reconsideration motion; or whether a new motion would be appropriate.

Thanks,
Susan

**Susan Har** | **Assistant United States Attorney**
O: [redacted] | C: [redacted]

**From:** Ryan V. Fraser [redacted]
**Sent:** Tuesday, January 18, 2022 5:23 PM
**To:** Buxton, Jamari (USACAC) [redacted]; Jenkins, Mack (USACAC) [redacted]; Har, Susan (USACAC) [redacted]
**Cc:** John Littrell [redacted]; Garrison Giali [redacted]
**Subject:** [EXTERNAL] RE: US v. Fortenberry: Meet-and-confer re motion to suppress statements

Following up here on discussion over the phone between Mack, Susan, John, and me that just ended, I understand from Mack that the government is ok with my filing without the redactions as described below.

I also understand perhaps there might be room for movement as to whether I need to file a separate motion re equitable estoppel and fraudulent inducement. My understanding is that the AUSAs will confer among yourselves at this point and get back to me to either confirm the plan below or revise it so that this would all just be wrapped up in the post-argument supplemental brief without need of a free-standing motion.

Thank you for that possible reconsideration. Please just let me know as soon as you can (hopefully by 6 is possible?) once you've reached a final decision about that.

Thanks again,
Ryan.

**Ryan V. Fraser** | Associate
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

---

**From:** Ryan V. Fraser
**Sent:** Tuesday, January 18, 2022 4:13 PM
**To:** Buxton, Jamari (USACAC) [redacted]; Jenkins, Mack (USACAC) [redacted]; Har, Susan (USACAC) [redacted]
**Cc:** John Littrell [redacted]; Garrison Giali [redacted]
**Subject:** RE: US v. Fortenberry: Meet-and-confer re motion to suppress statements

Jamari, Mack and Susan,

Thank you for the timely response. Though I disagree, I respect your and the government's thoughts and I will be sure to include the language you indicated below.

As far as a follow-up call, I feel like you've answered my questions. And it doesn't sound like you think further meeting and conferring about it is reasonably likely to be fruitful, which is probably right. (If I am misinterpreting, please let me know.)

One last detail related to the prospective filing that I should check with you about: I plan to refer to all the exhibits already in the record (and no others that are in any way confidential). Among those, Exhibits B and C to the motion to suppress were filed under seal pursuant to the protective order. I do not plan to reproduce them by copying and pasting in the forthcoming fillings, but do plan to discuss their contents in a similar manner as we did at the oral argument and as you did in your non-redacted and publicly filed opposition brief. (On page 3, you quoted from parts of Exhibit B, for example.)

In the forthcoming filings, **would you object to my likewise citing to and referring to these exhibits without redacting**? To be clear, I would not be filing these exhibits on the public docket (or refiling them or including a "snip" image of them, etc.).

Thanks again,
Ryan

**Ryan V. Fraser** | Associate
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

---

**From:** Buxton, Jamari (USACAC) [redacted]
**Sent:** Tuesday, January 18, 2022 2:27 PM
**To:** Ryan V. Fraser [redacted]; Jenkins, Mack (USACAC) [redacted]; Har, Susan (USACAC) [redacted]
**Cc:** John Littrell [redacted]
**Subject:** RE: US v. Fortenberry: Meet-and-confer re motion to suppress statements

Ryan— The government objects to defendant filing a supplemental post-argument brief so that it

can raise more theories in support of its motion to suppress statements. Defendant had the opportunity – but, for whatever reason, chose not to – assert the theories you identify below in its original motion. For that same reason, the government objects to additional motions to suppress based on the alternative grounds you identify. If the Court denies your pending motion to suppress and you believe you have proper grounds to make a reconsideration motion, you can pursue that mechanism and the government will respond with its position.

With respect to your request to meet and confer, we are available to jump on a call later this afternoon if you have additional questions or issues to discuss. To be clear, the government maintains that it neither misrepresented any information to the defense nor did it intend, or was it reasonable for the defense to believe the government intended, that defendant act on any alleged misrepresentation. The government therefore submits that the new and alternative grounds for relief you identify are likewise meritless.

If you do proceed with an opposed ex parte application to file a supplemental post-argument brief, please copy and paste the below as the government's position:

**The government objects to defendant filing a supplemental post-argument brief so that it can raise new and alternative theories in support of its motion to suppress statements. Defendant had a full opportunity to brief and argue all relevant issues and theories in support of its motion and offers no legitimate grounds to submit additional briefing. In any event, the government maintains that the defense's new and alternative theories of suppression are meritless because, among other reasons, the government neither misrepresented any information to the defense nor did it intend, or was it reasonable for the defense to believe the government intended, that defendant act on any alleged misrepresentation.**

**J. Jamari Buxton** | **Assistant United States Attorney**
United States Attorney's Office| 312 N. Spring St. | Los Angeles, California 90012
T: [redacted] | C: [redacted] | F: [redacted]
[redacted]

---

**From:** Ryan V. Fraser [redacted]
**Sent:** Tuesday, January 18, 2022 10:28 AM
**To:** Jenkins, Mack (USACAC) [redacted]; Har, Susan (USACAC) [redacted]; Buxton, Jamari (USACAC) [redacted]
**Cc:** John Littrell [redacted]
**Subject:** [EXTERNAL] US v. Fortenberry: Meet-and-confer re motion to suppress statements

*MEETING AND CONFERRING*

Good morning, Mack, Susan, and Jamari.

I hope you had a good weekend. This email concerns a request to meet and confer today related to

the motion to suppress statements.

I understand one of the government's arguments opposing suppression of Fortenberry's statements to be that the government made no promise for purposes of promissory estoppel. However, it is the defense's position that, under closely related contract and equitable doctrines—*i.e.*, fraudulent inducement or equitable estoppel—a misrepresentation of fact (fraudulent inducement) or conduct intended by the government to be acted on (or that Fortenberry had a right to believe was so intended) (equitable estoppel) would substitute for the lack of "promise" for purposes of promissory estoppel to warrant the same result of suppression. Also, the exhibits filed by the parties to the original motion and lack of contrary declaration from Mack establish the elements of any of these related, though not identical, legal theories.

We intend to file today a supplemental post-oral argument brief addressing this and other issues discussed and developed at the oral argument. **This leads to my first question: Do you object to the filing today of this supplemental post-argument brief?**

Also, if it would be your position that fraudulent inducement and equitable estoppel are not within the scope of the original motion, then a second motion to suppress would need to be filed, which I would also do today in time to have it heard at the February 8 hearing date. This leads to my **second question: do you agree that fraudulent inducement and equitable estoppel can be treated as within the scope of the original motion to suppress statements?** If so, then I would note your agreement to this in the post-argument brief and forgo filing a separate motion pursuant to that agreement.

Please respond to these questions via email today by 2:30 p.m. or provide a time or couple times for a phone call today if that would be your preferred way of meeting and conferring about this.

Thank you,
Ryan


**Ryan V. Fraser**
**Associate** | Los Angeles
Bienert Katzman Littrell Williams LLP

Los Angeles | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
Orange County | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 | (949) 369-3700



The foregoing message is confidential and intended for the designated recipient only. The foregoing information may be

protected by attorney-client and/or work product privileges. Accordingly, if you have received this message in error, please contact BIENERT KATZMAN LITTRELL WILLIAMS LLP immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.