UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JEFFREY FORTENBERRY,

    Defendant.

No. 2:21-CR-00491-SB

[PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**[PROPOSED] TRIAL DATE: 03-15-22**

**[PROPOSED] FSC DATE: 03-08-22**

Having considered the United States of America's Ex Parte Application for Speedy Trial Act Findings of Excludable Delay, as well as the Central District of California's General Orders, the Chief Judge's Orders, and the Amended Expiration of Continuity of Operations Plan Notice, the Court hereby FINDS AS FOLLOWS:

    1.    The Indictment in this case was filed on October 19, 2021.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 20, 2021.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 29, 2021.

    2.    On October 20, 2021, the Court set a trial date of December 14, 2021.

    3.    The Court has previously continued the trial date in this case from December 14, 2021 to February 15, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

    4.    Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately 2-3 days.

    5.    Defendant is charged with a violation of 18 U.S.C. § 1001(a)(1): Falsifying and Concealing Material Facts, and violations of 18 U.S.C. § 1001(a)(2): Making False Statements.  The government has produced discovery to the defense, including over

13,000 pages of written communications, reports, transcripts, articles, and other records and over 60 audio/visual recordings.

6. In March 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02 (Mar. 13, 2020). Although criminal jury trials resumed in 2021, on January 3, 2022, following the alarming spread of the Omicron variant, the Chief Judge ordered a three-week suspension of all jury trials to commence immediately and remain in effect through and including January 24, 2022. C.D. Cal. Order of the Chief Judge No. 22-001 (Jan. 3, 2022). Upon a majority vote of the Executive Committee, that suspension was extended for five weeks through and including February 28, 2022. C.D. Cal. Order of the Chief Judge No. 22-002 (Jan. 19, 2022).

7. The temporary suspension of jury trials has been one of the many health and safety restrictions adopted in response to COVID-19. During the pandemic, the Court has imposed limitations on access to Court facilities, suspended grand jury proceedings, and maximized the use of video-teleconference and telephonic hearings. See, e.g., C.D. Cal. Order of the Chief Judge No. 21-105 (Oct. 4, 2021); C.D. Cal. General Order No. 21-08 (Jun. 11, 2021); C.D. Cal. General Order No. 21-03 (Mar. 19, 2021); C.D. Cal. Order of the Chief Judge No. 20-179 (Dec. 7, 2020); C.D. Cal. General Order No. 20-09 (Aug. 6, 2020); C.D. Cal. General Order No. 20-08 (May 28, 2020); C.D. Cal. General Order No. 20-02 (Mar. 13, 2020).

8. The Court's orders have been based on the California Governor's declaration of a public-health emergency in response to COVID-19 and the Centers for Disease Control's guidance to reduce exposure to the virus and slow its spread. See, e.g., General Order 20-02, at 1; Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1. Local conditions have necessitated an especially robust response. California has reported over 7.5 million COVID-19 cases and over 78,000 deaths. See https://covid19.ca.gov/state-dashboard/. The Central District of California has been one

of the hardest hit areas in the nation, with over 4 million reported cases and over 48,000 deaths.  See https://www.nytimes.com/interactive/2021/us/california-covid-cases.html.  State and local orders at various times during the pandemic have required residents to stay home, prohibited travel, closed businesses, and suspended in-person schooling.  See, e.g., California Executive Order N-33-20 (Mar. 19, 2020); Safer at Home, Public Order Under City of Los Angeles Emergency Authority (Mar. 19, 2020); California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020); Blueprint for a Safer Economy, https://covid19.ca.gov/safer-economy/.  At one point during the pandemic, ICU availability in the Central District of California dropped to 0.0%.  C.D. Cal. Order of the Chief Judge No. 21-002, at 1 (Jan. 6, 2021).

9. Given these facts, the Central District has implemented temporary jury trial suspensions to protect public health, reduce the size of public gatherings, and avoid unnecessary travel.  See General Order 20-09, at 1; General Order 20-02, at 1-2.  When jury trials resumed in May 2021, safety protocols were developed to protect the health and safety of trial participants.  To limit the number of simultaneous jury trials, the First Street federal courthouse in downtown Los Angeles permitted only two jury trials to commence each week and only one per floor.  Guidance promulgated by the Court covered a range of subjects, including courtroom ventilation and cleaning, masks and face shields, physical distancing, venireperson seating, courtroom layout options, sidebar proceedings, and juror deliberations. https://www.cacd.uscourts.gov/sites/default/files/documents/Conducting%20Jury%20Trials%20During%20the%20COVID-19%20Pandemic.pdf.

10. More recently, however, with the spread of the Omicron variant and breakthrough cases among vaccinated individuals, the United States has experienced a dramatic increase in COVID-19 cases.  On January 3, 2022, the United States reported a record number of new cases, surpassing one million new cases in a single day for the first time during the pandemic.  See https://www.cnbc.com/2022/01/04/us-counts-over-1-million-new-daily-covid-cases-in-global-record-.html.  The

Central District has been especially hard hit. At the beginning of January 2022, the average daily case count in Los Angeles County alone jumped nearly 400% from December 2021. See https://www.nytimes.com/interactive/2021/us/california-covid-cases.html. On average, every infected person in the county was transmitting the virus to two other people. See https://www.latimes.com/california/story/2022-01-03/california-coronavirus-transmission-rate-now-at-highest-point-since-pandemic-began. Accordingly, on January 3, 2022, in order "to protect public health and safety, as well as ensure the continuous performance of essential functions and operations of the Court," the Chief Judge ordered a three-week suspension of jury trials "through and including January 24, 2022." Chief Judge Order 22-001 at 2-3.

11. Thereafter, on January 19, 2022, the Executive Committee voted to extend the temporary suspension for five weeks "through and including February 28, 2022." Chief Judge Order 22-002 at 3. That decision was supported by findings that the seven counties comprising the Central District of California had all experienced substantial increases in reported COVID-19 cases. Id. Over the course of the week preceding the Executive Committee's vote, those seven counties averaged a total of nearly 63,000 newly reported cases every single day. Id. at 2-3. And during that same week, there were 106 confirmed or suspected COVID-19 cases reported by Court employees in the Central District. Id. at 3.

12. "[G]iven the extreme transmissibility of the Omicron variant and the high level of community transmission in the Central District of California," the Chief Judge's Order found that "conducting jury trials would place court personnel, attorneys, parties, and prospective jurors at great risk of contracting COVID-19, thereby threatening the health of those individuals, placing further strain on an already overburdened healthcare system, and jeopardizing the ability of court personnel to perform essential functions and operations of the Court." Id. Accordingly, the Order concluded that the temporary suspension of jury trials "serves the ends of justice and outweighs the interests of the public and defendants in a speedy trial." Id. at 3-4.

13. Given the grave public-health concerns, the need to limit the number of jury trials that can occur simultaneously in order to maintain social distancing and protect all trial participants, and the facts set forth in the government's Ex Parte Application (which the Court incorporates fully by reference), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial. Failure to grant a continuance would put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at unnecessary risk and would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury. Indeed, because trials are suspended by Court-order through and including February 28, 2022, and the trial in this matter is set for February 15, 2022, the failure to grant a continuance in the matter will unquestionably make continuation of the proceeding impossible.

14. Due to the restrictions imposed by current public-health concerns--particularly given the complexity of this case--it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

15. The continuance is not based on <u>general</u> congestion of the Court's calendar; the unprecedented pandemic has resulted in an unprecedented trial backlog. Nor is the continuance based on lack of diligent preparation on the part of the government or the defense, or failure on the part of counsel for the government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from February 15, 2022 to March 15, 2022. The status conference hearing is set for March 8, 2022.

      2.      The time period of February 15, 2022 to March 15, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).  To the extent the parties' pre-trial motions are still pending after February 15, 2022, that time is also excluded, pursuant to 18 U.S.C. § 3161(h)(1)(D).

      3.      Defendant shall appear in Courtroom 6C of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on March 15, 2022 at 8:00 a.m.

      4.      Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____  
DATE

_____  
HONORABLE STANLEY BLUMENFELD JR.  
UNITED STATES DISTRICT JUDGE

Presented by:

  /s/  
_____  
SUSAN S. HAR  
Assistant United States Attorney