John L. Littrell, State Bar No. 221601
jlittrell@bklwlaw.com
Ryan V. Fraser, State Bar No. 272196
rfraser@bklwlaw.com
BIENERT KATZMAN
LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700
Fax: (949) 369-3701

*Attorneys for Defendant*
*Hon. Jeffrey Lane Fortenberry*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>    *Defendant.* | Case No. 2:21-cr-00941-SB<br>Hon. Stanley Blumenfeld, Jr.<br><br>**JOINT MOTION *IN LIMINE* NO. 5**<br><br>**HON. JEFFREY FORTENBERRY'S MOTION TO EXCLUDE "OTHER ACTS" EVIDENCE UNDER FED. R. EVID. 404(b)**<br><br>Hearing Date: February 8, 2022<br>Hearing Time: 8:00 a.m.<br><br>Indictment: Oct. 19, 2021<br>Pretrial Conference: Feb. 8, 2022<br>Trial: Feb. 15, 2022<br>Last Day: March 2, 2022 |

**TO BE EXCLUDED: Any and all evidence to be offered by the government of "other acts" not charged in the Indictment.**

### REP. FORTENBERRY'S CONTENTIONS IN SUPPORT OF THE MOTION

Federal Rule of Evidence 404(b) governs the admissibility of evidence of uncharged acts. To admit such evidence—whether alleged crimes, wrongs, or simply, other "acts"—the government must provide written pretrial notice to the defendant unless excused from doing so "for good cause." Fed. R. Evid. 404(b)(3)(C). That written pretrial notice must "articulate . . . [both] the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B); *see also* Fed. R. Evid. 404 advisory committee's notes on 2020 amendments (hereinafter "2020 Notes") ("The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose.").

> Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied—even in cases in which a final determination as to the admissibility of the evidence must await trial.

2020 Notes; *see also United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999) ("Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues. Failure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." (citation omitted)).

Despite the defense reminding the government of the notice provisions of Rule 404(b) telephonically while meeting and conferring with the government as a courtesy, *see* 2020 Notes ("the [2020] amendment [to Federal Rule of Evidence 404] eliminates the requirement that the defendant must make a request before notice is provided"), and again by letter dated January 19, 2022, the government has provided the defense no notice that even arguably complies with Rule 404(b)(3). Instead, the government has alluded orally to the notion of presenting

"inextricably intertwined" evidence, without explaining how such a relationship links any particular evidence to the Indictment. Similarly, the government has provided batches of discovery with boilerplate cover-letter language stating that the government "may seek to introduce the other crimes, wrongs, or acts committed by your client which are referenced in the enclosed items pursuant to Rules 404(b), 608, and/or 609 of the Federal Rules of Evidence, or on the theory that they are inextricably intertwined with the charged conduct."

Here, the government has failed to identify in writing the evidence it would offer under any of these theories or how that evidence would link to a permissible non-propensity relevance theory. Moreover, here, evidence of events not referenced in the Indictment would not meet the Ninth Circuit's standard for "inextricably intertwined" evidence of other acts. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995) (explaining the Ninth Circuit's approach; "[c]oincidence in time" with the events charged "is insufficient").

The Indictment contains charges under 18 U.S.C. § 1001 only, and specifies its only charged "scheme" in Count One. By its terms, that Count ranges in time from "on or about June 4, 2018, to in or about July 18, 2019," Indictment ¶ 18, and encompasses only specified acts as the "operation of the scheme." *Id.* ¶ 19 (heading). Those acts are limited to the statements Fortenberry is alleged to have made on March 23 and July 18, 2019, plus his allegedly wrongful failure to "file amended FEC reports." *Id.* ¶ 19. These limits on the scope of Count One inherently limit the events at issue in this case. The remaining counts, Counts Two and Three, do not expand that scope of the indictment, because they are based entirely on the same statements allegedly made on two discrete occasions on or about March 23 and July 18, 2019, that are charged among the bases for Count One.

Evidence outside this scope, then, is 404(b) evidence, admissible only for particular permissible purposes and still subject to balancing under Federal Rule of Evidence 403. Here, regardless of those purposes or Rule 403 balancing, any 404(b) evidence to be offered by the government must be excluded as unnoticed.

# GOVERNMENT'S OPPOSITION

## I. INTRODUCTION

Defendant's motion reflects a fundamental misunderstanding of the indictment and Federal Rule of Evidence 404(b). Defendant's assertion that the government's trial evidence is constrained by the allegations in the indictment is squarely at odds with Supreme Court and Ninth Circuit precedent, as well as common sense. Likewise, defendant's contention that proof of any events not alleged in the indictment constitutes prohibited "other acts" within the meaning of Rule 404(b) is wrong. Rather, because the government's evidence either directly relates to, or is "inextricably intertwined" with, the charged offenses, and because none of the government's evidence suggests a propensity by defendant to commit other acts, Rule 404(b) is inapplicable.

## II. FACTUAL BACKGROUND

The indictment alleges that defendant made material false statements to the government during interviews in March 2019 and July 2019 regarding his knowledge of illegal foreign and conduit contributions his campaign received at a February 2016 fundraiser. (See Dkt. No. 1, "Indictment," ¶¶ 20-21.) It further alleges that between June 2018 and July 2019, defendant engaged in a scheme to conceal material facts, including that defendant's campaign had received illegal contributions at the fundraiser and that defendant had become aware of the illegal contributions. (See id. ¶¶ 18-19.)

The indictment contains introductory allegations that are incorporated into each count of the pleading. (See id. ¶¶ 1-17.) Among other things, the introductory allegations identify some of the people involved in the illegal contributions, including Individual H, who hosted the fundraiser and recruited individuals to make a total of approximately $30,000 in conduit contributions to defendant's campaign (see id. ¶¶ 5, 11); Toufic Baaklini, who gave the money to Individual H for that purpose (see id. ¶¶ 4, 11); and Gilbert Chagoury, a foreign-national billionaire and the ultimate source of the illegal funds (see id. ¶¶ 3, 11). The introductory allegations generally describe how Individual H, Baaklini, and Chagoury transferred the illicit funds to defendant's

campaign and the government's subsequent investigation of the foreign and conduit contributions, (see id. ¶¶ 11-16), which included a June 2018 call between defendant and Individual H in which Individual H discussed with defendant that Individual H distributed $30,000 cash to conduit donors ahead of the fundraiser, that Individual H got the money from Baaklini, and that Chagoury was probably the source of the funds. (See id. ¶ 15.)

The government will elicit evidence regarding these events at trial. It will also elicit evidence not expressly enumerated in the indictment that places the events, people, and charges in context for the jury. This includes, among other topics, evidence that: defendant was close friends with and communicated with Baaklini; defendant knew and communicated with Individual H; defendant, through Baaklini, arranged to meet Chagoury in 2015 and thereafter regularly asked Baaklini about Chagoury; ahead of the February 2016 fundraiser, defendant's fundraising consultant, Alexandra Kendrick, told defendant about a cautionary experience she had involving illegal campaign contributions; defendant asked Baaklini, a short time after the February 2016 fundraiser, whether there was a problem with the fundraiser because Individual H's family members donated most of the money; and that after defendant's July 2019 interview with the government, defendant's then-counsel produced to the government an April 2018 email exchange between defendant and an aide regarding Individual H that materially deviated from defendant's description of the communications during the interview.[1] Because all of this evidence either aided defendant's facilitation of his scheme or does not suggest uncharged bad conduct by defendant, none of this evidence constitutes "other acts" evidence under Rule 404(b).

III.   ARGUMENT

    A.   **The Government's Proof at Trial is Not Constrained to the Allegations in the Indictment**

---

[1] The above list of evidence the government will adduce at trial is non-exhaustive and is described merely to frame the issues raised in defendant's motion.

2

As a preliminary matter, the Court should reject defendant's contention that the government is barred from eliciting "evidence of events not referenced in the Indictment," (see Mot. at 2), or events occurring outside the timeframe of "on or about June 4, 2018, to in or about July 18, 2019." (See id.) Because an indictment is sufficient so long as it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy, see Hamling v. United States, 418 U.S. 87, 117 (1974), courts have made clear that the government "need not allege its theory of the case or supporting evidence." United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982); see United States v. Blinder, 10 F.3d 1468, 1476 (9th Cir. 1993) ("An indictment . . . need only set forth the essential facts necessary to inform the defendant of what crime she is charged; it need not explain all factual evidence to be proved at trial."); United States v. Markee, 425 F.2d 1043, 1047 (9th Cir. 1970) (an indictment need not "specify the theory upon which . . . facts will be proved at trial or the evidence upon which the proof will rest."); see Fed. R. Crim. P. 7(c) ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means."). It follows that the government's evidence at trial will in most cases extend well-beyond the "essential facts" outlined in the indictment. Otherwise, indictments would regularly span hundreds of pages and more closely resemble trial transcripts.

In short, defendant presents no valid basis to artificially circumscribe "the evidence upon which the [government's] proof will rest." See Markee, 425 F.2d at 1047.[2]

---

[2] Notably, defendant's assertion that the government is barred from adducing evidence outside the June 2018 to July 2019 timeframe that corresponds with the scheme to conceal material facts alleged in Count One ignores that the indictment's introductory allegations, which describe some of the relevant events predating June 2018, are incorporated into each count of the indictment.

3

**B.     None of the Government's Evidence at Trial Is Subject to Rule 404(b)**

The Court should likewise reject defendant's assertion that evidence of all events not described in the indictment constitutes "other acts" evidence under Rule 404(b). (See Mot. at 2.) First, evidence is not considered "other crimes" or "other act" evidence within the meaning of Rule 404(b) "if the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined." United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012) (cleaned up); United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013) ("Other act evidence that is 'inextricably intertwined' with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)."). There are two categories of inextricably intertwined evidence: (1) evidence of acts that "constitute[] a part of the transaction that serves as the basis for the criminal charge"; and (2) evidence that is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (cleaned up); United States v. Rrapi, 175 F.3d 742, 748-49 (9th Cir. 1999). The second category encompasses evidence that is introduced "for the purpose of providing the context in which the charged crime occurred." United States v. Collins, 90 F.3d 1420, 1428 (9th Cir. 1996); Rrapi, 175 F.3d at 750. This is because "the jury cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." Anderson, 741 F.3d at 949 (citation omitted); see United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995) ("it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime."); DeGeorge, 380 F.3d at 1220 ("The jury would not have understood the relevance of the transactions and concealment without hearing at least some explanation for why [defendant] could not obtain insurance in his own name.")

All the "non-alleged" evidence the government will elicit in this case falls into either the "transaction" category (i.e., defendant's scheme to conceal material facts) or

4

the broader "context" category of inextricably intertwined evidence. For example, evidence that defendant knew and communicated with the people responsible for the illegal contributions at the February 2016 fundraiser, that Kendrick told Fortenberry about her cautionary experience with illegal contributions ahead of the fundraiser, and that defendant asked Baaklini whether there was a problem with the fundraiser soon after the event, makes it more probable that defendant understood, absorbed, and remembered the information he and Individual H discussed during the their June 2018 call and thus more probable that defendant willfully lied to federal investigators. Beyond that, this evidence provides vital context to the jury and helps explain why defendant took the steps he did. In other words, the evidence allows the government "to offer a coherent and comprehensible story regarding the commission of the crime[s]," see DeGeorge, 380 F.3d at 1220, so the jury does not have to "make its decision in a void." See Anderson, 741 F.3d at 949. This removes the evidence from Rule 404(b).

In any event, none of the government's trial evidence reflects defendant's propensity to commit certain acts. See Vizcarra-Martinez, 66 F.3d at 1015 ("Rule 404 was designed to prevent . . . evidence . . . used to prove a defendant's propensity to commit a crime"); Fed. R. Evid. 404(b) (prohibiting admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.") (emphasis added). For instance, defendant's association and contact with Individual H, Baaklini, and Chaugory says nothing about his propensity to do other acts. The same is true of defendant asking Baaklini about the February 2016 fundraiser, or hearing Kendrick's cautionary experience about illegal campaign contributions. Rather, this evidence aids the jury by providing "the context in which the charged crime[s] occurred." See Collins, 90 F.3d at 1428. It is therefore not propensity evidence covered by Rule 404(b).

In short, Rule 404(b) does not apply to any of the government's evidence at trial.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny defendant's motion.

5

## **REP. FORTENBERRY'S REPLY TO GOVERNMENT'S OPPOSITION**

The government does not contend it has provided the notice required to offer evidence covered by Federal Rule of Evidence 404(b). Moreover, the government has no intention of providing such notice in the future, as it states that "Rule 404(b) is inapplicable" to any evidence it will offer. Opp'n at 1. The Court should therefore rule *in limine* to preclude the government from offering Rule 404(b) evidence, which the government all but stipulates to. Determining what evidence constitutes 404(b) evidence inevitably remains beyond the scope of this motion because the government declines to identify comprehensively its trial evidence at this time.

Respectfully submitted,

Dated: February 3, 2022

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

*/s/ Ryan V. Fraser*
John L. Littrell
Ryan V. Fraser
*Attorneys for Defendant*
*Hon. Jeffrey Lane Fortenberry*

Dated: January 31, 2022

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

       */s/ per email authorization*
SUSAN S. HAR
MACK E. JENKINS
J. JAMARI BUXTON
Assistant United States Attorneys

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA