UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>Defendant. | No. 2:21-CR-00491-SB<br><br>**FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT**<br><br>**TRIAL DATE: March 15, 2022** |

Defendant is charged with one violation of 18 U.S.C. § 1001(a)(1): Falsifying and Concealing Material Facts, and two violations of 18 U.S.C. § 1001(a)(2): Making False Statements. The Indictment in this case was filed on October 19, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 20, 2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 29, 2021.

On October 20, 2021, the Court set a trial date of December 14, 2021. The Court previously continued the trial date in this case from December 14, 2021, to February 15, 2022, pursuant to the parties' stipulation, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. Defendant is released on bond pending trial.

On November 30, 2021, Defendant filed a motion to suppress his statements. Dkt. No. 35. The Court held a hearing on Defendant's motion to suppress, as well as his motion to compel discovery, on January 11, 2022. Dkt. No. 71. The Court took both motions under submission. On January 18, 2022, Defendant filed a supplement to his motion to suppress, Dkt. No. 79, as well as a second motion to suppress, Dkt. No. 80. The Court vacated the hearing date for Defendant's second motion to suppress and did not require a response from the Government. Dkt. No. 83. The motion is under advisement.

Under the Speedy Trial Act, a district court must exclude "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The Ninth Circuit has provided clear guidance for the time a district court must exclude under this provision:

> [I]f a pretrial motion is of the sort that requires a hearing, a district court must exclude the following periods of delay: (i) the period from the date the motion was filed to the conclusion of the hearing; (ii) the period from the conclusion of the hearing until the date the district court "receives all the submissions by counsel it needs to decide that motion[]"; and (iii) the period from the last day of the period described in (i) or (ii), as applicable, until the court rules on the motion, but no more than 30 days.

United States v. Medina, 524 F.3d 974, 979 (9th Cir. 2008) (citations omitted) (quoting Henderson v. United States, 476 U.S. 321, 330–31 (1986)).

The Court finds that the following time excludable under the Speedy Trial Act:

1. Forty-two days from the date Defendant filed his motion to suppress on November 30, 2021, to the date the Court held a hearing on January 11, 2022;

2. Seven days between when the Court held its hearing on January 11, 2022, and Defendant filed his supplement to the motion to suppress on January 18, 2022; and

3. Twenty-four days from the day Defendant filed the supplement to his suppression motion to the date of this order.[1]

---

[1] The Court has yet to rule on Defendant's motion to suppress, so there will be additional excludable time, up to a maximum of six additional days because the Court may exclude "no more than 30 days" from the date when Defendant filed the supplement to his motion to suppress. The Court will recalculate the excludable time (and consider whether additional excludable time is appropriate in light of other motions filed in this case) only if it becomes necessary.

Accordingly, the Court excludes the 73-day period from November 30, 2021, up to and including the date of this order, February 11, 2022.  With this excludable time, trial must commence **by no later than May 14, 2022**.  If any party disagrees with the Court's calculation, they should raise their concerns at the status conference on February 17, 2022.

**IT IS SO ORDERED**.

Dated:  February 11, 2022



Stanley Blumenfeld, Jr.
United States District Judge