UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL

Case No.   2:21-cr-00491-SB-1                                      Date: February 11, 2022

Present: The Honorable   **STANLEY BLUMENFELD, JR., U.S. District Judge**

Interpreter

| Jennifer Graciano | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Jeffrey Fortenberry | | | | N/A | | | |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE**

    Defendant Jeffrey Fortenberry has moved to transfer this case to the District of Nebraska. Dkt. No. 89.[1]  A court is vested with broad discretion to transfer a criminal proceeding "to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."  Fed. R. Crim. P. 21(b); *see also United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996).  In deciding whether to exercise that discretion, a court considers several factors:

> (1) location of [the] defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

---

[1] Defendant's original motion is filed at Dkt. No. 87, but Defendant filed an amended motion that included an analysis of the location of defense witnesses omitted from the original motion. Dkt. No. 89.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

*Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243–44 (1964). No one factor is dispositive, *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990), and a defendant must show "specific circumstances from which the district court could conclude that the proceeding should be transferred in the interests of justice," *Lindberg v. United States*, 363 F.2d 438, 438 (9th Cir. 1966) (per curiam).

While the location of Defendant weighs in favor of transfer, many of the other factors weigh against transfer, including the location of possible witnesses, the location of the events, the expense of the parties, the location of counsel, and the relative accessibility of the trial venue.

The number of witnesses required to travel is the same whether the trial is held in Los Angeles or Nebraska—if the Court accepts that Defendant likely will call the individuals identified in his amended motion. The Government lists seven witnesses: three in Washington, D.C., three in Los Angeles, and one whose location is split between Washington, D.C., Los Angeles, and international locations. Defendant lists seven witnesses (other than himself, whose location is separately taken into account under the first *Platt* factor): four in Nebraska, one in South Carolina, one in Florida, and one in Los Angeles. Whether trial is held in Los Angeles or Nebraska, a total of 10 witnesses will need to travel. This assumes, however, that Defendant likely will call the six witnesess located outside Los Angeles. But he has not provided sufficient information to allow the Court to assess the likelihood. Nor does Defendant contend that his trial presentation will be impeded absent a transfer. *See United States v. Menendez*, 109 F. Supp. 3d 720, 728 (D.N.J. 2015) (noting that "courts have given particular weight to the location of witnesses if denying transfer threatened to frustrate a defendant's trial presentation"). In these circumstances, the Court finds that this factor does not weigh in favor of transfer. *See United States v. Testa*, 548 F.2d 847, 857 (9th Cir. 1977) (defendant "did not carry the burden of demonstrating his need for transfer" because he did not "indicate specifically who the witnesses were to be or the nature of their expected testimony"); *Lindberg*, 363 F.2d at 438–39 (failure to provide information about the anticipated witnesses constitutes an inadequate showing).

The location of key events in this case occurred in Los Angeles, although one of Defendant's two interviews took place in Nebraska. As the Court previously noted, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

investigation into Defendant's activities was conducted in this district and arose out of fundraiser that Defendant conducted in Los Angeles.  Dkt. No. 59, at 9–10.  Defendant's argument that this factor favors transfer relies on a previously rejected view of the materiality standard under 18 U.S.C. § 1001(a).  Motion at 7 (arguing that the indictment does not allege any conduct that occurred in California).

The expense of the parties and location of counsel also weigh against transfer because all counsel are located in California and would need to travel to Nebraska for trial.  Although hotel and incidental costs are less in Nebraska than Los Angeles, the difference is not nearly so great as to offset the increased costs associated with the larger number of people who would have to travel if the trial were held in Nebraska.

The relative accessibility of the trial location also weighs somewhat against transfer.  Los Angeles is at least as accessibile as Omaha or Lincoln and has the advantage of being served by five airports with flights from over 50 airlines.  Opp. at 16; *see also* United States v. Avenatti, No. 19 CR. 374 (DAB), 2019 WL 4640232, at *5 (S.D.N.Y. Sept. 24, 2019) (noting that New York City is "one of the most accessible locations in the United States with three major airports and a variety of other public transportation").

The remaining factors are at best neutral.

The location of the relevant document and records is not much of a factor here.  The documentary evidence is located in this district, but Defendant argues that the protective order's requirement that his counsel be present to review the documents effectively means that he must either travel to California to review them or view them through videoconference software.  Motion at 7 & n.9; Reply at 6–7.  While the Court recognizes that virtual software is less than ideal at times, Defendant has not identified any substantial impediment resulting from the location of the evidence that would be avoided by transferring the trial to Nebraska.

The disruption of Defendant's business also does not weigh decidedly in any direction here.  This factor focuses on whether Defendant's lack of "physical availability outside of court hours will harm his business[] over the course of the trial" because Defendant will be in court for most of the day during trial.  *United States v. Kloehn*, No. CR 03-912(B) DSF, 2011 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

13308094, at *1 n.1 (C.D. Cal. Apr. 11, 2011). Defendant points out that he has already missed several hearings in this case due to scheduled votes in the House of Representatives. Motion at 8. But not only was his presence at these hearings waived upon his request, the votes took place in Washington, D.C., not Nebraska—which will continue to be the case during trial. Accordingly, transferring the case to Nebraska has no effect on any disruption to Defendant's business in Washington, D.C. Of course, some of Defendant's work occurs in Nebraska, but the parties estimated that the trial would last only two-to-three days, and Defendant has not shown that the few free hours he might have each day to devote to work could not be done remotely (or that working remotely for this short period of time would be so disruptive as to justify a transfer of venue).

The docket condition of the Central District of California is undisputedly more congested than that of the District of Nebraska, but this is not decisive for purposes of this factor. The real question is whether "this Court is ready to conduct trial as soon as possible." *Menendez*, 109 F. Supp. 3d at 732. The Court is not persuaded that the District of Nebraska would be in a position to start trial in this case sooner than could occur here. Jury trials in this district will resume on February 22, 2022; and, in this Court's view, this case will not be ready for trial until March 1, 2022, in light of the outstanding issues on the motions in limine.[2] It is far from clear that Defendant could obtain a trial date in Nebraska sooner than the beginning of March. It appears that the three district judges in Nebraska stack multiple trials each week, and a new judge would have to become familiar with the case, and the many issues raised, before commencing trial. It is difficult to imagine that a Nebraska court, which is already stacking multiple trials, would be able to adjudicate all outstanding issues and bring this case before a jury in two weeks. Given the existing uncertainties, the Court cannot say that Defendant would receive a trial significantly sooner if the case were sent to Nebraska. Even taking into account COVID-19 conditions as a special element under the tenth *Platt* factor, the relative trial conditions in the two districts do not demonstrably favor transfer.

---

[2] Defendant has expressed a preference for trial to commence on February 22, 2022, but advised the Court that if this were not possible, he would prefer a trial setting on March 15, 2022 rather than the beginning of March. In these circumstances, the Court will set this case for trial on March 15, 2022 and request a panel for that date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

      Overall, the *Platt* factors and the interests of justice do not weigh in favor of transferring this case. It does not appear that the trial in this case will be substantially delayed in this district or proceed to trial sooner in Nebraska. Accordingly, Defendant's motion to change venue is **DENIED**.