TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. 342364)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3289
    Facsimile: (213) 894-0141
    E-mail: mack.jenkins@usdoj.gov
           jamari.buxton@usdoj.gov
           susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY FORTENBERRY,<br><br>    Defendant. | Case No. 2:21-cr-00491-SB<br><br>**JOINT CASE STATEMENT**<br><br>Indictment: 10/19/21<br>Pretrial Conference: 3/8/22 at 8:00 a.m.<br>Trial Date: 3/15/22 at 8:30 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton, and defendant JEFFREY FORTENBERRY ("defendant"), by and through his counsel of record, John Littrell and Ryan Fraser, hereby submit their Joint Case Statement in the above-captioned case.

//
//

1 | The parties respectfully request that this joint statement of the case be read to the
2 | jury panel.

3 | Dated: February 15, 2022               Respectfully submitted,

4 |                                        TRACY L. WILKISON
                                           United States Attorney
5 |
                                           SCOTT M. GARRINGER
6 |                                        Assistant United States Attorney
                                           Chief, Criminal Division
7 |

8 |                                         /s/
                                           MACK E. JENKINS
9 |                                        SUSAN S. HAR
                                           J. JAMARI BUXTON
10 |                                       Assistant United States Attorneys

11 |                                       Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA
12 |

13 |

14 | Dated: February 8, 2022                  /s/ per email authorization
                                            JOHN LITTRELL
15 |                                        RYAN FRASER

16 |                                       Attorneys for Defendant
                                           JEFFREY FORTENBERRY
17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

In February 2016, Jeffrey Fortenberry, a United States Representative for Nebraska, held a fundraising event for his re-election campaign at a residence in Los Angeles, California. Fortenberry's campaign received about $36,000 at this event, of which approximately $30,000 came from a foreign national named Gilbert Chagoury. Although Gilbert Chagoury was the source of the funds, the money was provided to the Fortenberry campaign in the names of multiple other people—called "conduits"—who were United States citizens.

It is a violation of federal law to knowingly accept campaign contributions from foreign nationals. It is also a violation of federal law to knowingly accept campaign contributions from conduit donors.

Starting in 2016, the Federal Bureau of Investigation ("FBI") was investigating illegal campaign contributions by Gilbert Chagoury, including who was involved and who knew about them, and whether anyone sought to influence the recipient politicians in exchange for the illegal contributions or discussed the same (the "Federal Investigation"). The host of the Los Angeles fundraiser, Individual H,[1] began cooperating with the Federal Investigation.

As part of their investigation, the FBI instructed Individual H to secretly record a call between himself and Fortenberry. Individual H did so on June 4, 2018. In that call, Individual H told Fortenberry that Toufic Baaklini, a United States citizen, had given Individual H $30,000 in cash to give to others to provide to Fortenberry's campaign at the Los Angeles fundraiser and that the cash probably came from Chagoury.

Following the June 4, 2018, call, Fortenberry did not amend his campaign finance filings with the Federal Election Commission ("FEC"), the entity charged with ensuring transparency in federal elections. Fortenberry also did not return or disgorge the $30,000 his campaign received.

---

[1] Individual H's real name should be used when this statement is read to the jury.

On March 23, 2019, the FBI and IRS conducted a secretly recorded interview of Fortenberry at his home in Lincoln, Nebraska. During the interview, Fortenberry denied knowledge of receiving any illegal contributions, including from Gilbert Chagoury and Toufic Baaklini, and he stated that all of his contributions were reported in his public FEC filings. The government contends that certain of Fortenberry's statements during that interview were false and misleading.

On July 18, 2019, Fortenberry was interviewed by the United States Attorney's Office and the FBI in Washington, D.C. During that interview, Fortenberry denied knowledge of having received any illegal campaign contributions. He also denied that, during the June 4, 2018 call with Individual H, he was informed that Toufic Baaklini had given Individual H $30,000 in cash to give to Fortenberry's campaign. The government contends that certain of Fortenberry's statements during that interview were false and misleading. After this interview, Fortenberry disgorged the $30,000 in illegal contributions his campaign had received at the Los Angeles Fundraiser.

The Indictment charges Fortenberry with three counts. Count One alleges that Fortenberry schemed to conceal facts regarding the Federal Investigation, including by making false and misleading statements in both interviews. Count Two alleges Fortenberry made three false statements in the Nebraska interview, and Count Three alleges Fortenberry made two false statements in the Washington, D.C. interview. Fortenberry maintains his innocence of the charges and denies that he made false or misleading statements to the government in either the Nebraska or the Washington D.C. interview or sought to conceal facts regarding the Federal Investigation. He is presumed innocent of all three of the charges in the indictment. To overcome that presumption, the government must prove its case beyond a reasonable doubt.