TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. 342364)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3289
    Facsimile:  (213) 894-0141
    E-mail:    mack.jenkins@usdoj.gov
                jamari.buxton@usdoj.gov
                susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00491-SB |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED VOIR DIRE |
| v. | |
| JEFFREY FORTENBERRY, | Indictment: 10/19/21<br>Pretrial Conference: 3/8/22 at 8:00 a.m.<br>Trial Date: 3/15/22 at 8:30 a.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton, hereby files its Government's proposed voir dire in the above-captioned matter.

The government respectfully requests that Court inquire of the entire jury venire the following questions relevant to the trial. The government also requests that the Court permit the parties the opportunity to present to the Court appropriate follow-up questions

based on the answers to any of the below questions or to any questions posed by the Court pursuant to Federal Rule of Criminal Procedure 24(a)(2).

Dated: February 15, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
_____
MACK E. JENKINS
SUSAN S. HAR
J. JAMARI BUXTON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# GOVERNMENT'S PROPOSED VOIR DIRE[1]

## I. PRIOR EXPERIENCE WITH CRIMINAL CASES/LAW ENFORCEMENT

1. Have you or any close friends or relatives ever been involved in a criminal case either as a victim, arrestee, defendant, or witness? If yes, please explain, including the name of the arresting agency, nature of offense, date, and result of the matter.

2. Have you, or any of your close friends or relatives, ever had a negative experience involving any law enforcement entity? If yes, please explain, including the name of the agency, nature of offense, date, and result of the matter.

3. Do you have any general feelings or beliefs about law enforcement officers that would prevent you from fairly assessing the credibility of law enforcement officers who may testify in this case?

4. Do you have any general feelings or beliefs about the criminal justice system that would prevent you from rendering a fair and impartial verdict in this case?

## II. VIEWS ON THE FEDERAL BUREAU OF INVESTIGATION

5. This case involves a multi-year investigation led by the Federal Bureau of Investigation ("FBI"). Are you aware of, from any source, including news, social media, or friends, any recent negative coverage or discussions regarding the FBI or otherwise questioning the integrity of FBI investigations?

   a. Will that coverage or those discussions affect your ability to fairly assess the credibility of FBI agents who may testify in this case or render a fair and impartial verdict in this case?

   b. Will you be able to set aside anything you have read, seen, or heard about the FBI and evaluate each FBI witness, and this case generally, based only on your review of the evidence and law as I instruct you in this case, and not based on anything else?

---

[1] These proposed questions are meant to supplement the Court's standard or preferred questions, so the government does not include here typical backgrounds topics such as occupation, members of the household, prior jury trial service, knowledge of defendant/counsel/potential witnesses, and so on.

1

6. Do you have any general feelings or beliefs about the FBI, Internal Revenue Service – Criminal Investigations ("IRS-CI"), the Department of Justice, the United States Attorney's Office, or any other federal law enforcement agency that would prevent you from fairly assessing the credibility of federal law enforcement officers who may testify in this case?

### III.  KNOWLEDGE OF THIS CASE

7. Other than what you have heard here in open court today, are you aware from the news, social media, or any other source about any aspect of this case or the underlying investigation? If yes, please explain.

   a. Have you formed any opinion about this case based on what you may have read, seen, or heard? If yes, please explain.

### IV.  PRIOR EXPERIENCE WITH ELECTED OFFICIALS

8. Have you or any close friends or relatives ever held elected office? If yes (<u>without</u> providing any political affiliation), please state what position, where, and when.

9. Have you, or has anyone close to you, ever worked for an elected official? If yes (<u>without</u> providing any political affiliation), please state what position, where, and when.

10. Would anything about that experience or relationship prevent you from giving either the government or the defendant a fair trial?

11. Do you think elected officials should be afforded any type of special treatment by law enforcement when under investigation due to their status as an elected official? If yes, please explain.

12. Do you have a tendency to automatically believe or disbelieve what an elected official says? If yes, please explain.

## V. VIEW OF LAW ENFORCEMENT TECHNIQUES

13. Do you have any opinions about law enforcement's authorized use of deception or ruses to investigate criminal activity that would make it difficult for you to serve as a fair and impartial juror in this case?

14. The investigation in this case involved the use of a confidential informant (sometimes referred to as a "CI"). A CI is an individual who is not a law enforcement officer and who works with law enforcement, sometimes in order to obtain a benefit from law enforcement.

   a. Do you have any objections to the use of CIs by law enforcement agencies including, for example, by making secret recordings, in connection with criminal investigations? If yes, please explain.

   b. Do you think it is improper for the government to provide CIs with benefits in the form of reduced or dismissed charges or monetary compensation? If yes, please explain.

   c. If you have objections to the government's use of CIs, would that impair your ability to fairly assess a CI's testimony or render a fair and impartial verdict in this case?

## VI. MIDDLE EAST POLICY

15. There may be limited testimony about United States governmental policy related to Christians and religious minorities in the Middle East. Is there anything about this subject that would make it difficult for you to serve as a juror in this case? If yes, please explain.

## VII. CAMPAIGN FINANCE LAWS

16. There will be some testimony about United States campaign finance laws, including who may or may not contribute to federal political campaigns, contribution limits, and rules regarding disclosures. Do you have any strong personal or

philosophical beliefs about campaign finance law that would make it difficult for you to serve as a juror in this case? If yes, please explain.

### VIII. GENERAL ABILITY TO SERVE AS A JUROR ON THIS CASE

17. If you are selected as a juror, you will be required to deliberate with other jurors. This will require you to discuss the evidence and the law in this case with the other jurors. Is there anything that leads you to believe that you would be unable or unwilling to engage in such discussions?

18. The potential punishment for the offenses charged in the indictment, including any collateral consequences that may result from a conviction, are matters that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused. Will each of you be able to conduct your duties as jurors in this case without speculating about, or being influenced in any way by, whatever punishment may or may not be imposed, or any collateral consequences that may or may not result in this case?

19. There are some people who, for moral, ethical, religious, or other personal reasons, may find it difficult or uncomfortable to pass judgment on the conduct of others. Is there anyone who holds such beliefs, or who might be affected by such beliefs?

20. Would any of you refuse to follow the Court's instructions if you disagreed with those instructions for whatever reason? Is there anything about the charges in this case or the persons involved that make you unwilling or reluctant to serve as a juror?

21. Is there anything that has not been discussed today that you feel would affect your ability to sit as a fair and impartial juror in this case?