TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. 342364)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-3289
    Facsimile:    (213) 894-0141
    E-mail:    mack.jenkins@usdoj.gov
        jamari.buxton@usdoj.gov
        susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JEFFREY FORTENBERRY,<br><br>        Defendant. | Case No. 2:21-cr-00491-SB<br><br>GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 1: GOVERNMENT'S MOTION TO EXCLUDE IMPROPER ARGUMENT RE: MATERIALITY<br><br>Hearing Date:    2/17/2022<br>Hearing Time:    8:30 a.m.<br><br>Indictment: 10/19/2021<br>Pretrial Conference: 3/8/2022 at 8:00 a.m.<br>Trial: 3/15/2022 at 8:00 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton, hereby files the

government's supplemental brief in support of Joint Motion in Limine No. 1 to Preclude Improper Argument Regarding Materiality (Dkt. No. 95).  The Court directed the government to file a specific offer of proof regarding its anticipated evidence of actual influence at the hearing on February 11, 2022.  (See Dkt. No. 117.)

Dated: February 15, 2022                    Respectfully submitted,

                                            TRACY L. WILKISON
                                            United States Attorney

                                            SCOTT M. GARRINGER
                                            Assistant United States Attorney
                                            Chief, Criminal Division


                                            _____/s/_____
                                            SUSAN S. HAR
                                            MACK E. JENKINS
                                            J. JAMARI BUXTON
                                            Assistant United States Attorneys

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

## GOVERNMENT'S OFFER OF PROOF

At the hearing on February 11, 2022, the Court directed the government to file a specific offer of proof regarding the government's anticipated evidence at trial of actual influence on the Federal Investigation caused by defendant's false or misleading statements and defendant's omissions and to propose what it believed appropriate cross-examination would look like in order to ensure a fair presentation of "actual influence," consistent with Federal Rules of Evidence 401 and 403.

The government intends to elicit at least the below testimony regarding the following decisions that were made, and steps that were taken, as part of the Federal Investigation due to defendant's false and misleading statements, or omissions of facts:

1. During the March 2019 interview in Nebraska, defendant falsely denied receiving money from Gilbert Chagoury and misleadingly claimed "there was a comment that we would have to ask Gilbert along the way, but I don't know what that exactly meant."  During the June 2019 interview in Washington D.C., defendant denied that Individual H told him that Toufic Baaklini gave Individual H $30,000 cash to fund the 2016 Fundraiser, and misleadingly stated that would have been "horrifying."  During both interviews, defendant falsely denied knowing anything about illegal foreign or conduit contributions to him, including through Baaklini and Chagoury.

   a. Actual Influence:  As a result, federal investigators conducted interviews of defendant (the second interview), Toufic Baaklini, Gilbert Chagoury, and Andrew Doran (a close associate of Baaklini and Drew Bowling, defendant's former staffer), and attempted to interview Drew Bowling (defendant's former staffer and a member of In Defense of Christians).  Federal investigators took these steps to investigate defendant's motive to lie, including whether there was a corrupt relationship between defendant and Baaklini and defendant and Chagoury, whether either side sought to develop a corrupt

relationship, and whether defendant knew about the illicit contributions before the June 2018 call with Individual H.

2. During the March 2019 interview in Nebraska, defendant falsely stated the only people he received money for are on his financial disclosures.  Defendant never amended his FEC reports to disclose Baaklini and Chagoury as the true contributors to his campaign.

    a. <u>Actual Influence</u>: Federal investigators obtained and reviewed defendant's FEC filings, including his amended reports, from 2016 to 2020.  Federal investigators also attempted to interview Stephen Ralls, defendant's treasurer.  Federal investigators took these steps to investigate the veracity of defendant's statements and of the information in his FEC filings.

3. During the June 2019 interview in Washington D.C., defendant misleadingly claimed that everything about the 2016 Fundraiser was standard procedure.

    a. <u>Actual Influence</u>: Federal investigators interviewed Alexandra Kendrick to investigate the veracity of defendant's statement.

4. During the March 2019 interview in Nebraska, defendant omitted information that he spoke with an FEC attorney, Jessica Furst Johnson, about his "concern" over the call with Individual H.  During the June 2019 interview in Washington D.C., defendant misleadingly suggested that he did the right thing by consulting with Johnson about his "concern."  Defendant falsely claimed that he told Johnson the same thing he told the federal investigators and that he followed her advice to take no action.

    a. <u>Actual Influence</u>:  Federal investigators interviewed Jessica Furst Johnson and obtained a copy of the billing invoice for the call to investigate the veracity of defendant's statement.

5. During the March 2019 interview in Nebraska, defendant omitted information that he spoke his Chief of Staff, Reyn Archer, about his "concern" over the call

with Individual H.  During the June 2019 interview in Washington D.C., defendant misleadingly claimed that he consulted with Archer about his "concern."

    a. <u>Actual Influence:</u> Federal investigators interviewed Reyn Archer to investigate the veracity of defendant's statement.

6. During the June 2019 interview in Washington D.C., defendant misleadingly and falsely claimed that he told his aide, Luke Wenz, via email not to pursue another fundraiser in Los Angeles because of defendant's "concern" over the call with Individual H.

    a. <u>Actual Influence</u>: Federal investigators interviewed Luke Wenz and requested and received the referenced email.  Federal investigators took these steps to investigate the veracity of defendant's statement.

7. During the June 2019 interview in Washington D.C. defendant falsely claimed he never had any conversations with Baaklini about any concerns with the 2016 Fundraiser.

    a. <u>Actual Influence</u>: Federal investigators re-reviewed communications between Baaklini and defendant, requested and received additional documents and phone data from Baaklini, and obtained and reviewed cell-site data for Baaklini and defendant's phones.  Federal investigators took these steps to investigate the veracity of defendant's statements and to identify if there was any indicia of communications or meetings between Baaklini and defendant that were inconsistent with defendant's statement.

The government's proposed scope of permissible cross examination with regard to the foregoing evidence would include: whether (1) the specified decision or activity actually took place; (2) whether the decision to engage in that activity was formed after defendant's statements (causation); and (3) whether the decision or activity fell within the scope of what the FBI/IRS/USAO were investigating under the Federal Investigation.

The government maintains that Rules 403 and 401 limit cross examination beyond these topics and should bar questions about the individual government witness's (1) personal motivations within the context of the investigation; (2) political affiliation; and (3) personal views of defendant.  Such inquiries are not relevant to the issue of materiality (i.e., whether defendant's false statement had the intrinsic capability to affect the Federal Investigation) and, even if they had some marginal relevance, lack a good-faith basis and present a high risk for undue prejudice that substantially outweighs any minimal probative value.  For the same reasons, it would be an unnecessary waste of the jury's time.