John L. Littrell, State Bar No. 221601
jlittrell@bklwlaw.com
Ryan V. Fraser, State Bar No. 272196
rfraser@bklwlaw.com
BIENERT KATZMAN
LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700
Fax: (949) 369-3701

*Attorneys for Defendant*
*Hon. Jeffrey Lane Fortenberry*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>*Defendant.* | Case No. 2:21-cr-491-SB<br>Hon. Stanley Blumenfeld, Jr.<br><br>**HON. JEFFREY FORTENBERRY'S SUPPLEMENT TO HIS MOTION *IN LIMINE* NO. 8 TO ADMIT HIS STATEMENTS**<br><br>Hearing Date: February 8, 2022<br>Hearing Time: 8:00 a.m.<br><br>Indictment: Oct. 19, 2021<br>Status Conference: Feb. 17, 2022<br>Trial: Mar. 15, 2022 |

Through counsel, Hon. Jeffrey Fortenberry submits this Supplement pursuant to the Court's February 11, 2022, Criminal Minutes Order. In this Supplement, Congressman Fortenberry identifies by page and line the Fortenberry statement-related evidence to be offered by the government and the defense, from the draft transcripts of his government interviews on or about March 23 and July 18, 2019.

**A. Nebraska interview, March 23, 2019**

With reference to the page and line numbering of the draft transcript of the March 23, 2019, interview in Lincoln, Nebraska, the government offers the following segments:[1]

1. 5:34–8:44
2. 11:15–12:42
3. 13:24–14:4
4. 15:4–27
5. 17:2–21
6. 18:16–32
7. 18:32–20:12
8. 20:12–21:15
9. 22:19–41
10. 26:20–27:16
11. 29:16–26
12. 30:3–9
13. 30:11–38
14. 30:44–31:10
15. 31:39–32:26
16. 33:9–38:22
17. 39:30–40:9

---

[1] Citations reference the page number in the center of the bottom of the page of the corresponding draft transcript (submitted under seal on February 11, 2022), followed by a colon, followed by the line number from the left margin of that page.

18. 41:10–43:16

19. 47:6–33

The defense seeks admission of the entire Nebraska interview. The entire context is needed to rebut the government's theory that Fortenberry "dug himself a medium-sized hole" in this interview by providing what the government claims were willfully incomplete and inaccurate responses. Opp'n to Mot. Suppress Stmts., Dkt. No. 47, at 1. In fact, Fortenberry tried in good faith to recall the events asked about to the best of his ability, but those efforts are not fully apparent without all his statements and the context of this entire interview.

The government's clips comprise much of the 48-page transcript, but, by chopping up the interview into fragments, the government is likely to leave the jury disoriented with regard to the pace and relative timing of the various parts of the interview. Thus, Fortenberry offers the agents' and his own questions, remarks, and utterances in the segments omitted from the government's clips as context and evidence of the relative timing of the segments offered by the government. The government's proposed clips will not save significant time in the trial, because the government is already relying on a large number of clips from many different parts of the interview.

In particularly important omissions from 3.23.19 Draft Transcript ("3.23 Tr.") 38:22 to 39:30 and 43:16 to 47:6, the government's choppy presentation would distort the jury's impression by hiding the disruption created by the agents' interruptive questioning and invitations to tangents. To see this, keep in mind that Fortenberry is charged with concealing in this interview the very facts he is attempting to describe in this portion of the interview. Shortly before the first break noted above, Fortenberry stated that he thought it "might be nice" to conduct a further fundraiser with very individuals the government posited that it was investigating, and he roughly accurately placed the timing of those considerations. When asked repetitively, shortly thereafter, in an omitted segment about his "aware[ness]" of any illegal donations, Fortenberry responds by recalling his Los Angeles fundraiser: "Now, remember I was at an event out in L.A.," 3.23 Tr. at 38:34, having received an award during the same visit. Agent Carter says "there's a distinction," apparently referring to a distinction between

receiving an award and receiving an illegal donation, Fortenberry attempts to remain on topic by stating, "Again, if there's money underlying that—" *id.* at 39:15, but gets interrupted again by both agents. *Id.* at 39:17–21, who insist, "you either would know or you don't know." *Id.* at 39:17–18. In a response that flows naturally from the preceding omitted segment, Fortenberry expresses reservations and explains in a present sense impression which the government has included: "I'm a little hard-pressed right now, because you're making me going off memory." *Id.* at 39:41–42. The omitted segment is critical context to understand this remark and what follows in the government's included clip.

The same patterns continue in the omitted segment from 43:16 to 47:6, in which Agent Carter tells Fortenberry, "I don't want to put words in your mouth," as he references the distraction of dropping his papers, *id.* at 43:34, returning to repetitive, accusatory questioning: "do you have any knowledge about illegal campaign donations?", to which Fortenberry responds again by noting concerns related to the weekend in which he held a Los Angeles fundraiser, which the agents short-circuit by not allowing him to finish his thoughts regarding the concerns, interrupting with ostensibly required questions asking Fortenberry whether he had ever solicited or accepted a bribe for legislation or an official act. *Id.* at 45:1–15. All of this somewhat confusing and disorienting conversation can really only be understood if it is heard together—at the pace and with the timing with which it actually occurred.

Fortenberry therefore respectfully asks the Court to review the recordings of this segment and the entire Nebraska interview to obtain a full sense of the disruptive effect of the agents' interruptive comments and questions. (For the above segments, please review in particular the audio file titled "56F_LA_6718287_JF_Interview.003.wav" from 12:46 until 16:11.)

**B. Washington, D.C., interview, July 18, 2019**

With reference to the page and line numbering of the draft transcript of the July 18, 2019, interview in Washington, D.C., the government offers the following segments:

1. 2:3–44
2. 3:43–4:16

3. 4:24–5:16
4. 6:20–33
5. 7:22–8:2
6. 10:35–37
7. 11:4–29
8. 21:15–25
9. 22:3–8
10. 25:40–26:27
11. 31:43–36:24
12. 40:27–46:35
13. 47:1–18
14. 48:27–49:24
15. 50:1–42
16. 51:14–52:18
17. 54:9–18
18. 54:34–56:2
19. 57:1–58:37
20. 59:42–60:33
21. 60:35–61:15
22. 61:38–62:16
23. 63:1–64:2
24. 64:13–30
25. 65:42–67:6
26. 68:1–69:23
27. 72:8–38

The defense contends the following segments should also be admitted:

1. 31:9–41. Offered not for the truth of the matter asserted but for the fact of the disclosures as evidence of good faith and for context for later statements and the government's responses and follow-up questions. Also contains present sense impressions and statements of then-existing mental condition ("I don't remember"; "I'm just not recalling"; etc.).

2. 52:37–53:41. Offered for the effect on the listener, as context for the government's follow-up investigative efforts, and the materiality or immateriality of the statements alleged as the basis for the charges of the indictment.

3. 54:30–32. Not hearsay because not an assertion. Offered to show Fortenberry's state of mind and good faith.

4. 65:42–66:25. Offered not for the truth of the matter asserted but for the fact of the disclosures as evidence of good faith. Also offered for the effect on the listener, as context for the government's follow-up investigative efforts, including the government's interview of Jessica Furst Johnson, and the materiality or immateriality of the statements alleged against Fortenberry as the basis for the charges of the indictment.

5. 70:37–71:6. Verbal act relevant to show Fortenberry's good faith and intent to assist the government by waiving the privilege.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

Respectfully submitted,

Dated: February 15, 2022

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

*/s/ Ryan V. Fraser*

John L. Littrell
Ryan V. Fraser
*Attorneys for Defendant*
Hon. Jeffrey Lane Fortenberry

6
HON. JEFFREY FORTENBERRY'S SUPPLEMENT TO
MOTION *IN LIMINE* NO. 8 TO ADMIT HIS STATEMENTS