TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. 342364)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3289
    Facsimile:  (213) 894-0141
    E-mail:  mack.jenkins@usdoj.gov
            jamari.buxton@usdoj.gov
            susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00491-SB |
|---|---|
| Plaintiff, | **GOVERNMENT'S OFFER OF PROOF RE: LAY OPINION TESTIMONY ON DEFENDANT'S DEMEANOR** |
| v. | |
| JEFFREY FORTENBERRY, | Hearing Date:  3/15/2022<br>Hearing Time:  8:00 a.m. |
| Defendant. | Indictment: 10/19/2021<br>Trial: 3/16/2022 at 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton, hereby files the government's Offer of Proof regarding its proposed lay opinion testimony on defendant's demeanor.  The Court invited the government to file a specific offer of proof

1

regarding its anticipated lay opinion testimony on demeanor at the hearing on March 8, 2022.  (See Dkt. No. 151.)

Dated: March 11, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
SUSAN S. HAR
MACK E. JENKINS
J. JAMARI BUXTON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S OFFER OF PROOF**

The government intends to elicit <u>limited</u> lay opinion testimony regarding defendant's demeanor[1]—rationally based on the perception of a competent witness with sufficient foundation—in order to help the jury understand clearly the testimony of the witness.  See <u>United States v. Skeet</u>, 665 F.2d 983, 985 (9th Cir. 1982).  Moreover, the government does <u>not</u> intend to elicit testimony that any particular demeanor observation establishes an ultimate issue of fact related to defendant's guilt of the charged crimes.  For example, no witness will testify that because defendant appeared nervous this meant he was lying.  However, because of the difficulty in describing "the mental or physical condition of a person [or] the emotions manifest by his acts," Rule 701 permits the witness to "state his impressions and opinions based upon what he observed," rather than attempt to explain facts that are "difficult of explanation, or complex, or are of a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness."  <u>Id.</u>; see also <u>United States v. Mastberg</u>, 503 F.2d 465, 470 (9th Cir. 1974) (permitting testimony about corporeal appearances, including that a person appeared "nervous"); <u>United States v. Yazzie</u>, 976 F.2d 1252, 1254 (9th Cir. 1992) (abuse of discretion to preclude witnesses' "subjective" lay opinions of the minor's age); <u>Asplundh Mfg. Div. v. Benton Harbor Eng'g</u>, 57 F.3d 1190, 1196 (3d Cir. 1995) (recognizing that "testimony that a person was 'excited' or 'angry' is more evocative and understandable than a long physical description of the person's outward manifestations"); 29 Wright & Gold, Federal Practice and Procedure § 6255, at 160 (1997) ("[L]ay opinion traditionally has been received as to the mental, emotional or physical condition of a person observed by the witness."; citing examples).

This is true even if there is a concurrent video or audio recording.  As a preliminary matter, the government's video recording evidence is far from high

---

[1] By "demeanor," the government means the defendant's "outward behavior or bearing." (quoting Oxford Language dictionary definition).

1

definition or of cinematic quality. To the contrary, the jury will necessarily have difficulty clearly observing the defendant and all of his reactions because the video has a grainy quality, is often obscured based on the angle and other objects, and visually captures a limited range in a dimly lit room. In comparison, the testifying witness's observations will suffer none of these flaws. Accordingly, because the jury is not "put into a position of equal vantage with the witness for drawing the opinion," lay opinion testimony is permissible and will serve to "convey[] to the jury what the witness has observed" and which the jury cannot observe itself from the video alone. Skeet, 665 F.2d at 985. This need is even more compelling when only an *audio* recording exists (e.g., defendant's Washington D.C. interview) and thus the jury, although they will hear the defendant answer questions, will be deprived of any opportunity to visually observe him while he answers those questions. Accordingly, the government submits the below as its proffer of limited lay opinion testimony.[2]

**Nebraska Interview (audio and video recording)[3]**

1. **Ex. 115 (Clip 1)** – The witness will testify that defendant appeared angry or upset, which defendant confirms when he states in the clip, "The milieu and the context in which we are operating should give you a deeper understanding as to why I'm upset with you."

**Washington D.C. Interview (audio only recording)**

1. **Ex. 145 (Clip 12)** – The witness will testify that defendant appeared guarded and that he seemed more uncomfortable than he did in other parts of the interview.
2. **Ex. 146 (Clip 13)** – The witness will testify that, when defendant spoke about his knowledge of the FEC rules, he appeared confident. The witness will further testify that, by contrasting the witness's observations with how defendant answered other questions during the same interview, defendant seemed resistant

---

[2] The government's description of the witness's expected testimony is an approximation, based on what the witness has previously stated, and the witness may use slightly different verbiage at trial.

[3] The referenced Clip numbers correspond to the concurrently lodged audio/visual files.

and reluctant to identify the nature or basis of his "concern," in relation to the FEC rules and his call with Individual H.

3. **Ex. 152 (Clip 19)** – The witness will testify that, when asked about how defendant knew the FEC rules, he appeared visibly indignant and somewhat defensive.

4. **Ex. 155 (Clip 22)** – The witness will testify that near the end of Clip 22, defendant's demeanor seemed apprehensive or agitated.  (As part of the witness's non-lay opinion percipient fact testimony, the witness will also describe that defendant then gestured that he was going to leave, and then the defendant stood up and left the conference room.)