TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. pending)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-3289
    Facsimile:    (213) 894-0141
    E-mail:    mack.jenkins@usdoj.gov
        jamari.buxton@usdoj.gov
        susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JEFFREY FORTENBERRY,<br><br>          Defendant. | Case No. 2:21-cr-00491-SB<br><br>[AMENDED] PROPOSED JOINT VERDICT FORMS<br><br>[Government Version and Defense Version included]<br><br>Indictment: 10/19/2021<br>Pretrial Conference: 3/15/2022 at 8:30 a.m.<br>Trial: 3/16/2022 at 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the

United States Attorney for the Central District of California and Assistant United States

Attorneys Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton, and defendant

JEFFREY FORTENBERRY ("defendant"), by and through his counsel of record, John

//

//

Littrell, Ryan Fraser, and Glen Summers, hereby submit their amended proposed joint verdict forms in the above-captioned case.  The below verdict forms reflect each respective party's requested verdict form and supersedes the previously submitted joint verdict form filed on February 15, 2022 (Dkt. No. 127).

Dated: March 14, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
MACK E. JENKINS
SUSAN S. HAR
J. JAMARI BUXTON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: March 14, 2022

/s/ per email authorization
JOHN LITTRELL
RYAN FRASER
GLEN SUMMERS

Attorneys for Defendant
JEFFREY FORTENBERRY

1
2
3
4
5
6
7
8
9                          **<u>GOVERNMENT'S PROPOSED VERDICT FORM</u>**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00491-SB |
| Plaintiff, | VERDICT FORM |
| v. | |
| JEFFREY FORTENBERRY, | |
| Defendant. | |

2

## COUNT ONE

## Scheme to Falsify or Conceal Material Facts

**1.** We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

_____ GUILTY

_____ NOT GUILTY

as charged in Count One of the Indictment.

**(Please proceed to Question No. 2)**

1

## **COUNT TWO**

## **False Statement**

**2.**      We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

_____  GUILTY

_____  NOT GUILTY

as charged in Count Two of the Indictment, in connection with the March 23, 2019 interview in Nebraska.


**(If your response to Question No. 2 is "GUILTY," you <u>must</u> answer Question No. 3.  If your response to Question No. 2 is "NOT GUILTY," please <u>skip</u> Question No. 3 and proceed to Question No. 4.)**


**3.**      We, the Jury, further unanimously find in support of our verdict on Count Two that the following statements were false and material (**check all that apply**):

_____  Defendant was not aware of Baaklini making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit campaign contributions.

_____  The individuals who contributed to the Los Angeles Fundraiser were all publicly disclosed.

_____  Every campaign contribution that defendant had received was publicly disclosed.


**(Please proceed to Question No. 4)**

2

## COUNT THREE

## False Statement

**4.**     We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

_____   GUILTY

_____   NOT GUILTY

as charged in Count Three of the Indictment, in connection with the July 18, 2019 interview in Washington, D.C.

**(If your response to Question No. 4 is "GUILTY," you <u>must</u> answer Question No. 5.  If your response to Question No. 4 is "NOT GUILTY," please <u>skip</u> Question No. 5.)**

**5.**     We, the Jury, further unanimously find in support of our verdict on Count Three that the following statements were false and material (**check all that apply**):

_____ Defendant had not been told by Individual H[1] during the 2018 Call that Baaklini had given Individual H $30,000 cash to help fund the Los Angeles Fundraiser.

_____ Defendant was not aware of any illicit donation made during the Los Angeles Fundraiser.

**(The foreperson should now sign and date this verdict form.)**

DATED _____ in Los Angeles, California

_____
FOREPERSON OF THE JURY

---

[1] Individual H's real name will be inserted in the final jury version.

3

**<u>DEFENDANT'S PROPOSED VERDICT FORM</u>**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00491-SB |
| Plaintiff, | <u>VERDICT FORM</u> |
| v. | |
| JEFFREY FORTENBERRY, | |
| Defendant. | |

## <u>COUNT ONE</u>

### <u>Alleged Scheme to Falsify or Conceal Material Facts</u>

**1.**    We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

        \_\_\_\_\_   GUILTY

        \_\_\_\_\_   NOT GUILTY

of knowingly and willfully using a trick, scheme, or device to falsify, conceal, or cover up a material fact, as charged in Count One of the Indictment.

**(If your response to Question 1 is "GUILTY," you <u>must</u> answer Questions 2 and 3.  If your response to Question No. 1 is "NOT GUILTY," please <u>skip</u> Questions 2 and 3 and proceed to Question 4.)**

**2.**    We, the Jury, further unanimously find in support of our verdict on Count One that the defendant knowingly and willfully used a trick, scheme, or device to falsify, conceal, or cover up material facts, as follows (**check all that apply**):

      \_\_\_\_\_   During an interview on March 23, 2019, by the FBI and IRS in Lincoln, Nebraska, defendant JEFFREY FORTENBERRY knowingly and willfully made false and misleading statements with the intent to falsify, conceal, and cover up material facts.

      \_\_\_\_\_   During an interview on July 18, 2019, by the FBI and the United States Attorney's Office in Washington, D.C., defendant JEFFREY FORTENBERRY knowingly and willfully made false and misleading statements with the intent to falsify, conceal, and cover up material facts.

      \_\_\_\_\_   To conceal illegal conduit contributions, his knowledge of them, illegal campaign contributions by Gilbert Chagoury, and his suspicions of them, defendant JEFFREY FORTENBERRY

1

knowingly and willfully failed to cause his campaign to file amended FEC reports with accurate information about the 2016 fundraiser, including the true contributors and the amounts of their contributions.

**(Please proceed to Question No. 3)**

**3.**      We, the Jury, find as follows on the question of venue (**check one**):

Did the government prove by a preponderance of the evidence that the defendant's conduct alleged in Count One [occurred within the Central District of California][1], as defined in the Court's Instruction No. [41]?

_____ YES

_____ NO

**(Please proceed to Question No. 4)**

---

[1] This language should reflect the instruction the Court ultimately gives with respect to venue, which is currently numbered Joint Instruction No. 41.

2

## COUNT TWO

### Alleged False Statements in Nebraska

4.     We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

         \_\_\_\_\_     GUILTY

         \_\_\_\_\_     NOT GUILTY

of knowingly and willfully making a materially false statement as charged in Count Two of the Indictment, during a March 23, 2019 interview in Lincoln, Nebraska.

**(If your response to Question No. 4 is "GUILTY," you <u>must</u> answer Questions 5 and 6.  If your response to Question No. 4 is "NOT GUILTY," please <u>skip</u> Questions 5 and 6 and proceed to Question 7.)**

5.     We, the Jury, further unanimously find in support of our verdict on Count 2 that the defendant willfully made the following statements with knowledge the statements were false and intent to deceive, and that the statements were material (**check all that apply**):

         \_\_\_\_\_ Defendant was not aware of Baaklini making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit campaign contributions.

         \_\_\_\_\_ The individuals who contributed to the Los Angeles Fundraiser were all publicly disclosed.

         \_\_\_\_\_ Every campaign contribution that defendant had received was publicly disclosed.

**(Please proceed to Question No. 6)**

6.     We, the Jury, find as follows on the question of venue (**check one**):

Did the government prove by a preponderance of the evidence that the defendant's conduct alleged in Count Two [occurred within the Central District of California][2], as defined in the Court's Instruction No. [41]?

_____ YES

_____ NO

**(Please proceed to Question No. 7)**

---

[2]  This language should reflect the instruction the Court ultimately gives with respect to venue, which is currently numbered Joint Instruction No. 41.

4

## COUNT THREE

## Alleged False Statements in Washington, D.C.

7.      We, the Jury, unanimously find defendant JEFFREY FORTENBERRY
(**check one**):

          \_\_\_\_\_   GUILTY

          \_\_\_\_\_   NOT GUILTY

of knowingly and willfully making a materially false statement as charged in Count
Three of the Indictment, during a July 18, 2019, interview in Washington, D.C.


**(If your response to Question No. 7 is "GUILTY," you <u>must</u> answer
Questions 8 and 9.  If your response to Question No. 7 is "NOT GUILTY,"
please <u>skip</u> Questions 8 and 9, and sign and date the verdict form).**


**8.**      We, the Jury, further unanimously find in support of our verdict on Count 3
that the Defendant willfully made the following statements with knowledge the
statements were false and intent to deceive, and that the statements were material (**check
all that apply**):

          \_\_\_\_\_   Defendant had not been told by Individual H[3] during the 2018 Call
                that Baaklini had given Individual H $30,000 cash to help fund the
                2016 Fundraiser.
          \_\_\_\_\_   Defendant was not aware of any illicit donation made during the Los
                Angeles Fundraiser.

**(Please proceed to Question No. 9)**

---

[3] Individual H's real name will be inserted in the final jury version.

5

9.      We, the Jury, find as follows on the question of venue (**check one**):

Did the government prove by a preponderance of the evidence that the defendant's conduct alleged in Count Three [occurred within the Central District of California][4], as defined in the Court's Instruction No. [41]?

_____ YES

_____ NO

**(The foreperson should now sign and date this verdict form.)**

DATED _____ in Los Angeles, California

_____
FOREPERSON OF THE JURY

---

[4] This language should reflect the instruction the Court ultimately gives with respect to venue, which is currently numbered Joint Instruction No. 41.

6