TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. 342364)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3289
    Facsimile:  (213) 894-0141
    E-mail:  mack.jenkins@usdoj.gov
            jamari.buxton@usdoj.gov
            susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-cr-00491-SB |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL POSITION RE: JURY INSTRUCTIONS |
| v. | |
| JEFFREY FORTENBERRY, | Trial Date: 3/16/22 at 8:30 a.m. |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton, hereby files its supplemental position regarding jury instructions, consistent with the Court's order during the hearing on March 15, 2022.  (See Dkt. No. 157.)

//

//

//

The government respectfully reserve the right to supplement the jury instructions as needed.

Dated: March 18, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

   /s/
SUSAN S. HAR
MACK E. JENKINS
J. JAMARI BUXTON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# GOVERNMENT'S SUPPLEMENTAL POSITION

The Court provided its tentative jury instructions on selected instructions during the hearing on March 15, 2022. With respect to Instruction No. 21 regarding the Government's Use of Undercover Agents and Informants, the Court directed the government to propose a modification to the instruction to focus on the tactics relevant to this case and to present authority to support giving the instruction in the absence of an entrapment defense. Such instruction and authority are set forth below.

During that same hearing, the government also requested leave to propose a supplemental instruction regarding the correct law of materiality, in view of the Court's partial adoption of the defense's special instruction regarding materiality. Because the Court's current instruction regarding materiality is embedded into the substantive instruction for Count One, the government provides below its requested instruction within that same instruction. As stated during the hearing, the government also updates the instruction to omit the reference to the Internal Revenue Service.

GOVERNMENT'S PROPOSED INSTRUCTION

**21. GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS**

You have heard testimony from Dr. Elias Ayoub, a witness who cooperated with the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of cooperating witnesses, surreptitiously recording conversations, and using ruses.

**Legal Support**

This instruction is both necessary and appropriate in this case. The defense has attacked, and will continue to attack, the propriety of the government's use of <u>lawful</u> and <u>permissible</u> law enforcement tactics in this case. See, e.g, <u>Leahy v. United States</u>, 272 F.2d 487, 490 (9th Cir. 1959) ("[S]tealth and strategy are necessary weapons in the arsenal of the police officer."); <u>United States v. Wahchumwah</u>, 710 F.3d 862, 867 (9th Cir. 2013) (government agents may make concealed audio-video recording of a suspect's statements inside the suspect's home, with the consent of the government agent, without a warrant); <u>Jacobson v. United States</u>, 503 U.S. 540, 548 (1992) ("[T]here can be no dispute that the Government may use undercover agents to enforce the law;" "Artifice and stratagem may be employed to catch those engaged in criminal enterprises." (citations omitted)); <u>United States v. Slaughter</u>, 891 F.2d 691, 696 (9th Cir. 1989) ("The Government may use informants and pay them" and the informant who must "win a suspect's confidence . . . must make overtures of friendship and trust and must enjoy a great deal of freedom in deciding how best to establish a rapport with the subject.").

In the absence of this instruction, the jury would have the misleading and incorrect impression that the law enforcement tactics used in this case were <u>not</u> lawful or permissible, which is contrary to the law. <u>United States v. Winslow</u>, 962 F.2d 845 (9th Cir. 1992) permits the Court to provide this instruction, even in the absence of an entrapment instruction. In that case, the defense—like the defense here—did not request an entrapment instruction and objected to the inclusion of the undercover agent instruction in the absence of the entrapment instruction. <u>Id.</u> at 848. The defense—like

2

the defense here—also insinuated "that the government and [its undercover informant] acted improperly," including by characterizing in the defense opening that the informant "engaged in lies and deceit" and was like a "spider pouncing on its prey." Id.  Under these circumstances, the Court in Winslow held that the district court "did not abuse its discretion by giving the undercover agent instruction to help the jury understand the nature of undercover police work." Id.

      So too should this Court provide the requested instruction to help the jury properly understand the law and to prevent any misleading suggestion that the government acted improperly.

GOVERNMENT'S PROPOSED INSTRUCTION

**24. SCHEME TO FALSIFY OR CONCEAL MATERIAL FACTS**

The defendant is charged in Count One of the indictment with engaging in a scheme to falsify or conceal material facts. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant falsified, concealed, or covered up a fact;

Second, the defendant had a duty to disclose that fact. A duty to disclose arises when a defendant responds to specific questions posed by a government agency on a particular topic.

Third, the defendant falsified, concealed, or covered up such a fact by trick, scheme, or device. To falsify, conceal, or cover up by a trick, scheme, or device means any deliberate plan or course of action, or any affirmative act, or any knowing omission designed to deceive others by preventing or delaying the discovery of information;

Fourth, the falsified, concealed, or covered up fact was material to the Federal Bureau of Investigation (FBI) or the United States Attorney's Office (USAO). That is, it had a natural tendency to influence, or was capable of influencing, the decisions or activities of a government agency. The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material. The test for materiality is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances. Materiality must be judged by the facts and circumstances of the investigation at issue in this case.

Fifth, the falsification and/or concealment was knowing and willful. That is, the defendant acted deliberately and with knowledge both of the falsification and/or concealment and that his conduct was unlawful. And

Sixth, the material fact was within the jurisdiction of the executive branch of the Government of the United States, namely, the FBI or USAO.

**Legal Support**

Currently, this instruction adopts in part the defense's Proposed Instruction No. 37, requesting that the Court provide the language reflected in the Court's Instruction No. 24: "Materiality must be judged by the facts and circumstances of the investigation at issue in this case." This language is not a direct quote from a Ninth Circuit case. Rather, in support of that instruction, the defense cited to what is arguably dicta in United States v. Serv. Deli Inc., 151 F.3d 938 (9th Cir. 1998): a qualifying clause in the Ninth Circuit's conclusion that "Service Deli's denial of its price sharing conduct was, in the circumstances of this case, a material misrepresentation." Id. at 942 (emphasis added).

Standing alone, this language creates the misleading impression that materiality is evaluated largely based on the investigation, when in fact the case law holds that the correct test for materiality is the intrinsic capabilities of the false statement itself. What United States v. Serv. Deli Inc. clearly and unequivocally set forth is: "The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material. The test [for materiality] is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances." Id. at 941; see also United States v. King, 735 F.3d 1098, 1108 (9th Cir. 2013) (same, citing Serv. Deli); Brandow v. United States, 268 F.2d 559, 565 (9th Cir. 1959) (same). This holding from Service Deli sets forth in the most practical and understandable terms what materiality means and, importantly, what it does not mean. This is the applicable definition and test for materiality, and the jury should be properly instructed as such.