TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
J. JAMARI BUXTON (Cal. Bar No. pending)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:     (213) 894-3289
        Facsimile:     (213) 894-0141
        E-mail:        mack.jenkins@usdoj.gov
                       jamari.buxton@usdoj.gov
                       susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00491-SB |
|---|---|
| Plaintiff, | [SECOND AMENDED] GOVERNMENT AND DEFENSE PROPOSED VERDICT FORMS |
| v. | [Government and Defense Forms Attached] |
| JEFFREY FORTENBERRY, | Indictment: 10/19/2021 |
| Defendant. | Pretrial Conference: 3/15/2022 at 8:30 a.m. Trial: 3/16/2022 at 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Susan S. Har, and J. Jamari Buxton and defendant JEFFREY FORTENBERRY ("defendant"), by and through his counsel of record, John Littrell, Ryan Fraser, and Glen Summers, hereby submit their Second Amended Government and

Defense Proposed joint verdict forms in the above-captioned case.   This filing is pursuant to the Court's order at the continued Final Pre-Trial Conference on March 15, 2022.  The parties met and conferred in person and again via email on Friday, March 18, 2022, and were successfully able to narrow the issues, but a fair amount of disagreement remains.  The parties request to be briefly heard on this issue at a date and time convenient for the Court.


Dated: March 18, 2022                    Respectfully submitted,

                                         TRACY L. WILKISON
                                         United States Attorney

                                         SCOTT M. GARRINGER
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                            /s/
                                         MACK E. JENKINS
                                         SUSAN S. HAR
                                         J. JAMARI BUXTON
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA


Dated: March 18, 2022                    /s/ per email authorization
                                         JOHN LITTRELL
                                         RYAN FRASER
                                         GLEN SUMMERS

                                         Attorneys for Defendant
                                         JEFFREY FORTENBERRY

1
2
3
4
5
6
7
8
9

## **GOVERNMENT PROPOSED VERDICT FORM**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9                UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 | UNITED STATES OF AMERICA,      Case No. 2:21-cr-00491-SB

12         Plaintiff,              VERDICT FORM

13           v.

14 | JEFFREY FORTENBERRY,

15         Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT ONE

## Scheme to Falsify or Conceal Material Facts

1.     We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

_____   GUILTY

_____   NOT GUILTY

as charged in Count One of the Indictment.

(**If your response to Question No. 1 is "GUILTY," you <u>must</u> answer Question Nos. 2 and 3.  If your response to Question No. 1 is "NOT GUILTY," please <u>skip</u> Questions No. 2 and 3 and proceed to Question No. 4.**)

2.     We, the Jury, further unanimously find in support of our verdict on Count One that defendant FORTENBERRY falsified, concealed, or covered up the following material facts (**check all that apply**):

_____ Defendant FORTENBERRY's congressional campaign had received illicit contributions at the Los Angeles Fundraiser in 2016;

_____ Defendant FORTENBERRY had become aware that his campaign received illicit contributions at the Los Angeles Fundraiser in 2016;

_____ Toufic Baaklini had provided $30,000 cash to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign at the Los Angeles Fundraiser in 2016;

_____ Defendant FORTENBERRY had become aware that Toufic Baaklini had provided $30,000 cash to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign; and

_____ Gilbert Chagoury was the source of the $30,000 that Toufic Baaklini

1

provided to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser.

**(Please proceed to Question No. 3)**

3.      We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that defendant FORTENBERRY's conduct alleged in Count One was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Instruction No. [XX]?

\_\_\_\_\_ YES

\_\_\_\_\_ NO

**(Please proceed to Question No. 4)**

## COUNT TWO

### False Statement

4.    We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

     \_\_\_\_\_   GUILTY

     \_\_\_\_\_   NOT GUILTY

as charged in Count Two of the Indictment, in connection with the March 23, 2019 interview in Nebraska.

**(If your response to Question No. 4 is "GUILTY," you <u>must</u> answer Question Nos. 5 and 6.  If your response to Question No. 4 is "NOT GUILTY," please <u>skip</u> Question Nos. 5 and 6 and proceed to Question No. 7.)**

5.    We, the Jury, further unanimously find in support of our verdict on Count Two that the following statements were false and material (**check all that apply**):

     \_\_\_\_\_   Defendant FORTENBERRY was not aware of Toufic Baaklini making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit campaign contributions.

     \_\_\_\_\_   The individuals who contributed to the Los Angeles Fundraiser were all publicly disclosed.

     \_\_\_\_\_   Every campaign contribution that defendant had received was publicly disclosed.

**(Please proceed to Question No. 6)**

3

**6.** We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that defendant FORTENBERRY's conduct alleged in Count Two was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Instruction No. [XX]?

_____ YES

_____ NO

**(Please proceed to Question No. 7)**

4

## COUNT THREE

### False Statement

**7.**     We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

        \_\_\_\_\_     GUILTY

        \_\_\_\_\_     NOT GUILTY

as charged in Count Three of the Indictment, in connection with the July 18, 2019 interview in Washington, D.C.

**(If your response to Question No. 7 is "GUILTY," you <u>must</u> answer Question Nos. 8 and 9.  If your response to Question No. 7 is "NOT GUILTY," please <u>skip</u> Question Nos. 8 and 9.)**

**8.**     We, the Jury, further unanimously find in support of our verdict on Count Three that the following statements were false and material (**check all that apply**):

        \_\_\_\_\_     Defendant FORTENBERRY had not been told by Dr. Elias Ayoub during the 2018 Call that Toufic Baaklini had given Dr. Elias Ayoub $30,000 cash to help fund the Los Angeles Fundraiser.

        \_\_\_\_\_     Defendant FORTENBERRY was not aware of any illicit donation made during the Los Angeles Fundraiser.

**(Please proceed to Question No. 9)**

5

**9.**  We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a preponderance of the evidence that defendant FORTENBERRY's conduct alleged in Count Three was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Instruction No. [XX]?

_____ YES

_____ NO

**(The foreperson should now sign and date this verdict form.)**

DATED _____ in Los Angeles, California

_____
FOREPERSON OF THE JURY

6

**<u>DEFENSE PROPOSED VERDICT FORM</u>**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>Defendant. | Case No. 2:21-cr-00491-SB<br><br><u>VERDICT FORM</u> |

## COUNT ONE

## Scheme to Falsify or Conceal Material Facts

1.     We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

\_\_\_\_\_   GUILTY

\_\_\_\_\_   NOT GUILTY

of knowingly and willfully using a trick, scheme, or device to falsify, conceal, or cover up a material fact, as charged in Count One of the Indictment.

(**If your response to Question No. 1 is "GUILTY," you <u>must</u> answer Question Nos. 2, 3, and 4.  If your response to Question No. 1 is "NOT GUILTY," please <u>skip</u> Questions No. 2, 3 and 4 and proceed to Question No. 5.**)

2.     We, the Jury, further unanimously find in support of our verdict on Count One that the defendant knowingly and willfully used a trick, scheme, or device to falsify, conceal, or cover up the following material facts (**check all that apply**):

\_\_\_\_\_ Defendant FORTENBERRY's congressional campaign had received illicit contributions at the Los Angeles Fundraiser in 2016;

\_\_\_\_\_Defendant FORTENBERRY had become aware that his campaign received illicit contributions at the Los Angeles Fundraiser in 2016;

\_\_\_\_\_ Toufic Baaklini had provided $30,000 cash to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign at the Los Angeles Fundraiser in 2016;

\_\_\_\_\_Defendant FORTENBERRY had become aware that Toufic Baaklini had provided $30,000 cash to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign;

1

_____Gilbert Chagoury was the source of the $30,000 that Toufic Baaklini provided to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser.

**(Please proceed to Question No. 3)**

3.      We, the Jury, further find in support of our verdict on Count One that the means of committing the offense was as follows:  (**check all that apply**):

_____ During an interview on March 23, 2019, by the FBI and IRS in Lincoln, Nebraska, defendant JEFFREY FORTENBERRY knowingly and willfully made false and misleading statements with the intent to falsify, conceal, and cover up material facts.

_____ During an interview on July 18, 2019, by the FBI and the United States Attorney's Office in Washington, D.C., defendant JEFFREY FORTENBERRY knowingly and willfully made false and misleading statements with the intent to falsify, conceal, and cover up material facts.

_____ To conceal illegal conduit contributions, his knowledge of them, illegal campaign contributions by Gilbert Chagoury, and his suspicions of them, defendant JEFFREY FORTENBERRY knowingly and willfully failed to cause his campaign to file amended FEC reports with accurate information about the 2016 fundraiser, including the true contributors and the amounts of their contributions.

**(Please proceed to Question No. 4)**

2

**4.**     We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that the effect of defendant FORTENBERRY's conduct alleged in Count One was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Instruction No. [XX]?

_____ YES

_____ NO

**(Please proceed to Question No. 5)**

## COUNT TWO

## False Statement

**5.**     We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

        \_\_\_\_\_   GUILTY

        \_\_\_\_\_   NOT GUILTY

of knowingly and willfully making a materially false statement as charged in Count Two of the Indictment, during a March 23, 2019 interview in Lincoln, Nebraska.


**(If your response to Question No. 5 is "GUILTY," you <u>must</u> answer Question Nos. 6 and 7.  If your response to Question No. 5 is "NOT GUILTY," please <u>skip</u> Question Nos. 5 and 6 and proceed to Question No. 7.)**


**6.**     We, the Jury, further unanimously find in support of our verdict on Count 2 that the defendant willfully made the following statements with knowledge the statements were false and intent to deceive, and that the statements were material (check all that apply):

        \_\_\_\_\_ Defendant FORTENBERRY was not aware of Toufic Baaklini making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit campaign contributions.

        \_\_\_\_\_ The individuals who contributed to the Los Angeles Fundraiser were all publicly disclosed.

        \_\_\_\_\_ Every campaign contribution that defendant had received was publicly disclosed.


**(Please proceed to Question No. 7)**

4

**7.** We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that the effect of defendant FORTENBERRY's conduct alleged in Count Two was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Instruction No. [XX]?

_____ YES

_____ NO

**(Please proceed to Question No. 8)**

5

## COUNT THREE
### False Statement

**8.**     We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

          \_\_\_\_\_     GUILTY

          \_\_\_\_\_     NOT GUILTY

of knowingly and willfully making a materially false statement as charged in Count Three of the Indictment, during a July 18, 2019, interview in Washington, D.C.

**(If your response to Question No. 8 is "GUILTY," you <u>must</u> answer Question Nos. 9 and 10.  If your response to Question No. 8 is "NOT GUILTY," please <u>skip</u> Question Nos. 8 and 9.)**

**9.**     We, the Jury, further unanimously find in support of our verdict on Count 3 that the defendant willfully made the following statements with knowledge the statements were false and intent to deceive, and that the statements were material (check all that apply):

          \_\_\_\_\_ Defendant FORTENBERRY had not been told by Dr. Elias Ayoub during the 2018 Call that Toufic Baaklini had given Dr. Elias Ayoub $30,000 cash to help fund the Los Angeles Fundraiser.

          \_\_\_\_\_ Defendant FORTENBERRY was not aware of any illicit donation made during the Los Angeles Fundraiser.

**(Please proceed to Question No. 9)**

6

**10.** We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that the effect of defendant FORTENBERRY's conduct alleged in Count Three was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Instruction No. [==XX==]?

\_\_\_\_\_ YES

\_\_\_\_\_ NO

**(The foreperson should now sign and date this verdict form.)**

DATED _____ in Los Angeles, California

_____
FOREPERSON OF THE JURY

7