FILED
CLERK, U.S. DISTRICT COURT
March 24, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: jgr DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00491-SB |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| JEFFREY FORTENBERRY, | |
| Defendant. | |

1. **DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

   Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

   It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

   You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

2. **CHARGE AGAINST DEFENDANT – NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

   The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## 3. REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## 4. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits received in evidence; and
3. any facts to which the parties have agreed.

## 5. WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way

the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6. **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

7. **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the

following:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

8. **DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant

5

did not testify.

## 9. ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## 10. SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## 11. ON OR ABOUT – DEFINED

The indictment charges that the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## 12. STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## 13. TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Toufic Baaklini, a witness who received and entered into a deferred prosecution agreement with the government. This agreement is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of Mr. Baaklini, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Baaklini with greater caution than that of other witnesses.

You also have heard testimony from Dr. Elias Ayoub, a witness who cooperated with the government's investigation. You should examine Dr. Ayoub's testimony with greater caution than that of an ordinary witness and consider the extent to which it may have been influenced by the receipt of benefits from the Government.

## 14. GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

Law enforcement officials may use cooperating witnesses, surreptitious recordings, and ruses to investigate actual or suspected criminal activities.

## 15. CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

16. **CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

17. **SCHEME TO FALSIFY OR CONCEAL MATERIAL FACTS**

The defendant is charged in Count One of the indictment with engaging in a scheme to falsify or conceal material facts. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant falsified, concealed, or covered up a fact.

Second, the defendant had a duty to disclose that fact. A duty to disclose arises when a defendant responds to specific questions posed by a government agency on a particular topic.

Third, the defendant falsified, concealed, or covered up such a fact by trick, scheme, or device. To falsify, conceal, or cover up by a trick, scheme, or device means any deliberate plan or course of action, or any affirmative act, or any knowing omission designed to deceive others by preventing or delaying the discovery of information.

Fourth, the falsified, concealed, or covered up fact was material to the Federal Bureau of Investigation (FBI) or the United States Attorney's Office (USAO). That is, it had a natural tendency to influence, or was capable of influencing, the decisions or activities of a government agency. The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material. Materiality must be judged by the facts and circumstances of the investigation at issue in this case.

Fifth, the falsification and/or concealment was knowing and willful. That is, the defendant acted deliberately and with knowledge both of the falsification and/or concealment and that his conduct was unlawful. And

Sixth, the material fact was within the jurisdiction of the executive branch of the Government of the United States, namely, the FBI or USAO. A matter is within the jurisdiction of the FBI or USAO if the matter of the statement or fact at issue was directly related to the agency's authorized functions and was not peripheral to the agency's business.

### 18. FALSE STATEMENT TO GOVERNMENT AGENCY

The defendant is charged in Counts Two and Three of the indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement.

Second, the statement was made in a matter within the jurisdiction of the FBI or the USAO. A matter is within the jurisdiction of the FBI or USAO if the matter of the statement or fact at issue was directly related to the agency's authorized functions and was not peripheral to the agency's business.

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful. And

Fourth, the statement was material to the activities or decisions of the FBI or the USAO. That is, it had a natural tendency to influence, or was capable of influencing, the decisions or activities of a government agency. The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material. Materiality must be judged by the facts and circumstances of the investigation at issue in this case.

All of you must agree as to which statement or statements were false and material.

### 19. KNOWINGLY

An act is done knowingly if the defendant is aware of the act and does not act or

9

fail to act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**20.  WILLFULLY**

An act is done "willfully" if done voluntarily, intentionally, purposefully, and deliberately, as opposed to accidentally, inadvertently, or negligently. Mere negligence, even gross negligence, is not sufficient to constitute willfulness under the criminal law. In determining whether the defendant willfully made a materially false statement, you may consider the context of the alleged false statement, other statements made by the defendant on the same or related subjects, and evidence relevant to the defendant's understanding of the questions posed, along with all other evidence.

**21.  VENUE**

With respect to each count, the government must prove by a preponderance of the evidence that the defendant's charged conduct, that is, either engaging in a scheme to falsify or conceal material facts or making false statements, was capable of having an effect, or did have an effect, within the Central District of California, which encompasses the following seven counties: Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara, and Ventura. To find a fact by a preponderance of the evidence means to find it was more probably true than not true.

**22.  DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## 23. CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to

communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## 24. USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 25. JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## 26. VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## 27. **COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.