FILED
CLERK, U.S. DISTRICT COURT
March 24, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: jgr DEPUTY

**REDACTED**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>Defendant. | Case No. 2:21-cr-00491-SB<br><br>**<u>VERDICT FORM</u>** |

## COUNT ONE

## Scheme to Falsify or Conceal Material Facts

1. We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

__✓__ GUILTY

_____ NOT GUILTY

of knowingly and willfully using a trick, scheme, or device to falsify, conceal, or cover up a material fact, as charged in Count One of the Indictment.

(**If your response to Question No. 1 is "GUILTY," you must answer Question Nos. 2 and 3. If your response to Question No. 1 is "NOT GUILTY," please skip Questions Nos. 2 and 3 and proceed to Question No. 4.**)

2. We, the Jury, further unanimously find in support of our verdict on Count One that the defendant knowingly and willfully used a trick, scheme, or device to falsify, conceal, or cover up the following material facts (**check all that apply**):

__✓__ Defendant FORTENBERRY's congressional campaign had received illicit contributions at the Los Angeles Fundraiser in 2016;

__✓__ Defendant FORTENBERRY had become aware that his campaign received illicit contributions at the Los Angeles Fundraiser in 2016;

__✓__ Toufic Baaklini had provided $30,000 cash to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign at the Los Angeles Fundraiser in 2016;

_____ Defendant FORTENBERRY had become aware that Toufic Baaklini had provided $30,000 cash to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign;

1

✓ _____ Gilbert Chagoury was the source of the $30,000 that Toufic Baaklini provided to Dr. Elias Ayoub for Dr. Elias Ayoub and Dr. Elias Ayoub's associates to contribute to defendant FORTENBERRY's congressional campaign at the 2016 Fundraiser.

**(Please proceed to Question No. 3)**

3. We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that the effect of defendant FORTENBERRY's conduct alleged in Count One was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Final Instruction No. 21?

✓ _____ YES

_____ NO

**(Please proceed to Question No. 4)**

2

## COUNT TWO

### False Statement

4. We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

 ✓ \_\_\_\_\_ GUILTY

 \_\_\_\_\_ NOT GUILTY

of knowingly and willfully making a materially false statement as charged in Count Two of the Indictment, during a March 23, 2019 interview in Lincoln, Nebraska.

**(If your response to Question No. 4 is "GUILTY," you must answer Question Nos. 5 and 6. If your response to Question No. 4 is "NOT GUILTY," please skip Question Nos. 5 and 6 and proceed to Question No. 7.)**

5. We, the Jury, further unanimously find in support of our verdict on Count Two that the defendant willfully made the following statements with knowledge the statements were false and intent to deceive, and that the statements were material (**check all that apply**):

 ✓ \_\_\_\_\_ Defendant FORTENBERRY was not aware of Toufic Baaklini making any illegal contributions, directing anyone to conduct illegal contributions, or providing money to anyone else to conduct conduit campaign contributions.

 ✓ \_\_\_\_\_ The individuals who contributed to the Los Angeles Fundraiser were all publicly disclosed.

 ✓ \_\_\_\_\_ Every campaign contribution that defendant had received was publicly disclosed.

**(Please proceed to Question No. 6)**

3

**6.** We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that the effect of defendant FORTENBERRY's conduct alleged in Count Two was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Final Instruction No. 21?

         ✓ YES

         \_\_\_\_ NO

**(Please proceed to Question No. 7)**

## COUNT THREE

### False Statement

7. We, the Jury, unanimously find defendant JEFFREY FORTENBERRY (**check one**):

　　✓　GUILTY

　　___　NOT GUILTY

of knowingly and willfully making a materially false statement as charged in Count Three of the Indictment, during a July 18, 2019, interview in Washington, D.C.

**(If your response to Question No. 7 is "GUILTY," you must answer Question Nos. 8 and 9.  If your response to Question No. 7 is "NOT GUILTY," please skip Question Nos. 8 and 9 and sign and date the verdict form.)**

8. We, the Jury, further unanimously find in support of our verdict on Count Three that the defendant willfully made the following statements with knowledge the statements were false and intent to deceive, and that the statements were material (**check all that apply**):

　　✓　Defendant FORTENBERRY had not been told by Dr. Elias Ayoub during the 2018 Call that Toufic Baaklini had given Dr. Elias Ayoub $30,000 cash to help fund the Los Angeles Fundraiser.

　　✓　Defendant FORTENBERRY was not aware of any illicit donation made during the Los Angeles Fundraiser.

**(Please proceed to Question No. 9)**

5

**9.** We, the Jury, find as follows on the question of venue (**check one**): Did the government prove by a <u>preponderance of the evidence</u> that the effect of defendant FORTENBERRY's conduct alleged in Count Three was capable of having an effect, or did have an effect, within the Central District of California, as defined in the Court's Final Instruction No. 21?

    ✓  YES

    ____  NO

**(The foreperson should now sign and date this verdict form.)**

DATED  3-24-2022  in Los Angeles, California



FOREPERSON OF THE JURY