John L. Littrell, State Bar No. 221601
jlittrell@bklwlaw.com
Ryan V. Fraser, State Bar No. 272196
rfraser@bklwlaw.com
BIENERT KATZMAN
LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel.: (949) 369-3700
Fax: (949) 369-3701

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>    *Defendant.* | Case No. 2:21-cr-491-SB<br>Hon. Stanley Blumenfeld, Jr.<br><br>**JEFFREY FORTENBERRY'S NOTICE OF MOTION, MOTION TO STRIKE GOVERNMENT'S UNTIMELY PSR OBJECTIONS, AND OPPOSITION TO GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS**<br><br>Hearing Date: June 28, 2022<br>Hearing Time: 8:00 a.m. |

**TO THE HONORABLE COURT, PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, at the sentencing hearing set at the above date and time, in the courtroom of the Honorable Stanley Blumenfeld, Jr., United States District Judge, located at 350 West 1st Street, Los Angeles, California 90012, by and through his attorneys of record, Jeffrey Fortenberry will move, and hereby does move, to strike the government's untimely objections to the presentence investigation report ("PSR"). Further, Mr. Fortenberry submits herewith his brief opposing the government's requests for enhancements under the United States Sentencing Guidelines.

Counsel for the respective parties met and conferred via email concerning the Motion to Strike and opposition brief. Government counsel requested that counsel for Mr. Fortenberry "note in [this] filing the following as the government's position (in bold)":

**The government provided its position regarding the applicability of the two enhancements to both USPO (4/19) and defense counsel (5/5) long before the PSR was issued. USPO's original analysis in the PSR (Dkt. No. 207), the addendum (Dkt. No. 215), as well as the defense's anticipated opposition brief all address the government's positions on these enhancements. Accordingly, there has been no prejudice to the defense in its ability to respond or to the USPO in considering the government's position. The government does not object to the defense's request for leave to file an opposition brief addressing those enhancements.**

Respectfully submitted,

Dated:  June 21, 2022

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

By:   */s/ Ryan V. Fraser*
     John L. Littrell
     Ryan V. Fraser
     *Attorneys for Jeffrey Fortenberry*

1

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO
GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

# <u>TABLE OF CONTENTS</u>

I.   THE COURT SHOULD STRIKE THE GOVERNMENT'S UNTIMELY PSR OBJECTIONS FOR VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 32(F) WITHOUT JUSTIFICATION...........................1

II.  THE GOVERNMENT'S REQUESTED SENTENCING ENHANCEMENTS DO NOT APPLY.......................................................2

     A.   No enhancement applies for abuse of a position of trust. ..............2

     B.   No enhancement applies for obstructing the administration of justice....................................................................................................3

          1.   The statements did not significantly impede the government because the government knew the true answers to its questions when it asked them. ...............................................4

          2.   The statements did not significantly impede the government because the statements at issue constituted the offense itself...............6

     C.   The government bears a burden of "clear and convincing evidence" with respect to the disputed enhancements. ...................................7

III. CONCLUSION.........................................................................................9

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*United States v. Allen*,
   434 F.3d 1166 (9th Cir. 2006) .......................................................................2

*United States v. Benitez*,
   34 F.3d 1489 (9th Cir. 1994).........................................................................5

*United States v. Diaz*,
   692 Fed. App'x 874 (9th Cir. 2017) ............................................................5

*United States v. Garcia*,
   700 Fed. App'x 639 (9th Cir. 2017) ............................................................5

*United States v. Jones*,
   70 F.3d 1009 (8th Cir. 1995).........................................................................1

*United States v. Lonich*,
   23 F.4th 881 (9th Cir. 2022) .........................................................................8

*United States v. McNally*,
   159 F.3d 1215 (9th Cir. 1998) ......................................................................3

*United States v. Mezas de Jesus*,
   217 F.3d 638 (9th Cir. 2000).........................................................................7

*United States v. Parlor*,
   2 F.4th 807 (9th Cir. 2021) ......................................................................7, 8

*United States v. Solano-Godines*,
   120 F.3d 957 (9th Cir. 1997).....................................................................4, 5

*United States v. Thing*,
   88 Fed. App'x 182 (9th Cir. 2004) ..............................................................4

**Rules**

Fed. R. Crim. P. 32(f)(1).......................................................................................1
Ninth Circuit Rule 36-3(a) .................................................................................6, 7
U.S.S.G. § 3B1.3................................................................................................2, 3
U.S.S.G. § 3C1.1...........................................................................................3, 4, 7

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO
GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

## MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT SHOULD STRIKE THE GOVERNMENT'S UNTIMELY PSR OBJECTIONS FOR VIOLATING FEDERAL RULE OF CRIMINAL PROCEDURE 32(F) WITHOUT JUSTIFICATION.

A party objecting to a presentence investigation report ("PSR") must provide the opposing party and probation officer a copy of the objections in writing "[w]ithin 14 days after receiving the [PSR]." Fed. R. Crim. P. 32(f)(1)–(2) ("Rule 32(f)"). The Central District of California's Local Criminal Rule 32-3.2 further emphasizes: "Counsel must observe strictly the requirements of F.R.Crim.P. 32(f) regarding objections to presentence reports." This Court's Criminal Standing Order ("CSO"), in turn, directs: "Counsel must follow the Central District's Local Rules for electronic filing, unless superseded by this Order." Dkt. 8 at 2.

The Rule 32(f) deadline applies to any objections "to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). Here, by presenting written objections for the first time 21 days after receiving the PSR, the government violated Rule 32(f)(1) and Local Criminal Rule 32-3.2 in attempting to advocate two sentencing enhancements that would at least double the applicable guidelines range in this case.

At the pretrial conference of February 11, 2022, the Court previously warned the government about the need to observe filing deadlines. In that instance, the government failed to submit its trial brief or exhibit or witness lists by the CSO's deadline, without moving for a continuance or leave to act later than the CSO required.

The government has again failed to move to extend its time for filing or continue the hearing at issue. *Cf., e.g.*, *United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995) ("Because Jones did not state any reason for his failure to raise [his PSR] objection in a timely manner, we conclude the district court did not abuse its discretion by declining to rule on it."). In the meet-and-confer process for this filing, the government showed no contrition for its violation of Rule 32(f), Local Rule 32-3.2, or the CSO. The government

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

has also disclaimed prejudice to the defense from its delay without asking the defense if it was prejudiced.

The defense did experience prejudice from the government's delay because the delay deprived defense counsel of response time that defense counsel otherwise would have had during the preceding week, necessitating this separate filing, as well as a further application for leave to file this motion and brief. As a result of the government's delay in providing timely written objections, the Court is receiving the defense position on the merits of the government's objections one week later than it otherwise would have received it.

For all the above reasons, the Court should strike the government's late PSR objections. *See* Fed. R. Crim. P. 32(f); L. Crim. R. 32-3.2; CSO at 2.

## II. THE GOVERNMENT'S REQUESTED SENTENCING ENHANCEMENTS DO NOT APPLY.

### A. No enhancement applies for abuse of a position of trust.

For the abuse-of-trust enhancement to apply, "the position of public . . . trust must have contributed in some significant way to facilitating the commission or concealment of the offense (e.g., by making the detection of the offense or the defendant's responsibility for the offense more difficult)." U.S.S.G. § 3B1.3 cmt. app. n.1. Under this rule, the enhancement does not apply here because nothing about Mr. Fortenberry's status as a member of Congress facilitated the making or concealment of any false statements. Rather than invoke any privileges he had as a member of Congress, Mr. Fortenberry voluntarily granted the government two interviews—one at his home—and subsequently provided the government further emails and access to his FEC attorney.

The government bears the burden of proving any enhancement applies. *See United States v. Allen*, 434 F.3d 1166, 1173 (9th Cir. 2006) ("the burden of proof falls on the party seeking to adjust the offense level" (internal quotation marks and citation omitted)). Yet the government has failed to identify anything in particular that Mr. Fortenberry said or did to "invoke[] [his] position . . . to falsely bolster his credibility," Gov.'s Sent'g Pos'n & Obj'ns to PSR, Dkt. 213, at 17. Indeed, the government's repeated PSR citation directly

2

contravenes the government's position. *See* PSR ¶ 34 ("During his interviews with agents, Fortenberry referenced his position as an elected member of Congress, but this reference to his position did not *significantly* facilitate the commission or concealment of the offense . . . ." (emphasis in original)), cited at Dkt. 213 at 17, 18. The government would have provided at least one specific example of words actually fitting the enhancement—in the government's words, an "entreat[y by Mr. Fortenberry] to weigh his position of trust" in his favor—if the government had one. Similarly, the government fails to provide a citation for its claim that Mr. Fortenberry "pointed federal investigators to . . . false [FEC] reports as evidence that he was providing truthful information," Dkt. 213 at 18, because the context of Mr. Fortenberry's statements refutes the government's characterization.

The PSR is correct that Mr. Fortenberry's mere mention of the fact that he was a member of Congress—a fact that investigators were obviously aware of already—did not "significant[ly]" facilitate any offense as the guideline requires. Indeed, applying the enhancement because Mr. Fortenberry's statements acknowledged his position in Congress would be particularly unfair because the government's questioning directly implicated his position. For all these reasons, the § 3B1.3 enhancement does not apply.

## B.  No enhancement applies for obstructing the administration of justice.

Guideline § 3C1.1 calls for a two-level enhancement if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and that conduct "related to . . . the defendant's offense of conviction and any relevant conduct . . . [or] a closely related offense." This guideline does not apply to a defendant's false statement that was not under oath unless it constituted "an actual impediment, rather than a mere attempt to impede the investigation." *United States v. McNally*, 159 F.3d 1215, 1217 (9th Cir. 1998); *see also* U.S.S.G. § 3C1.1, cmt. app. n.4(G) (enhancement applies for "a materially false statement to a law enforcement officer that *significantly* obstructed or impeded the official investigation or prosecution *of the instant offense*" (emphasis added)).

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO
GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

1  Mr. Fortenberry's statements were not under oath and did not significantly impede the
2  government's investigation into the instant offense.

> ### 1.   The statements did not significantly impede the government because the government knew the true answers to its questions when it asked them.

5  Critically, the government did not need or, in fact, rely on Mr. Fortenberry as a source
6  for the facts he was convicted of misrepresenting. Even assuming, as the government does
7  incorrectly, that Mr. Fortenberry was "aware" as fact of everything the informant Dr. Ayoub
8  told him, the government already knew what Ayoub had told Mr. Fortenberry when it
9  questioned Mr. Fortenberry, because it staged Dr. Ayoub's call and recorded it. *See id.* The
10 government also had access to Mr. Fortenberry's FEC reports because they were public
11 documents. Thus, the government could not have been misled by Mr. Fortenberry.

12 The government cited *United States v. Thing*, 88 Fed. App'x 182, 185 (9th Cir. 2004)
13 (unpublished), for the proposition that "'hindrance to the investigation to the point of
14 diversion of resources' can also support the adjustment." Dkt. 213 at 12 (quoting *Thing*, 88
15 Fed. App'x at 185). But *Thing* does not say that whenever the government diverts resources
16 to investigate something, the obstruction enhancement applies. Rather, *Thing* holds only
17 that diversion of resources is *one* necessary precondition for the adjustment to apply. 88
18 Fed. App'x at 185. *Thing* itself overturned an obstruction enhancement by following the
19 published case of *United States v. Solano-Godines*, 120 F.3d 957 (9th Cir. 1997), noting
20 *Solano-Godines*'s requirement of "'a *significant* hindrance to the investigation or to [the
21 defendant's] prosecution.'" *Thing*, 88 Fed. App'x at 184 (emphasis added) (quoting *Solano-
22 Godines*, 120 F.3d at 963).

23 In *Solano-Godines*, the defendant's false statements concerning his identity had
24 caused what the government described as a "wild goose chase," resulting in investigators
25 running a computerized criminal history check, sending fingerprint samples to the FBI, and
26 making approximately three phone calls to determine whether the name given by the
27 defendant was a person who was actually in prison. *Solano-Godines*, 120 F.3d at 964. But
28

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO
GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

because those actions were not significant enough to warrant the enhancement, *Solano-Godines* reversed the district court's application of the enhancement. *Id.* at 965.

*Solano-Godines*, in turn, explicitly followed *United States v. Benitez*, 34 F.3d 1489, 1497 (9th Cir. 1994), which, *Solano-Godines* noted, "held the defendant's lies about his criminal history significantly hindered his prosecution where it was established that the government did not discover the lies until after a plea agreement had been entered and the lies affected the government's handling of the plea agreement and bail." 120 F.3d at 964. Here, as in *Solano-Godines*, the government argues that it diverted some resources in response to Mr. Fortenberry's statements, but its investigation was not impeded to the required degree because the government did not significantly rely on Mr. Fortenberry's false statements in taking any action comparable to plea negotiations or setting bail.

In another case, the Ninth Circuit followed *Solano-Godines* again to overturn an obstruction enhancement because the officers the defendant had attempted to deceive "knew all along that [the defendant] was lying." *United States v. Diaz*, 692 Fed. App'x 874, 875 (9th Cir. 2017) (unpublished). In this case, the investigators hearing Mr. Fortenberry's statements, likewise, already knew the true information. The investigators did not rely on Mr. Fortenberry's statements, which is a key indication that the required "significant" impeding of an investigation did not occur.

The government's reliance on *United States v. Garcia*, 700 Fed. App'x 639, 643 (9th Cir. 2017) (unpublished), Dkt. 213 at 13–14, is also misplaced. In *Garcia*, the further witnesses interviewed by the government *refuted* exculpatory statements by the defendant. Here, the government conducted investigation in trying to prove that Mr. Fortenberry lied, but the witnesses interviewed did not refute Mr. Fortenberry's statements.

As the Court will recall, the government did not call Reyn Archer or Luke Wenz to testify, as it would have done if the government believed they undermined Mr. Fortenberry's defense. Jessica Furst Johnson, whose interview Mr. Fortenberry voluntarily enabled by waiving his attorney-client privilege, said "I don't really remember anything about the call." When asked what advice she provided Mr. Fortenberry, she stated:

5

I often was telling him not to worry, you know that, um, it's funny when like Trey told me what the subject was and then talking to you all and I always, I can't remember if I'm like creating a memory or if you know, if this like is something that, but he, I do remember at some point him being nervous about something he may have been told or heard or about contributions or checks or, but there was no facts. You know, it was a very like…I'm, um, I'm worried about this, you know? How, how would I know if checks are wrong? Like with something like that and I remember, "What are you talking about?" He's like, "I don't know, you know I, if I heard, you know, if I heard from somebody that the check might have been bad, you know, what's my obligation?"

She continued: "You know, it's just like a suspicion like he, he very frequently was very nervous about things that you know he may be doing incorrectly, which I always told him and still to this day, tell people I work with you know, if you're nervous, you're usually fine." Far from refuting Mr. Fortenberry's statements, Furst Johnson's account was consistent with Mr. Fortenberry's statements. She could not recall details from her conversation with Mr. Fortenberry though she believed that she would have remembered if she had received particular detailed information. What memory she retained of their conversation conformed to the pattern of her indicating to Mr. Fortenberry that his concerns themselves were a sufficient sign of compliance that he need not take further action. Therefore, the government's witness interviews do not make this case fall within *Garcia*, even if *Garcia* were precedential, which, as an unpublished case, it is not. *See* Ninth Circuit Rule 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.").

### 2.     The statements did not significantly impede the government because the statements at issue constituted the offense itself.

In any event, Mr. Fortenberry's statements did not significantly impede the government's investigation into the instant offense because Fortenberry's statements and omissions were, themselves, the "instant offense." Just as the charges in counts two and three are within the scope of count one, similarly, the material facts at issue in the verdict

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO
GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

form for the three counts are inextricably interrelated. *See id.*

The government attempts to fend off this problem by citing Mr. Fortenberry's uncharged incorrect recollection of instructing his aide, Luke Wenz, not to proceed with a second fundraiser after the Ayoub call when, in fact, Mr. Fortenberry so instructed Mr. Wenz before the call. Dkt. 213 at 13. But the government failed to eliminate the possibility that Mr. Fortenberry innocently confused the relative timing of the two events, particularly in light of the interview occurring a year after the facts at issue. Notably, the government did not provide Mr. Fortenberry with the correct date of the Ayoub call. The government has failed to prove Mr. Fortenberry was "willfully" intending to obstruct in making this incorrect statement, as § 3C1.1 explicitly requires. As the PSR notes, Mr. Fortenberry's conduct in the second interview was merely a continuation of his conduct in the first interview. PSR ¶ 36. Therefore, the obstruction enhancement does not apply.

### C. The government bears a burden of "clear and convincing evidence" with respect to the disputed enhancements.

The outcome here does not depend on the weight of the government's evidentiary burden to prove the disputed enhancements, because, for the reasons argued above, the government has failed to carry a preponderance burden. *See United States v. Mezas de Jesus*, 217 F.3d 638, 643 (9th Cir. 2000) ("We have previously emphasized that the preponderance of the evidence standard is a meaningful one that requires the judge to be *convinced* by a preponderance of the evidence that the fact in question exists." (*Mezas de Jesus* court's emphasis) (citation and internal quotation marks omitted)). But the applicable standard is "clear and convincing evidence." That is because, cumulatively, the enhancements double or more than double the applicable Guidelines range and implicate a swing of four offense levels. *See United States v. Parlor*, 2 F.4th 807, 817 (9th Cir. 2021) (noting that while the case law is not a "model of clarity," in the Ninth Circuit, courts must decide the weight of the burden by looking to "the cumulative effect of 'disputed enhancements'" in determining whether their "'increase in the number of offense levels is less than or equal to four; and . . . whether the length of the enhanced sentence more than

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO
GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

1 doubles the length of the sentence authorized by the initial sentencing guideline range in a
2 case where the defendant would otherwise have received a relatively short sentence'"").

3        In *Parlor*, the increase in offense levels was greater than four, but the disputed
4 enhancements did not double the advisory custodial sentence at the respective low end, high
5 end, or midpoint of the two possible ranges. *Id.* The Ninth Circuit therefore ruled that the
6 district court did not commit plain error by applying a preponderance standard where the
7 defendant had not invoked the "clear and convincing" standard in the district court. *Id.*[1]
8 Here, the cumulative proportional effect of the government's position would be to more
9 than double the initial range. In comparing the respective middles of the two ranges, for
10 example, the effect would be a tripling (to nine months from three months); at the low end
11 of each range, the effect would be mathematically incalculably high because it is impossible
12 to divide by zero (six months versus zero months); and, at the high end of each range, the
13 effect would be an exact doubling (from six months to twelve months). Thus, one *Parlor*
14 factor—the "more than four offense levels" test—points to a preponderance standard, while
15 the other points to a "clear and convincing" standard.

16        This apparent "tie" should be broken in favor of the "clear and convincing evidence"
17 standard because the first of the two key factors points only weakly in favor of the
18 preponderance standard, since the effect is exactly an increase of four offense levels, while
19 the other key factor points strongly in favor of the "clear and convincing" standard. The
20 indication of the second factor should prevail because it is stronger.  Moreover, another
21 sometimes applicable factor in the burden-of-proof analysis is whether the disputed
22 enhancement would be, if applicable, "based on conduct for which the jury found the
23 defendant guilty beyond a reasonable doubt (or to which defendant pleaded guilty),"
24 because then, "any due process concerns associated with imposing enhancements based on
25 this same conduct are correspondingly lower." *United States v. Lonich*, 23 F.4th 881, 913

26

27  _____
    [1]      In this case, appellate review would not be for plain error but *de novo*, because
28 Mr. Fortenberry explicitly invokes the "clear and convincing" standard.

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO
GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS

(9th Cir. 2022). Here, because Mr. Fortenberry was not convicted of abusing a position of trust or obstructing the administration of justice, this factor further bolsters the conclusion that due process requires applying the "clear and convincing" standard.

## III. CONCLUSION

The Court should strike or disregard the government's untimely PSR objections. In the alternative, it should overrule them on the merits.

Respectfully submitted,

Dated:  June 21, 2022

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

By: _/s/ Ryan V. Fraser_
    John L. Littrell
    Ryan V. Fraser
    *Attorneys for Jeffrey Fortenberry*

JEFFREY FORTENBERRY'S MOTION TO STRIKE & OPPOSITION TO GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS