John L. Littrell, State Bar No. 221601
jlittrell@bklwlaw.com
Ryan V. Fraser, State Bar No. 272196
rfraser@bklwlaw.com
BIENERT KATZMAN
LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel.: (949) 369-3700
Fax: (949) 369-3701

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>    *Defendant.* | Case No. 2:21-cr-491-SB<br>Hon. Stanley Blumenfeld, Jr.<br><br>**JEFFREY FORTENBERRY'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION TO STRIKE GOVERNMENT'S UNTIMELY PSR OBJECTIONS AND OPPOSITION TO GOVERNMENT'S REQUESTS FOR GUIDELINES ENHANCEMENTS**<br><br>Hearing Date:  June 28, 2022<br>Hearing Time:  8:00 a.m. |

1  By and through his counsel of record, Jeffrey Lane Fortenberry hereby applies *ex parte* for leave to file his Motion to Strike the Government's Untimely PSR Objections and Opposition to the Government's Requests for Guidelines Enhancements ("Motion to Strike and Opposition Brief," filed at Dkt. 216).

This *ex parte* application is based upon the Notice of the Motion to Strike and Opposition Brief, the Motion to Strike and Opposition Brief, the accompanying declaration, the files and records in this case, and any further argument the Court might permit.

Respectfully submitted,

Dated:  June 21, 2022         BIENERT KATZMAN
                              LITTRELL WILLIAMS LLP

                              By:  */s/ Ryan V. Fraser*
                                   John L. Littrell
                                   Ryan V. Fraser
                                   *Attorneys for Jeffrey Fortenberry*

---

1

JEFFREY FORTENBERRY'S UNOPPOSED EX PARTE APPLICATION FOR
LEAVE TO FILE MOTION TO STRIKE

## DECLARATION OF RYAN V. FRASER

I, Ryan V. Fraser, declare as follows:

1. I am an attorney at Bienert Katzman Littrell Williams LLP, counsel of record for defendant Jeffrey Lane Fortenberry in the case of *United States v. Fortenberry*, number 2:21-CR-00491-SB.

2. The presentence investigation report ("PSR") in this case was filed on May 24, 2022. The PSR recommends applying no enhancements to the base offense level under the United States Sentencing Guidelines ("Guidelines"). The PSR calculates an advisory custodial sentencing range of 0 to 6 months, which falls within Zone A of the Guidelines sentencing table.

3. Twenty-one days later, on June 14, 2022, at approximately 11:57 p.m., through the government's filing on CM/ECF at docket number 213, the government provided defense counsel for the first time the government's written objections to the PSR and written position regarding Guidelines sentencing enhancements.

4. Counsel for the parties met and conferred telephonically before the PSR regarding sentencing. This occurred on May 5, 2022. At that time, the government attorneys indicated that they saw the Guidelines custodial range as 6 to 12 months due to alleged enhancements for obstruction of justice and abuse of trust, but the government provided no supporting analysis and indicated that some of its views concerning sentencing, including regarding the custodial range under the Guidelines, were tentative.

5. The Court's Criminal Standing Order called for the parties to file sentencing memorandums by June 14, 2022.

6. The government's submission of written PSR objections in this case was untimely under the Federal Rules of Criminal Procedure and Local Criminal Rules. This deprived the defense of an opportunity to respond to those objections in a timely defense sentencing memorandum.

7. Defense counsel therefore seek leave to file a combined motion to strike the government's untimely PSR objections and brief opposing the government's requests for the Guidelines enhancements at issue.

8. Counsel for the respective parties met and conferred via email concerning the prospective submission by defense counsel of the Motion to Strike the Government's Untimely PSR Objections and Opposition to the Government's Requests for Guidelines Enhancements. Government counsel requested that defense counsel "note in [that] filing the following as the government's position (in bold)":

> **The government provided its position regarding the applicability of the two enhancements to both USPO (4/19) and defense counsel (5/5) long before the PSR was issued. USPO's original analysis in the PSR (Dkt. No. 207), the addendum (Dkt. No. 215), as well as the defense's anticipated opposition brief all address the government's positions on these enhancements. Accordingly, there has been no prejudice to the defense in its ability to respond or to the USPO in considering the government's position. The government does not object to the defense's request for leave to file an opposition brief addressing those enhancements.**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed electronically in Los Angeles County, California, on June 21, 2022.

　　　　　　　　　　　　　　　　　　　/s/ Ryan V. Fraser