John L. Littrell, State Bar No. 221601
BIENERT KATZMAN
LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
jlittrell@bklwlaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, vs. JEFFREY FORTENBERRY, Defendant. | Case No. 2:21-cr-00491-SB-1<br>Hon. Stanley Blumenfeld, Jr.<br><br>**DECLARATION OF JOHN L. LITTRELL** |
|---|---|

# DECLARATION OF JOHN L. LITTRELL

I, John L. Littrell, declare as follows:

1. I am a partner at Bienert Katzman Littrell Williams LLP and counsel for Jeffrey Lane Fortenberry, the defendant in this case. I submit this declaration in response to the Court's Order to Show Cause, Dkt. No. 225.

2. I was admitted to practice law in California in 2002. After a short period at a large law firm, I went on to serve as a law clerk for the Hon. A. Wallace Tashima on the Ninth Circuit Court of Appeals. In 2004, I started my career with the Federal Public Defender's Office for the Central District of California. I worked as a Deputy Federal Public Defender for about 12 years. I have been in private practice since 2017.

3. I have spent most of my legal career as a criminal defense attorney, primarily practicing in federal court. I have never been disciplined or censured.

4. I made a strategic decision to address the fact that Mr. Fortenberry chose not to testify during closing argument in this case. I knew there was a risk that commenting on Mr. Fortenberry's decision not to testify would open the door for the prosecution to comment on that choice too, which it otherwise could not have done. *See United States v. Robinson*, 485 U.S. 25, 32 (1988). This is what I meant when I told the Court that the "risk falls on the defense when we do that." Dkt. No. 225 at 2; *see also* Dkt. No. 204 at 244 ("[T]he risk of making that argument falls on the defense. I mean, that could potentially open the door for the Government to respond.").

5. I have made references in closing argument to my client's decision not to testify on several occasions in the past. The theme of my comments has generally been to emphasize that the decision to testify cannot be considered by the jury, but also to acknowledge the difficulty jurors may have in following that instruction, and to try to place the decision not to testify in context of the risks it places on the defendant. I do not believe any prosecutor has objected to those remarks until this case.

6. My intention in this case was to emphasize (1) that Mr. Fortenberry had already explained during his 2019 statements to FBI agents and prosecutors what he heard, understood, and remembered from the 2018 call from Dr. Ayoub, (2) that the explanation he gave in 2019 was credible, and (3) that because many years had passed, Mr. Fortenberry's testimony in 2022 would not have been more reliable than his statements in 2019. I did not mean that to suggest a fact that was unique to Mr. Fortenberry or to paraphrase the substance of testimony he would have given.

7. Almost twelve years ago, when I was a Deputy Federal Public Defender, I argued in closing that my client's testimony was unnecessary and risky considering the evidence presented at trial in *United States v. Williams*, No. 10-cr-535-PSG. But I took it a step further in that case by saying that I told my client not to testify. Although there was no objection, Judge Gutierrez pointed out after the closing that he thought my argument about what I told my client was improper. I agree. He was right.

8. I have not heard a judge comment on or criticize my remarks about the defendant's choice not to testify since Judge Gutierrez did so in 2010.

9. I was not thinking about Judge Gutierrez' comments as I was preparing my closing argument in this case. I did not write out a script. I rarely do. One risk of speaking without notes is that I may make an argument that is imprecise or poorly worded. That is what happened here. In hindsight, I see that my comments were inartful and capable of being interpreted as arguing facts not in the record.

10. In the process of responding to the Court's OSC I have reflected on my summation in this case and others. In hindsight, I understand that making any reference to the defendant's choice not to testify creates substantial risk to the defendant, which may outweigh the potential benefit. I also see how any attempt to explain or contextualize the defendant's choice not to testify is problematic because the specific

reasons for that choice are personal and different for each defendant and that any decision to comment on that could implicate facts that are not in the record.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of July 2022, at San Clemente California.

_____
John L. Littrell